℧JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| REGINA GREENE, Individually and on Behalf of All Others Similarly Situated | Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits and Wine, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robbins Geller Rudaman & Dowd L.L.P.
120 E. Palmetto Park Road, Suite 500, Boca Raton, FL 33432
Tel. 561/750-3000

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. §1332(d)(2). Violation of Florida Deceptive and Unfair Trade Practices Act and breach of express warranty.

LENGTH OF TRIAL via   7   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  5,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   Sept 2, 2011

FOR OFFICE USE ONLY

AMOUNT _____   RECEIPT # _____   IFP _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

| | | |
|---|---|---|
| REGINA GREENE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | COMPLAINT – CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL, LLC, and BEAM GLOBAL SPIRITS AND WINE, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Regina Greene ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against the herein named Defendants, and upon information and belief, except as to the allegations within Plaintiff's personal knowledge, alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of states different from Defendants. Further, the Class members all reside in a state other than the state in which Defendants are domiciled.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this District and because Defendants:

(a)     are authorized to conduct business in this District and has intentionally availed themselves of the laws and markets within this District through the promotion, marketing, distribution and sale of their products in this District;

(b)     conduct substantial business in this District; and

(c)     are subject to personal jurisdiction in this District.

### NATURE OF THE ACTION

3.     This class action seeks redress for Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits and Wine, Inc. (collectively "Skinny Girl" or "Defendants") false, deceptive, and misleading advertising campaign. Herein, Plaintiff alleges violations of the Florida statutory law and multi-state common law against Defendants on behalf of Plaintiff and the Class.

4.     In early 2009, TV star and business woman Bethenny Frankel ("Frankel") launched the Skinny Girl Brand.  In early 2010, Skinnygirl Margarita ("Skinnygirl Margarita" or "Margarita") was launched, with its well known signature Margarita, a 100 calorie, ready-to-drink product. Frankel began to manufacture, market, and sell Skinnygirl Margarita throughout the United States.

5.     Frankel, via Skinny Girl Cocktails, LLC, promoted and marketed Skinny Girl Margarita as being All Natural.  In fact, Frankel is a celebrity and a natural foods chef who has appeared on cooking programs such as The Apprentice, Martha Stewart and was one of the original housewives on The Real Housewives of New York City which is the most watched Bravo Series of all time.  Frankel also travels the United States speaking on the topics which include natural foods.[1]

---

[1]    "Bravo spinoff 'Real Housewives of New York City' debuts in March"; http://www.nydailynews.com/entertainment/tv/2008/01/14/2008-01-14_bravo_spinoff_real_housewives_of_new_yor-1.html.;^ "Ratings: Bethenny Getting Married? the Most-Watched Series Debut in Bravo History" (last visited September 1, 2011).

6.      In 2009, Frankel's first book, <u>Naturally Thin: Unleash Your SkinnyGirl and Free Yourself from a Lifetime of Dieting</u> was published.  In December 2009, her second book, <u>The Skinny Girl Dish: Easy Recipes for Your Naturally Thin Life</u> was released.

7.      As a result of a massive marketing campaign when the public hears the name Frankel and the brand Skinny Girl, the perception is All Natural!  Defendants' are aware of this and they have capitalized on it.  By 2011, sales were expected to be 100,000 cases of Margaritas per year, and corporate America took notice!  In early 2011, Beam Global Spirits and Wine, Inc. purchased the Skinny Girl Brand for 120 Million Dollars.  Of course, it was no surprise that Frankel would remain heavily involved in promoting the product.[2]

8.      Defendants' deceptive advertising campaign claims that Skinnygirl Margarita is made with completely All Natural ingredients begins the moment you see the bottle.  Indeed, the representation that the product is All Natural is displayed on the front of the bottle:



_____

[2]      http://online.wsj.com/article/SB10001424052748703292304576212753282875140.html (last visited September 1, 2011).

9.      Defendants disseminated its deceptive marketing claims throughout the United States, including in the State of Florida.

10.     On or about September 1, 2011, Whole Foods, ceased selling the Skinnygirl Margarita because it was discovered they really were not All Natural.  In response to Whole Foods actions, Skinnygirl revealed that the ingredients in the Margaritas were not All Natural as the Margaritas contained sodium benzoate.

11.     Despite Defendants' own admission that Skinny Girl Margaritas are not All Natural, Defendants continue to mislead the American public by advertising and selling Skinnygirl  Margarita as All Natural.

