**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:11-cv-61965-KMW**

REGINA GREENE, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,

    vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL
SPIRITS AND WINE, INC.,

                Defendants.

Jury Trial Demanded

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF BEAM GLOBAL SPIRITS & WINE LLC**

Defendant, Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits &
Wine, Inc. ("Beam Global") hereby files its Answer and Affirmative Defenses to the Complaint.

**GENERAL ANSWER**

Beam Global states that it responds to these allegations only on behalf of itself and not on
behalf of any other entity. All allegations are denied unless specifically admitted, and any
factual averment is admitted only as to the specific facts and not as to any conclusions,
characterizations, implications, or speculations contained in the averment or in the Complaint as
a whole.

The Complaint contains numerous quotations and references that purport to be excerpts
from various identified and unidentified sources and documents. The documents allegedly
referred to in the Complaint have not been provided by the Plaintiff. Accordingly, Beam Global
is unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To

the extent that Beam Global states that a document or other material referenced in the Complaint speaks for itself, or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiff's characterization of such documents or other material is accurate. Beam Global reserves its right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam Global does not admit the authenticity of any documents from which quotations were taken or references were made, and reserves the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

## SPECIFIC ANSWER

1.      The first sentence of Paragraph 1 of the Complaint contains legal conclusions as to which no answer is required. Beam Global denies each and every allegation contained in the second sentence of Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action as a class action, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action. Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 1 of the Complaint that the putative class members are all residents of states other than the state in which Defendants are domiciled, except denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

2.      Paragraph 2 of the Complaint contains legal conclusion to which no answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Beam Global, is authorized to and conducts business in the Southern District of Florida.

2

3.     Beam Global denies each and every allegation contained in the first sentence of Paragraph 3, except admits that Plaintiff purports to assert the claims stated therein.  Beam Global denies that such claims have merit.

4.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.     Beam Global denies each and every allegation contained in Paragraph 7 of the Complaint, except Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence therein and states that Jim Beam purchased Skinnygirl Margarita in March 2011.

8.     Beam Global denies each and every allegation contained in Paragraph 8 of the Complaint, except states that the picture included in Paragraph 8 of the Complaint speaks for itself as to its content.

9.     Beam Global denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except admits that Skinnygirl Margarita contains a minute amount of sodium benzoate.

11.     Beam Global denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     Beam Global denies each and every allegation contained in Paragraph 12 of the Complaint.

13.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 13 of the Complaint.  Beam Global denies each and every allegation contained in the second sentence of Paragraph 13. Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 13.

14.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Beam Global denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that it is a limited liability company organized under the laws of the state of Delaware with its headquarters and principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.

17.     Beam Global states that Paragraph 17 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

18.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except admits that Jim Beam has marketed and promoted Skinnygirl Margarita, and sold Skinnygirl Margarita to distributors, in the United States, since on or about March 17, 2011, and states that any advertisements regarding Skinnygirl Margaritas speak for themselves as to their content.

21.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, except admits that the bottle for Skinnygirl Margarita has included the words "All Natural," and states that the picture of the bottle included in Paragraph 21 of the Complaint speaks for itself as to its content.

22.     Beam Global denies each and every allegation contained in Paragraph 22 of the Complaint, except states that the marketing for Skinnygirl Margarita and Skinnygirl Sangria speaks for themselves as to their content.

23.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, except states that the Skinny Girl website, including the website as it appeared on September 1, 2011, speaks for itself as to its content.

24.     Beam Global denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Beam Global denies each and every allegation contained in Paragraph 26 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first and third sentences therein and states that Jim Beam purchased Skinnygirl Margarita in March 2011.

27.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Beam Global denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that Skinnygirl Margarita contains a minute amount of sodium benzoate.

29.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admits that sodium benzoate is permitted for use as a preservative in foods by the U.S. Food and Drug Administration.

30.     Beam Global denies each and every allegation contained in the first sentence of Paragraph 30 of the Complaint.  Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 30 of the Complaint.

31.     Beam Global denies each and every allegation contained in Paragraph 31 of the Complaint.

32.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Beam Global denies each and every allegation contained in Paragraph 34 of the Complaint, except Beam Global lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the second sentence therein and states that Jim Beam purchased Skinnygirl Margarita in March 2011.

35.     Beam Global denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Beam Global denies each and every allegation contained in Paragraph 36 of the Complaint.

37.     Beam Global denies each and every allegation contained in Paragraph 37 of the Complaint.

38.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Beam Global denies each and every allegation contained in Paragraph 39 of the Complaint, and specifically denies that plaintiff is entitled to any relief whatsoever.