12.     In reliance on Defendants' deceptive and misleading advertising and marketing campaign, Plaintiff, and the Florida consumers she seeks to represent, purchased Skinnygirl Margaritas and have been harmed, *inter alia*, in the amount of the purchase price of the Skinnygirl Margarita.

## PARTIES

13.      Plaintiff Regina Greene is a citizen of Florida and  an individual consumer residing in Broward County, Florida, who, during the proposed class period, purchased Skinnygirl Margarita in  Broward County, Florida.  Plaintiff did not receive the benefit of her bargain in each purchase of Skinnygirl Margarita.  Plaintiff further paid a price premium for each purchase of Skinnygirl Margarita.

14.     Defendant Skinny Girl Cocktails, LLC, is and at all times relevant was, a limited liability company organized under the laws of the state of Delaware with its headquarters and principal place of business at 35 E 85th St. Apt 2D, New York, New York, 10014.

15.     Defendant SGC Global, LLC is, and at all relevant times was, a limited liability company organized under the laws of the Delaware with its principal place of business at 35 E 85th St. Apt 2D, New York, New York, 10014.

16.     Defendant Beam Global Spirits and Wine, Inc. is, and at all relevant times was, a corporation organized under the laws of the state of Delaware with its headquarters and principal place of business at 510 Lake Cook Rd., Deerfield, IL 60015.

17.     At all times alleged herein, Defendants Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits and Wine, Inc. (collectively, "Skinny Girl" or "Defendant") included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents representatives.

18.     At all times relevant hereto, Skinny Girl acted through its agents and employees, and the acts of its agents and employees were within the scope of their agency and employment.  The policies and practices alleged in this complaint were, on information and belief, set or ratified at Skinny Girl's highest corporate levels.

19.     At all relevant time hereto, Skinny Girl was in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing Margaritas into interstate commerce throughout the United States, including the State of Florida and every other state, either directly or indirectly through third parties, subsidiaries, or related entities.

## SUBSTANTIVE ALLEGATIONS

20.     Since 2010, Defendants have marketed, promoted, and sold its Skinnygirl Margarita throughout the United States.  Through an extensive marketing campaign *via* print, online and in-store advertisements, Defendants claim that the Skinnygirl Margaritas are All Natural.

- 5 -

21.     The Defendants market the front of the Margaritas in a package with a front label containing the phrase "All Natural."  The following is a picture of the front of the bottle for the Skinnygirl Margarita:



22.     Defendants market their Margaritas as a product with all natural ingredients.  The Defendants currently markets two alcoholic beverage products, Skinnygirl Sangria and Skinnygirl Margarita as products with all natural ingredients with the intention of having consumers associate its Margaritas as the only Margaritas that contains all natural ingredients.

23.     In fact, the Skinny Girl website states the following about the Margaritas in attempts to have consumers associate the Margaritas as an all natural product:[3]

> "Everyone loves margaritas, but no one wants the guilt or the calories.  That's why I created the Skinnygirl Margarita.  At only 100 calories for a full 4 oz serving, natural flavors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequila, Skinny girl is the margarita you can trust."
> Bethenny Frankel
>
> Bethenny Frankel is a renowned natural foods chef and mixologist, author of the New York Times Bestseller "Naturally Thin," star of Bethenny Ever After…and expert in making delicious lower calories versions of food and cocktails.

---

[3]     http://www.skinnygirlcocktails.com/about-skinnygirl-margarita.php (last visited September 1, 2011).

Knowing that restaurant margaritas and cocktails are high in calories, high fructose corn syrup, preservatives and more, Bethenny saw an opportunity: create a low-calories, naturally prepared margarita for people like her, who are concerned about calories and ingredients, but still want the delicious margarita taste they love.

Bethenny's Skinnygirl Margarita combines clear tequila, the juice from three lime wedges and a tiny splash of Triple Sec."

24.    Despite the Defendants' assertions to the contrary, Skinny Girl is not a name you can trust because absent from the Defendants' website is a statement that the Margaritas contain the unnatural preservative sodium benzoate.

25.    On March 21, 2011, Bethenny Frankel was interviewed by the Wall Street Journal and in discussing Skinnygirl Margarita, Ms. Frankel said, "…her margarita has only natural ingredients, with no preservatives or artificial colors; it is lightly sweetened with agave nectar."[4]

26.    When the public thinks of Frankel and the Skinny Girl Brand, the perception is All Natural!  Defendants are aware of that and they capitalized on it.  By 2011, sales were expected to be 100,000 cases of Margaritas per year, and corporate America took notice!  In early 2011, Beam Global Spirits and Wine, Inc. purchased the Skinny Girl Brand for 120 Million Dollars.  Of course, it was no surprise that Frankel would remain heavily involved in promoting the product.[5]

27.    On or about September 1, 2011, Whole Foods, a retail seller of the Margaritas revealed that it would discontinue the sale of the Margaritas because the Margaritas were not all natural.[6]

---

[4]      *Id*.