40.     Beam Global denies each and every allegation contained in Paragraph 40 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

41.     Beam Global denies each and every allegation contained in Paragraph 41 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

42.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Beam Global denies each and every allegation contained in Paragraph 43 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

44.     Beam Global denies each and every allegation contained in Paragraph 44 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

45.     Beam Global denies each and every allegation contained in Paragraph 45 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

46.     Beam Global denies each and every allegation contained in Paragraph 46 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the experience of Plaintiff's counsel.  Beam Global admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

47.     Beam Global denies each and every allegation contained in Paragraph 47 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

48.     Beam Global denies each and every allegation contained in Paragraph 48 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

49.     Beam Global denies each and every allegation contained in Paragraph 49 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

50.     Beam Global denies each and every allegation contained in Paragraph 50 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

51.     Beam Global denies each and every allegation contained in Paragraph 51 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification, and further denies that Plaintiff and the putative class members are entitled to any relief whatsoever.

52.     Beam Global denies each and every allegation contained in Paragraph 52 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

53.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Fla. Stat. §§ 501.201, *et seq.* speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 54 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to Fla. Stat. §§ 501.201, *et seq.*, but denies that Plaintiff is entitled to recovery pursuant to that statute.

55.     Fla. Stat. § 501.203, speaks for itself, and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 55 of the Complaint.

56.    Fla. Stat. § 501.204(1) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 56 of the Complaint.

57.    Fla. Stat. § 501.204(2) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 57 of the Complaint.

58.    Beam Global denies each and every allegation contained in Paragraph 58 of the Complaint.

59.    Beam Global denies each and every allegation contained in Paragraph 59 of the Complaint.

60.    Beam Global denies each and every allegation contained in Paragraph 60 of the Complaint.

61.    Fla. Stat. § 501.211(1) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 61 of the Complaint, except admits that Plaintiff and the putative Florida Class seek, pursuant to Fla. Stat. § 501.211(1), the relief described, but denies that Plaintiff or the putative Florida class are entitled to any such recovery.

62.    Fla. Stat. §§ 501.211(2) and 501.2105 speak for themselves and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 62 of the Complaint, except admits that Plaintiff and the putative Florida Class seek the relief described, but denies that Plaintiff or the putative Florida Class are entitled to any such recovery.

## SECOND CAUSE OF ACTION

63.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

64.     Fla. Stat. §§ 817.41, *et seq.* speaks for itself, and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 64 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to Fla. Stat. §§ 817.41, *et seq.*, but denies that Plaintiff, or the putative Florida class, is entitled to recovery.

65.     Fla. Stat. § 817.40 speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 65 of the Complaint.

66.     Beam Global denies each and every allegation contained in Paragraph 66 of the Complaint.

67.     Beam Global denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     Beam Global denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     Beam Global denies each and every allegation contained in Paragraph 69 of the Complaint.

70.     Beam Global denies each and every allegation contained in Paragraph 70 of the Complaint.

71.     Beam Global denies each and every allegation contained in Paragraph 71 of the Complaint.

72.     Fla. Stat. § 817.41(5) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam Global denies each and every allegation contained in Paragraph 72 of the Complaint, except admits that Plaintiff and the putative Florida Class seek the relief described, but denies that Plaintiff or the putative Florida Class is entitled to any such recovery.

73.     Beam Global denies each and every allegation contained in Paragraph 73 of the Complaint.

### THIRD CAUSE OF ACTION

74.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

75.     Beam Global denies each and every allegation contained in Paragraph 75 of the Complaint.

76.     Beam Global denies each and every allegation contained in Paragraph 76 of the Complaint.

77.     Beam Global denies each and every allegation contained in Paragraph 77 of the Complaint.

78.     Beam Global denies each and every allegation contained in Paragraph 78 of the Complaint.

### FOURTH CAUSE OF ACTION

79.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

80.     Beam Global states that Fed. R. Civ. P. 8(e)(2) speaks for itself and, thus, no response is required to Paragraph 80 of the Complaint.

81.     Beam Global denies each and every allegation contained in Paragraph 81 of the Complaint.

82.     Beam Global denies each and every allegation contained in Paragraph 82 of the Complaint.

83.     Beam Global denies each and every allegation contained in Paragraph 83 of the Complaint.

84.     Beam Global denies each and every allegation contained in Paragraph 84 of the Complaint.

85.     Beam Global denies each and every allegation contained in Paragraph 85 of the Complaint.

86.     Beam Global denies each and every allegation contained in Paragraph 86 of the Complaint.

## PRAYER FOR RELIEF

AS TO PLAINTIFF'S PRAYER FOR RELIEF Beam Global denies that Plaintiff is entitled to any of the relief sought under any of the claims she asserts in the Complaint.