[5]      http://online.wsj.com/article/SB10001424052748703292304576212753282875140.html (last visited September 1, 2011).

[6]      http://www.foxnews.com/entertainment/2011/09/02/whole-foods-removes-bethenny-frankels-product-from-shelves-over-toxic/ (last visited September 1, 2011).

28.     In response to Whole Foods decision to discontinue selling the Margaritas, the Defendants revealed that "Skinnygirl Margarita contains very low levels of sodium benzoate (a preservative) so it can stay on the shelves."[7]

29.     Sodium benzoate is a preservative which is bacteriostatic and fungistatic under acidic conditions.  It is most widely used in acidic foods and is also used as a preservative in medicines and cosmetics.[8]

30.     When Sodium Benzoate is combined with Vitamin C, it creates Benzene which is a known carcinogen.  In fact, the FDA reopened a study on Benzene and discusses the relationship between sodium benzoate and Vitamin C.[9]

31.     The Defendants' revelation was news to the Plaintiff and the members of the Class as they purchased the Margaritas based upon the Defendants' specific representations that the Margaritas contained all natural ingredients.  Simply put, the Plaintiff had been duped into purchasing a product that she was told contained all natural ingredients that actually contained the unnatural ingredient sodium benzoate.

32.     In response to the claims the Margaritas were not All Natural, Bethenny Frankel herself said, "I'm not making wheatgrass here. If I could put an agave plant and some limes on a

---

[7]     http://www.tmz.com/2011/09/01/whole-foods-bethenny-frankel-skinnygirl-cocktails-ingredients-organic-supermarket-natural-agave/ (last visited September 1, 2011).

[8]     http://www.cosmeticsdatabase.com/product.php?prod_id=49779 (last visited September 1, 2011).

[9]     http://www.nutraingredients-usa.com/Industry/FDA-re-opens-probe-into-benzene-contamination-of-soft-drinks (last visited on September 1, 2011).

shelf I would.  [The Skinnygirl Margarita] is as close to nature as possible, while still being a shelf-stable product." [10]

33.     When the public thinks of Frankel and the Skinny Girl Brand, the perception is All Natural.  In 2009, Frankel's first book, <u>Naturally Thin: Unleash Your SkinnyGirl and Free Yourself from a Lifetime of Dieting</u>, was published.  In December 2009, her second book, <u>The SkinnyGirl Dish: Easy Recipes for Your Naturally Thin Life</u> was released.

34.     Defendants' deceptive and misleading marketing campaign was exceptionally successful.  By 2011, sales were expected to be 100,000 cases of Margaritas per year, and corporate America took notice!  In early 2011,  Beam Global Spirits and Wine, Inc. purchased the Skinny Girl Brand for 120 Million Dollars. Of course, it was no surprise that Frankel would remain heavily involved in promoting the product.

35.     Despite Defendants' own admission that Skinny Girl is not  All Natural , Defendants continues to advertise its  Skinny Girl Margaritas  as All Natural, thereby continuing to profit off their false and deceptive marketing campaign with impunity.

36.     The Plaintiff purchased Margaritas instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients.

37.     Money is at stake.  Skinnygirl Margarita is marketed as a premium consumer product.

38.     At K&D Wines and Spirits, FL, a 750-milliliter bottle of Skinnygirl Margarita  costs $14.99, while the a 750-milliliter bottle of Jose Cuervo Light Margarita Mix costs $12.69.

39.     All purchasers of the Defendants' Margaritas have been deceived by the Defendants as they have received a product that did not contain all natural ingredients.  All purchasers, thus,

---

[10]     http://www.accesshollywood.com/access-exclusive-bethenny-frankel-not-losing-a-wink-of-sleep-over-skinnygirl-cocktail-controversy_article_52936 (last Visited September 1, 2011).

pay a price premium for this deceptively advertised product.  With this lawsuit, Plaintiff seeks to recover these ill-gotten gains from Defendants on behalf of herself and all purchasers -- either in terms of the unlawful price premium Plaintiff and the Class have paid or, alternatively, in terms of the entire purchase price of the products Plaintiff and the Class have paid.  Plaintiff also seeks other damages, equitable and injunctive relief as further described herein.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this lawsuit on behalf of herself and the proposed class members (the "Class")  under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The proposed classes consists of:

*(a) Florida Class: All persons who purchased any Skinnygirl Margarita in the State of Florida;*

*(b) Multistate Class: All persons who purchased any Skinnygirl Margarita in the United States.*

41.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the class may be expanded or narrowed by amendment or amended complaint.