## JURY DEMAND

AS TO PLAINTIFF'S DEMAND FOR JURY TRIAL, Beam Global likewise demands a jury trial in this action for all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Plaintiff's and putative class members' claims alleged in the Complaint may not be

properly certified or maintained as a class action.

### THIRD DEFENSE

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

### FOURTH DEFENSE

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principals of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

### FIFTH DEFENSE

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

### SIXTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the Florida Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

### SEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam Global (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably

relied upon by Plaintiff or the and putative class members.

### EIGHTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### NINTH DEFENSE

Plaintiff and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

### TENTH DEFENSE

Plaintiff and putative class members may not recover under a theory of unjust enrichment because Plaintiff and putative class members have failed to allege any cognizable "enrichment" of Beam Global.

### ELEVENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

### TWELFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any Beam brand products (including any packaging or labeling of its products) are, and always have been, in compliance with all applicable governmental regulations at the time such products were manufactured, packaged, labeled, and sold.

## FOURTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## FIFTEENTH DEFENSE

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably should have been aware, that products often contain a minute amount of sodium benzoate.

## SIXTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam Global because Beam Global did not owe a legal duty to Plaintiff and putative class members or, if Beam Global owed a legal duty to Plaintiff and putative class members, Beam Global did not breach that duty.

## SEVENTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam Global.

## EIGHTEENTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam Global.

## NINETEENTH DEFENSE

To the extent Plaintiff and putative class members allege that they were injured or

damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam Global had no control and for which Beam Global is not legally responsible.

## TWENTIETH DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and Beam Global is not jointly and severally liable with any other Defendant or any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

## TWENTY-FIRST DEFENSE

To the extent that the laws of other jurisdictions apply, Beam Global invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

## TWENTY-SECOND DEFENSE

Beam Global adopts and incorporates by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam Global.

## TWENTY-THIRD DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global if performed at all, were done in good faith and/or were privileged or justified.

## TWENTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were

performed in accordance with business necessity and for legitimate reasons.

### TWENTY-FIFTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

### TWENTY-SIXTH DEFENSE

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam Global is entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

### TWENTY-SEVENTH DEFENSE

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the Florida Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam Global of procedural and substantive safeguards, including traditional defenses to liability.

### TWENTY-EIGHTH DEFENSE

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

### TWENTY-NINTH DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

### <u>RESERVATION OF DEFENSES</u>

Beam Global hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.  Beam Global also reserves its right to assert other and related defenses as may become available in the event of a determination that this action, or

some part thereof, is governed by the substantive law of a state other than Florida. Beam Global intends to require Plaintiff to carry her burden of proof on every element of Plaintiff's claims. Beam Global therefore reserves the right to assert by motion or at trial denials as to Plaintiff's ability to prove the required elements of her claims. In the event that any affirmative defense asserted by Beam Global is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam Global on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Beam Global prays that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam Global; that Beam Global recover its attorneys' fees and expenses; and that Beam Global have such other and further relief as this Court deems just and proper.

Dated:  October 28, 2011

**Of Counsel:**

BY:  *s/Benjamine Reid*

Mary Yelenick BENJAMINE REID
Donald Strauber Florida Bar No.: 183522
Chadbourne & Parke LLP AMY LANE HURWITZ
30 Rockefeller Plaza Florida Bar No. 0343810
New York, NY 10112 CARLTON FIELDS, P.A.
Telephone No.:  (212) 408-5100 100 S.E. 2nd Street, Suite 4200
Miami, Florida  33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
Email: breid@carltonfields.com

*Attorneys for Defendant Beam Global Spirits & Wine LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

ROBBINS GELLER RUDMAN &
DOWD LLP
Stuart A. Davidson
Florida Bar No. 084824
sdavidson@rgrdlaw.com
Cullin A. O'Brien
Florida Bar No. 597341
cobrien@rgrdlaw.com
Mark J. Dearman
Florida Bar No. 982407
mdearman@rgrdlaw.com
120 East Palmetto Park Road
Suite 500
Boca Raton, FL  33432
Telephone:      (561) 750-3000
Facsimile:      (561) 750-3364

*Attorneys for Plaintiff and the putative Class Members*

WALDEN LAW FIRM, PLLC
rwalden@waldenlawfirm.com
10121 N. Rodney Parham #5
Little Rock, AR  72227
Telephone:      (501) 907-7000
Telefax:         (888) 220-7933

*Attorneys for Plaintiff and the putative Class Members*

BY:   *s/Amy Lane Hurwitz*
        AMY LANE HURWITZ

21278567.1

20