42.     Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

43.     *Numerosity*.  The members of the Class are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff alleges that the Class contains many thousands

- 10 -

of members.  The precise number of class members is unknown to Plaintiff.  The true number of class members is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, or published notice.

44.     ***Existence and predominance of common questions of law and fact.***  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual class members.  These common legal and factual questions include, but are not limited to, the following:

(a)   Whether Defendants had adequate substantiation for their claims prior to making them;

(b)   Whether Defendants knew that its representations were false but continued to disseminate them;

(c)   Whether Defendants' claims are true, misleading, or reasonably likely to deceive;

(d)   Whether Defendants engaged in false or deceptive advertising;

(e)   Whether Defendants violated Fla. Stat. §§ 817.41-45;

(f)   Whether Defendants' conduct constitutes violations of the Florida Deceptive and Unfair Trade Practices Act;

(g)   Whether Defendants breached an express warranty to Plaintiff and the Class;

(h)   Whether Plaintiff and the Class have sustained monetary loss and the proper measure of that loss;

(i)   Whether Plaintiff and the Class are entitled to punitive damages; and

(j)   Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

**45.**     *Typicality.*  Plaintiff's claims are typical of the claims of the members of the class in that Defendants deceived Plaintiff in the very same manner as it deceived each member of the Class.

**46.**     *Adequacy of representation.*  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

**47.**     *Superiority.*  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

**48.**     In the alternative, the class may also be certified because:

(a)  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct for the defendant;

(b)   The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)   Defendants has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

49.   The claims asserted herein are applicable to all customers throughout the United States who purchased Skinnygirl Maragrita.

50.   Adequate notice can be given to class members directly using information maintained in Defendants' or its direct purchasers' records, or through notice by publication.

51.   Damages may be calculated, in part, from the sales information maintained in Defendants' records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiff and the Class is not a barrier to class certification.

52.   Unless a class is certified, Defendants will retain monies received as a result of their conduct that was taken from Plaintiff and the Class.  Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged herein, and the Class will continue to be deceived.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**For Violations of the Florida Deceptive and Unfair Trade Practices Act,
Florida Statutes Section 501.201, *et seq.*
On Behalf of Plaintiff and the Florida Class**

53.     Plaintiff realleges and incorporates by reference the allegations contained in the above referenced paragraphs as if fully set forth herein.

54.     This cause of action is brought on behalf of the Florida Class pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201, *et seq*. (the "Act").  The stated purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. §501.202(2).

55.     Plaintiff is a consumer as defined by Fla. Stat. §501.203.  The Products are goods within the meaning of the Act.  Defendants are engaged in trade or commerce within the meaning of the Act.

56.     Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

57.     Fla. Stat. §501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act."  Defendants' unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. §500.04 and 21 U.S.C. §343.

58.      Defendants have violated the Act by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

59.      Plaintiff and the Florida Class have been aggrieved by Defendants' unfair and deceptive practices in that they paid for these Products after exposure to the false and misleading advertising.

60.      The damages suffered by Plaintiff and the Florida Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendants, as more fully described herein.

61.      Pursuant to Fla. Stat. §501.211(1), Plaintiff and the Florida Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

62.      Additionally, pursuant to Fla. Stat. §§501.211(2) and 501.2105, Plaintiff and the Florida Class make claims for damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Misleading Advertising, Florida Statutes Sections 817.41, *et seq.*
### On Behalf of Plaintiff and the Florida Class

63.      Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

64.      This cause of action is brought on behalf of the Florida Class pursuant to Fla. Stat. §§817.41, *et seq.* (the "Advertising Act"), which makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement."  Fla. Stat. §817.41(1).

65.     Fla. Stat. §817.40 defines misleading advertisements as:

> [A]ny statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services. Fla. Stat. §817.40(5).

66.     Defendants have violated the Advertising Act by disseminating misleading advertisements in connection with the unfair and deceptive practices as described herein.

67.     Specifically, Defendants knew that the representations, as set forth above, as to its Products were false, but continued to make these representations in order to profit off of consumers' deception.

68.     In so doing, Defendants disseminated various advertisements to the public, which were false and misleading, knowing that these representations were false.

69.     Thus, Defendants' advertisements constitute misleading advertisements in violation of the Advertising Act.

70.     Plaintiff and the Florida Class have been aggrieved by Defendants' unfair and deceptive practices in that they paid for Products and services.

71.     The damages suffered by Plaintiff and the Florida Class were directly and proximately caused by Defendants' misleading advertisements, as more fully described herein.

72.     Moreover, pursuant to Fla. Stat. §817.41(5), Plaintiff and the Florida Class seek punitive damages, as well as attorneys' fees and costs.

73.     All conditions precedent to this claim have been waived or satisfied.

## THIRD CAUSE OF ACTION

### Breach of Express Warranty
### On Behalf of Plaintiff, the Florida Class and the Multistate Class

74.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

75.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased the Products.  The terms of that contract include the promises and affirmations of fact made by Defendants on their product labels and through their marketing campaign, as described above.  This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

76.     All conditions precedent to Defendants' liability under this contract, including notice, has been performed by Plaintiff and the Class.

77.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the product which could provide the benefits described above.

78.     As a result of Defendants' breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Products they purchased.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment
### On Behalf of Plaintiff, the Florida Class, and the Multistate Class

79.     Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 52 as if fully set forth herein.

80.     This Count is brought in the alternative.  *See* Fed. R. Civ. P. 8(e)(2).

- 17 -

81.     Plaintiff, the Florida Class and Multistate Class conferred a benefit upon Defendants by paying for a product with benefits that could not be provided or delivered.

82.     Defendants voluntarily accepted and retained the benefit of the monies paid by Plaintiff, the Florida Class and Multistate Class.

83.     Defendants have been enriched, at the expense of Plaintiff, the Florida Class and Multistate Class, by retaining monies from Product purchasers for benefits which they did not provide.

84.     Plaintiff and the other members of the Florida Class and Multistate Class who have paid for benefits that could not be provided or delivered by Defendants have been damaged as a result of Defendants' unjust enrichment and are entitled to a refund, plus interest thereupon.

85.     As a direct and proximate result of Defendants' misconduct, Plaintiff, the Florida Class and the Multistate Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement in the amount necessary to restore them to the position they would have been in if Defendants have not retained monies for benefits which they could not provide or deliver.

86.     Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

A.      Certifying the Florida Class and the Multistate Class as requested herein, appointing Regina Greene as Class Representative, and appointing Robbins Geller Rudman & Dowd LLP, lead counsel;

B.      Awarding Plaintiff and the proposed Class members damages, including punitive damages;

C.      Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.      Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.      Ordering Defendants to engage in a corrective advertising campaign;

F.      Awarding attorneys' fees and costs; and

G.      Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  September 2, 2011                    ROBBINS GELLER RUDMAN & DOWD LLP
                                             STUART A. DAVIDSON
                                             Florida Bar No. 084824
                                             CULLIN A. O'BRIEN
                                             Florida Bar No. 597341
                                             MARK J. DEARMAN
                                             Florida Bar No. 982407


                                                     *s/ Mark Dearman*
                                             ———————————————————
                                                      Mark Dearman

                                             120 East Palmetto Park Road, Suite 500
                                             Boca Raton, FL  33432
                                             Telephone:  561/750-3000
                                             561/750-3364 (fax)
                                             sdavidson@rgrdlaw.com
                                             cobrien@rgrdlaw.com
                                             mdearman@rgrdlaw.com

Walden Law Firm, PLLC
10121 N. Rodney Parham #5
Little Rock, AR 72227
Ark. Bar No. 2006069
Telephone:  501/907-7000
888/220-7933 (fax)
rwalden@waldenlawfirm.com

Attorneys for Plaintiff and the Class

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
|  | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

 A lawsuit has been filed against you.

 Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify)*:

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| REGINA GREENE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL, LLC, and BEAM GLOBAL SPIRITS AND WINE, INC. | ) ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SGC Global, LLC
ATTN: DAVID KANBAR
35 E. 85th Street
Apt. 2d
New York, NY 10028

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robbins Geller Rudman & Dowd LLP
120 E Palmetto Park Road
Suite 500
Boca Raton, FL 33432

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| REGINA GREENE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| *Plaintiff* | ) | Civil Action No. |
| v. | ) | |
| SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL, LLC, and BEAM GLOBAL SPIRITS AND WINE, INC. | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BEAM GLOBAL SPIRITS AND WINE, INC.
Attn: MATTHEW J. SHATTOCK
510 Lake Cook Road
Deerfield, IL 60015-4971

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robbins Geller Rudman & Dowd LLP
120 E Palmetto Park Road
Suite 500
Boca Raton, FL 33432

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: