UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

   vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC and BEAM GLOBAL
SPIRITS AND WINE, INC.,

                Defendants.

_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

## TABLE CONTENTS

**PAGE**

I. INTRODUCTION TO THE UNDISPUTED MATERIAL FACTS ...................................... 1

II. STANDARD OF REVIEW ................................................................................................ 5

III. MEMORANDUM OF LAW ............................................................................................... 6

    A. Sodium Benzoate Is an Unnatural Synthetic Preservative ............................................ 6

    B. Plaintiff Is Entitled to Summary Judgment on Her FDUTPA Claim ............................ 6

    C. Plaintiff Is Entitled to Summary Judgment on Her Misleading Advertising Claim ... 10

    D. Plaintiff Is Entitled to Summary Judgment on Her Express Warranty Claim ............ 11

    E. Plaintiff Is Entitled to Summary Judgment on the Unjust Enrichment Claim ............ 13

IV. CONCLUSION .................................................................................................................. 14

## **TABLE OF AUTHORITIES**

**CASES** **PAGE**

*Bill Branch Chevrolet, Inc. v. Burkert*,
   521 So. 2d 153 (Fla. 2d DCA 1988) ....................................................................................... 11

*Davis v. Powertel, Inc.*,
   776 So. 2d 971 (Fla. 1st DCA 2000) ........................................................................................ 7

*Fitzpatrick v. General Mills,*
   635 F.3d 1279 (11th Cir. 2011) ............................................................................................ 7, 8

*Hoskins v. Jackson Grain Co.*,
   63 So. 2d 514 (Fla. 1953) ....................................................................................................... 12

*In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*,
   MDL No. 2306, 2011 WL 6288398 (J.P.M.L. Dec. 14, 2011) ................................................ 5

*Kregler v. City of New York*,
   No. 08 CIV. 6893 VM, 2011 WL 5116640 (S.D.N.Y. Oct. 26, 2011) ..................................... 5

*Mangravite v. University of Miami*,
   No. 10-22895-CV-JLK, 2011 WL 6140738 (S.D. Fla. Dec. 9, 2011) ...................................... 6

*Melanson v. U. S.*,
   256 F. 783 (5th Cir. 1919) ........................................................................................................ 6

*Merkle v. Health Options, Inc.*,
   940 So. 2d 1190 (Fla. 4th DCA 2006) ................................................................................... 13

*Romano v. Motorola, Inc.*,
   No. 07-CIV-60517, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007) .................................. 13, 14

*Samuels v. King Motor Co.*,
   782 So. 2d 489 (Fla. 4th DCA 2001) ....................................................................................... 7

*Smith v. Wm. Wrigley Jr. Co.*,
   663 F. Supp. 2d 1336 (S.D. Fla. 2009) ............................................................................... 7, 12

*Third Party Verification, Inc. v. Signaturelink, Inc.*,
   492 F. Supp. 2d 1314 (M.D. Fla. 2007) ................................................................................. 10

**STATUTES, RULES AND REGULATIONS**

Florida Statutes
    §501.201 ................................................................................................................................6
    §501.202 ................................................................................................................................7
    §501.204(2) ...........................................................................................................................7
    §817.41 ................................................................................................................................10

Federal Rules of Civil Procedure
    Rule 56 ...................................................................................................................................1

Southern District of Florida Local Rules
    Rule 56.1 ............................................................................................................................1, 4

Pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, Plaintiff Regina Greene ("Plaintiff") respectfully moves for partial summary judgment as to liability against Defendants Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits and Wine, Inc. (collectively, "Skinny Girl" or "Defendants").[1]

## I. INTRODUCTION TO THE UNDISPUTED MATERIAL FACTS

This is a straightforward action challenging Defendants' false advertising of their signature alcoholic beverage, Skinnygirl Margarita ("Skinnygirl Margarita" or "Margarita"), in which the undisputed material facts are beyond clear. Since Defendants first launched the "Skinny Girl" brand, they have engaged in a national marketing campaign representing that Skinny Girl branded products, including the Skinnygirl Margarita, contain "All Natural" ingredients and no preservatives. Indeed, the words "ALL NATURAL" appear in bright and distinctive purple lettering on the front label of the Skinnygirl Margarita bottle:



[Statement of Material Facts ("SMF"), ¶¶3, 5-8].

---

[1]   Emphasis is added and citations and quotations are omitted unless otherwise noted.

In support of their deceptive marketing campaign, Defendants' website stated the following regarding Skinnygirl Margaritas:

> "Everyone loves margaritas, but no one wants the guilt or the calories. That's why I created the Skinnygirl Margarita. At only 100 calories for a full 4 oz serving, ***all natural ingredients, no preservatives*** or artificial colors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequila, Skinny Girl is the margarita you can trust."
>
> -- Bethenny Frankel
>
> The Skinnygirl Margarita was created by Bethenny Frankel, a renowned natural foods chef, author of the New York Times Bestseller, Naturally Thin, and star of Real Housewives of New York City. As a chef and a mixologist, Bethenny is an expert in taking high calorie or otherwise unhealthy foods or cocktails, and making healthier versions of them. In the case of the margarita, this happened to be one of Bethenny's favorite cocktails. She also knew the typical margarita served in a restaurant had over 500 calories in a 4 oz serving. So, she created her own recipe for the margarita, which was silver tequila, the juice from three lime wedges and a tiny splash of Triple Sec. She mentioned this recipe on Real Housewives Season 1, after which the most asked question on the Bravo Web Site was, "How do I make a Skinnygirl Margarita?" Prepared cocktails were also very high in calories, and were generally made with high fructose corn syrup, yellow dye # 5, ***preservatives and other ingredients Bethenny would never include in any product she would drink let alone sell***. She then realized that there was an opportunity: To create a low-calorie, ***all-natural*** prepared margarita for people like her, who are concerned about calories and ingredients, but still want to enjoy a cocktail responsibly.

[SMF ¶7].

Despite Defendants' express claim that their products are "All Natural," it is undisputed that Skinnygirl Margaritas contain the ***preservative*** sodium benzoate, ***which is not "All Natural" or even the slightest bit natural***. Yet, Defendants maintained that Skinnygirl Margaritas contained only All Natural ingredients, while profiting from their deception. Indeed, it was not until the retail chain Whole Foods exposed Defendants' deception that Defendants conceded that Skinnygirl Margaritas contain sodium benzoate. Specifically, on or about September 1, 2011, Whole Foods announced that it would discontinue selling Skinnygirl Margaritas because Skinnygirl Margaritas contained the unnatural preservative, sodium benzoate. [SMF ¶¶10-11]. In response to the move by Whole Foods, Defendants admitted that their Skinnygirl Margaritas, in fact, contain sodium benzoate. [SMF ¶11].

In fact, subsequent to the filing of Plaintiff's Complaint, Defendants altered their website, which previously reflected that Skinnygirl Margaritas were completely "All Natural," to admit that Skinnygirl Margaritas are only "as natural as they can be," and that the Margaritas contain "an incredibly small amount of a very commonly used FDA-approved beverage preservative":



### Skinnygirl Margarita

"Everyone loves margaritas, but no one wants the guilt or the calories. That's why I created the Skinnygirl Margarita. At only 100 calories for a full 4 oz serving, natural flavors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequila, Skinnygirl is the margarita you can trust."
-Bethenny Frankel

Bethenny Frankel is a renowned natural foods chef and mixologist, author of the New York Times Bestseller "Naturally Thin," star of Bethenny Ever After...and expert in making delicious lower calorie versions of food and cocktails.

Knowing that restaurant margaritas and cocktails are high in calories, high fructose corn syrup, preservatives and more, Bethenny saw an opportunity: create a low-calorie, naturally prepared margarita for people like her, who are concerned about calories and ingredients, but still want the delicious margarita taste they love.

Bethenny's Skinnygirl Margarita combines clear tequila, the juice from three lime wedges and a tiny splash of Triple Sec.

Skinnygirl Margarita meets the highest quality standards, is as natural as it can be while meeting consumer expectations for shelf stability, and we stand by it 100%. In order to keep the product as fresh as possible, the product contains an incredibly small amount of a very commonly used FDA-approved beverage preservative. Skinnygirl is made with as few ingredients as possible and its flavor ingredients are indeed natural.

[SMF ¶16].

Just hours after altering their website to admit that Skinnygirl Margaritas were not "All Natural," Defendants again altered their website by removing the explicit admission and instead admitted by omission that Skinnygirl Margaritas are not All Natural, but "Skinnygirl is made with natural ingredients." [SMF ¶17]:

- 3 -

> **Skinnygirl Margarita**
>
> "Everyone loves margaritas, but no one wants the guilt or the calories. That's why I created the Skinnygirl Margarita. At only 100 calories for a full 4 oz serving, natural flavors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequila, Skinnygirl is the margarita you can trust."
> -Bethenny Frankel
>
> Bethenny Frankel is a renowned natural foods chef and mixologist, author of the New York Times Bestseller "Naturally Thin," star of Bethenny Ever After...and expert in making delicious lower calorie versions of food and cocktails.
>
> Knowing that restaurant margaritas and cocktails are high in calories, high fructose corn syrup, preservatives and more, Bethenny saw an opportunity: create a low-calorie, naturally prepared margarita for people like her, who are concerned about calories and ingredients, but still want the delicious margarita taste they love.
>
> Bethenny's Skinnygirl Margarita combines clear tequila, the juice from three lime wedges and a tiny splash of Triple Sec.
>
> SETTING THE RECORD STRAIGHT ON SKINNYGIRL MARGARITA
>
> Skinnygirl Margarita meets the highest quality standards. As Bethenny says, "I wouldn't sell anything that I don't drink myself."
>
> Our focus is continuing to build the fast-growing Skinnygirl cocktails brand and to bring new innovations to consumers looking for delicious, low-calorie ready-to-serve cocktails. Skinnygirl is made with natural ingredients. The margarita product formulation includes a minuscule amount of a widely used FDA-approved ingredient that protects quality and is found on virtually every aisle of the supermarket in popular brands of beverages, food and everyday items.
>
> Together we routinely review the marketing, innovation and packaging of the Skinnygirl cocktails line. Among our recent joint decisions was to introduce consistent labeling across the expanding Skinnygirl cocktails platform. While the current margarita label is consistent with U.S. federal regulations, modifying the language on the margarita label to say 'Natural Flavor' will align the labeling with the more recently introduced Skinnygirl Sangria. This has been in the works for weeks and should appear in the coming months.

[SMF ¶17].

Even more disturbing is that while admitting that an FDA-approved beverage preservative is contained in Skinnygirl Margaritas, Defendants intentionally neglected to identify the substance by name on their website, and Defendants specifically failed to identify all the ingredients contained in the Margaritas. [*Id.*].

Finally, on December 1, 2011, at a multidistrict litigation ("MDL") hearing before the Judicial Panel on Multidistrict Litigation ("JPML"), counsel for Defendants admitted in open court that "the product indeed contains sodium benzoate. It contains it in an infinitesimally tiny amount

- 4 -

but, yes, it is definitely in there. We don't contest that." [SMF ¶19].[2] *See also In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*, MDL No. 2306, 2011 WL 6288398, at *1 (J.P.M.L. Dec. 14, 2011) ("the central allegation that Skinnygirl Margarita beverage was marketed as being all natural despite some level of sodium benzoate appears to be undisputed").

There is, therefore, no genuine issue of material fact regarding Defendants' liability to Plaintiff, and Plaintiff is entitled to judgment as a matter of law. Thus, for the reasons more fully stated herein, Plaintiff respectfully asks this Court to enter summary judgment as to liability in her favor and against Defendants.

## II. STANDARD OF REVIEW

Judge King recently articulated the standard of review for summary judgment as follows:

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient

---

[2]  It is clear that as an agent for his client, an attorney's admissions in court binds his client. *See Kregler v. City of New York*, No. 08 CIV. 6893 VM, 2011 WL 5116640, at *4 (S.D.N.Y. Oct. 26, 2011) ("Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission. [H]owever, to bind the client by such statements, they must constitute a clear and unambiguous admission of fact. Only statements of facts as opposed to legal arguments made to a court are considered judicial admissions.").

to defeat a motion for summary judgment. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper.

*Mangravite v. University of Miami*, No. 10-22895-CV-JLK, 2011 WL 6140738, at *2 (S.D. Fla. Dec. 9, 2011). As set forth below, there is no genuine issue of material fact; thus, summary judgment should be entered against Defendants.

### III. MEMORANDUM OF LAW

#### A. Sodium Benzoate Is an Unnatural Synthetic Preservative

Sodium benzoate is primarily used as a preservative and corrosion inhibitor. [SMF ¶12]. Sodium benzoate has the chemical formula $C_7H_5O_2Na$ and is produced by reacting sodium hydroxide with benzoic acid:

$$\underset{\text{Benzoic acid}}{\begin{array}{c}OH\\|\\C=O\\|\\\phantom{x}\end{array}} \qquad \underset{\text{Sodium benzoate}}{\begin{array}{c}O-Na\\|\\C=O\\|\\\phantom{x}\end{array}}$$

[*Id.*].[3]

By admission, Defendants confirm that Skinnygirl Margarita contains sodium benzoate and, therefore, is not All Natural. As a result, this Court should grant summary judgment as to liability in favor of Plaintiff.

#### B. Plaintiff Is Entitled to Summary Judgment on Her FDUTPA Claim

Count I of the Complaint asserts a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§501.201, *et seq*. [Dkt. No. 1, ¶¶53-62]. As Judge Cohn has previously stated, "A claim for damages under FDUTPA requires the Plaintiff to allege the following

---

[3] "The courts take judicial knowledge of the facts of chemistry contained in the United States Pharmacopœia." *Melanson v. U. S.*, 256 F. 783, 786 (5th Cir. 1919).

three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009).

As to the first element, "a deceptive act or unfair practice," courts look "to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act." Fla. Stat. §501.204(2). Moreover, FDUTPA "shall be construed liberally" to protect consumers from "deceptive, and unfair trades practices" and such construction should be "consistent with established policies of federal law relating to consumer protection." Fla. Stat. §501.202; *accord Samuels v. King Motor Co.*, 782 So. 2d 489, 498-99 (Fla. 4th DCA 2001). Deception occurs when an act is "likely to deceive a consumer acting reasonably in the same circumstances." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000). Actual reliance is not an element of a FDUTPA claim. *Fitzpatrick v. General Mills*, 635 F.3d 1279, 1282-83 (11th Cir. 2011). That is, "a plaintiff must simply prove that an objective reasonable person would have been deceived." *Id.*

In the instant action, Defendants explicitly represented to consumers that Skinnygirl Margaritas contained All Natural ingredients, and that Skinnygirl Margaritas contained no preservatives. [SMF ¶¶5-8]. Moreover, on the Skinnygirl Margarita website, Defendants further represented that Skinnygirl Margaritas contained "silver tequila, the juice from three lime wedges and a tiny splash of Triple Sec." [SMF ¶7]. Defendants also touted in numerous interviews, as well as on their website, that Skinnygirl Margaritas were made without preservatives. [SMF ¶¶5-8]. Based on Defendants' numerous representations, Plaintiff and other consumers purchased Skinnygirl Margaritas believing that the Margaritas contained no preservatives and were made with only All Natural ingredients. [SMF ¶¶14, 20-21]. However, as the record clearly reflects, Skinnygirl Margaritas are not made with only All Natural ingredients and do, in fact, contain the unnatural ingredient, preservative, and suspected carcinogen, sodium benzoate. Thus, Defendants' claim that

Skinnygirl Margaritas contain no preservatives and are made from only All Natural ingredients is false and deceptive, in violation of the FDUTPA. [SMF ¶¶11-13].

To be sure, before the instant case was filed, Defendants did not disclose, either on their website or on the Margarita label itself, that Skinnygirl Margaritas contained sodium benzoate. [SMF ¶11]. Rather, it was not until the national retail chain, Whole Foods, removed Skinnygirl Margaritas from their shelves that Defendants admitted that the ingredients in Skinnygirl Margaritas are "as close to natural as they can be," which is an admission that the Skinnygirl Margaritas are not All Natural. [SMF ¶¶15-16].

Defendants also admitted on their website that the Margaritas contain "a very commonly used FDA-approved beverage *preservative*," which is another specific admission that Defendants' conduct was deceptive. [SMF ¶16]. Within hours of posting this admission to their website, and in an attempt to conceal this admission, Defendants altered their website again to remove the admission that Skinnygirl Margaritas contain preservatives, instead stating that Skinnygirl Margaritas contain a "widely used FDA-approved ingredient." [*Id.*].

Sometime after approximately three other complaints were filed against Defendants, Defendants again altered their website to state, among other things, that Plaintiff's case is frivolous despite Defendants' prior admissions:



## Skinnygirl Margarita

"Everyone loves margaritas, but no one wants the guilt or the calories. That's why I created the Skinnygirl Margarita. At only 100 calories for a full 4 oz serving, natural flavors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequila, Skinnygirl is the margarita you can trust."
-Bethenny Frankel

Bethenny Frankel is a renowned natural foods chef and mixologist, author of the New York Times Bestseller "Naturally Thin," star of Bethenny Ever After...and expert in making delicious lower calorie versions of food and cocktails.

Knowing that restaurant margaritas and cocktails are high in calories, high fructose corn syrup, preservatives and more, Bethenny saw an opportunity: create a low-calorie, naturally prepared margarita for people like her, who are concerned about calories and ingredients, but still want the delicious margarita taste they love.

Bethenny's Skinnygirl Margarita combines clear tequila, the juice from three lime wedges and a tiny splash of Triple Sec.

**Setting the Record Straight on Skinnygirl Margarita:**
**Joint Statement of Bethenny Frankel and Beam Global Spirits & Wine**

Skinnygirl Margarita meets the highest quality standards. As Bethenny says, "I wouldn't sell anything that I don't drink myself."

In today's litigious society, nothing is surprising. The litigation filed in relation to the labeling of Skinnygirl Margarita is frivolous. We will defend our case vigorously, and we are fully confident we will prevail.

Our focus is continuing to build the fast-growing Skinnygirl cocktails brand and to bring new innovations to consumers looking for delicious, low-calorie ready-to-serve cocktails. Skinnygirl is made with natural ingredients. The margarita product formulation includes a minuscule amount of a widely used FDA-approved ingredient that protects quality and is found on virtually every aisle of the supermarket in popular brands of beverages, food and everyday items.

Together we routinely review the marketing, innovation and packaging of the Skinnygirl cocktails line. Among our recent joint decisions was to introduce consistent labeling across the expanding Skinnygirl cocktails platform. While the current margarita label is consistent with U.S. federal regulations, modifying the language on the margarita label to say "Natural Flavor" will align the labeling with the more recently introduced Skinnygirl Sangria. This has been in the works for weeks and should appear in the coming months.

[SMF ¶18].

Finally, on December 1, 2011, at an MDL hearing before the JPML, counsel for Defendants admitted in open court that "the product indeed contains sodium benzoate. It contains it in an infinitesimally tiny amount but, yes, it is definitely in there. We don't contest that."  [SMF ¶19].

In light of the foregoing, it is an undisputed fact that Skinnygirl Margaritas are not All Natural and that the Margaritas, in fact, contain the unnatural ingredient, preservative, and potential carcinogen, sodium benzoate.  Plaintiff purchased Skinnygirl Margaritas relying on Defendants' false representation that the Margaritas contained only All Natural ingredients, and thus, was damaged by virtue of the price she paid for the Margaritas, which were not All Natural and did contain preservatives.   [SMF ¶¶14, 20].  Therefore, Defendants' advertising and labeling of

Skinnygirl Margaritas was deceptive, and Plaintiff is entitled to summary judgment as to liability on her FDUTPA count.

### C. Plaintiff Is Entitled to Summary Judgment on Her Misleading Advertising Claim

Count II asserts a claim under Florida Statutes §817.41, *et. seq*, for misleading advertising. [Dkt. No. 1, ¶¶63-73]. Section 817.41(1) requires one asserting a civil action for violation of the statute to prove each of the elements of common law fraud in the inducement, including reliance and detriment, in order to recover damages. *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007). "[T]he . . . elements of the common law tort of fraud in the inducement [are] as follows: (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation." *Id*.

Here, there is no genuine issue of material fact as to any element of this cause of action; thus, Plaintiff is entitled to summary judgment in her favor. To be sure, Defendants specifically represented that Skinnygirl Margaritas were All Natural. [SMF ¶¶5-8]. As Defendants have now admitted, however, the ingredients contained in Skinnygirl Margaritas are not All Natural, as the Margaritas contain sodium benzoate, an unnatural preservative and suspected carcinogen. [SMF ¶¶11-13, 15-19]. Indeed, since their initial admission, Defendants modified their website and product labeling to reflect that Skinnygirl Margaritas are not "*All* Natural," but rather, contain "natural ingredients." [SMF ¶17].

Defendants knew or should have known that Skinnygirl Margaritas did not contain All Natural ingredients because Defendants developed, and were in possession of, the recipe for Skinnygirl Margaritas, which contained the unnatural ingredient sodium benzoate. [SMF ¶¶2, 7]. By making the false, All Natural claim, Defendants intended to induce Plaintiff and other consumers

into purchasing Skinnygirl Margaritas. [SMF ¶5]. Finally, Plaintiff relied on the representation that Skinnygirl Margaritas contained All Natural ingredients in purchasing Skinnygirl Margaritas. [SMF ¶¶14, 20].

Indeed, this case is similar to *Bill Branch Chevrolet, Inc. v. Burkert*, 521 So. 2d 153 (Fla. 2d DCA 1988). There, an automobile buyer brought an action against an automobile dealership alleging, *inter alia*, violations of Florida's misleading advertising law in connection with the dealership's sales promotion offer of a free vacation with the purchase of a vehicle. *Id.* at 154. At trial, the plaintiff presented evidence that (1) the defendant "knew before the sales promotion began that the vacation was part of an interval ownership sales campaign and that there were other restrictions on the vacation which would probably prevent many of its customers from actually taking the vacation[,]" and (2) the defendant "purposely withheld this information from potential customers until after the sale of a vehicle was complete." *Id.* The Court of Appeals affirmed the jury's verdict, finding the defendant liable for misleading advertising. *Id.*

Similarly, in the instant case, Defendants created, and possessed the recipe for, Skinnygirl Margaritas and actually manufactured the Margaritas. Thus, Defendants **knew** that the Margaritas were **not** All Natural and, in fact, contained the preservative sodium benzoate. [SMF ¶¶2, 7]. Although Defendants knew, without a doubt, that their Margaritas were not All Natural, they purposely withheld that information from consumers and affirmatively misrepresented their Margaritas as being All Natural. [SMF ¶¶5-8]. Therefore, there is no genuine issue of material fact, and Plaintiff is entitled to summary judgment on her misleading advertising claim against Defendants.

### D. Plaintiff Is Entitled to Summary Judgment on Her Express Warranty Claim

Count III asserts a claim for breach of express warranty against Defendants. [Dkt. No. 1, ¶¶74-78]. "In order to state a claim for breach of warranty, the Plaintiff in this case must allege

'injuries sustained by the buyer as a result of the breach of warranty.'" *Smith*, 663 F. Supp. 2d at 1341. As Judge Cohn held in *Smith*, where the purchase of deceptively labeled chewing gum was at issue, there is no requirement under Florida law that a plaintiff be in privity with the defendant. *Id.* Relying on the Florida Supreme Court's pronouncement in *Hoskins v. Jackson Grain Co.*, 63 So. 2d 514 (Fla. 1953), Judge Cohn held:

> The Florida Supreme Court's reasoning in *Hoskins* is particularly apt to the circumstances of this case. In *Hoskins*, a case involving a mislabeled seed, the Florida Supreme Court found "it would be utterly unsound and unfair" to hold that the plaintiff "could not recover from the one who knew the origin and history of the seed, simply because the farmer got them direct from retailer who knew no more about them than he." The court went on to state that "[r]ecompense for such a loss traceable to the mislabeling of seed by one who knew the origin of the seed he was selling for gain, but who carelessly misnamed them, should not depend on the slender circumstance of direct dealing between the wholesaler and the farmer."

*Smith*, 663 F. Supp. 2d at 1343.

This case is on all fours with *Hoskins*, and there is no genuine issue of material fact as to the elements of Plaintiff's warranty claim. As stated above, just as the defendant seed merchant in *Hoskins* misrepresented his variety of seeds to the consumers, Defendants here specifically warranted that the ingredients in Skinnygirl Margaritas are All Natural [SMF ¶¶5-8] and that Skinnygirl Margaritas do not contain preservatives [*id.*]. Despite these clear and unambiguous representations, Defendants have now admitted, on several occasions and through various means, that Skinnygirl Margaritas contain sodium benzoate, an unnatural ingredient and preservative. [SMF ¶¶11-13, 15-17].

Further, Defendants have backpedaled from their original "All Natural" ingredient express warranty by stating that Skinnygirl Margaritas are "as close to natural as they can be." [SMF ¶¶15-19]. Defendants have been on notice of the breach since the product was developed, as Defendants developed the Skinnygirl Margarita recipe containing sodium benzoate, yet chose to warrant that the Margaritas were All Natural.

Moreover, Plaintiff delivered the requisite notice of the breach of warranty to Defendants. [SMF ¶22].

Therefore, as there is no genuine issue of material fact, Plaintiff is entitled to summary judgment on her express warranty claim.

### E. Plaintiff Is Entitled to Summary Judgment on the Unjust Enrichment Claim

Count IV of the Complaint asserts a claim for unjust enrichment. [Dkt. No. 1, ¶¶79-86]. "The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006).

There is no genuine issue of material fact as to any element of this claim; thus, Plaintiff is entitled to summary judgment in her favor.

First, Plaintiff conferred a benefit on Defendants as Plaintiff paid Defendants the value for an "All Natural" Skinnygirl Margarita that contained no preservatives. [SMF ¶¶14, 20]. Second, Defendants appreciated that benefit in the form of profits. [SMF ¶9]. Finally, it would be inequitable for Defendants to retain the benefit conferred by Plaintiff because Defendants falsely misrepresented to Plaintiff that the ingredients contained in the Margaritas were All Natural. [SMF ¶¶3, 5-8].

This case is analogous to *Romano v. Motorola, Inc.*, No. 07-CIV-60517, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007). There, a plaintiff sued a cellular phone manufacturer for deceptive and unlawful conduct in designing, manufacturing, distributing, and selling defectively designed Razr cellular phones. *Id.* at *2. Finding that the plaintiff had properly alleged a claim for unjust

enrichment, the Court held that Motorola had clearly received a benefit from the plaintiff's purchase of a defective phone:

> Plaintiff appropriately notes that Motorola, as the manufacturer of the Razr phone, marketed its product directly to consumers, but sold its product through an intermediary, *i.e.* a retail outfit. While the phone is ultimately sold through the retailer, ***Motorola is directly benefitted through profits earned from the sale of the phone.*** Therefore, while there was no direct contact between the manufacturer Motorola and Plaintiff, by purchasing the Razr phone, Plaintiff directly conferred a benefit on Motorola in the form of payment for the phone. Defendant's Motion to Dismiss the claim for unjust enrichment is denied.

*Id.*

Similarly, in the instant case, although Plaintiff and other consumers purchased Skinnygirl Margaritas from retail outlets, Plaintiff and other consumers conferred a direct benefit on Defendants in the form of profits. As mentioned above, it would be inequitable for Defendants to retain the benefit conferred by Plaintiff because Defendants falsely misrepresented to Plaintiff that the ingredients contained in the Margaritas were All Natural. [SMF ¶¶3, 5-8].

Therefore, as there is no genuine issue of material fact as to Plaintiff's unjust enrichment claim, Plaintiff is entitled to partial summary judgment in her favor.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully asks this Court to find that there are no genuine issues of material fact as to any of Plaintiff's claims, and that Plaintiff is entitled to judgment as a matter of law on her claims against Defendants, and accordingly, to enter partial summary judgment as to liability in Plaintiff's favor.

DATED: January 4, 2012             ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON
Florida Bar No. 084824
CULLIN A. O'BRIEN
Florida Bar No. 597341
MARK DEARMAN
Florida Bar No. 0982407

*s/Stuart A. Davidson*
Stuart A. Davidson

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
Facsimile: 561/750-3364
sdavidson@rgrdlaw.com
cobrien@rgrdlaw.com
mdearman@rgrdlaw.com

Richard E. Walden
Walden Law Firm, PLLC
10121 N. Rodney Parham, #5
Little Rock, AR 72227
Telephone: 501/907-7000
Facsimile: 888/220-7933
rwalden@waldenlawfirm.com

R. Dean Gresham (admitted *pro hac vice*)
GRESHAM pc
2311 Cedar Springs Road, Suite 200
Dallas, TX 75201
Telephone: 214/420-9995
Facsimile: 214/526-5525
dgresham@greshampc.com

Nabil Majed Nachawati, II (admitted *pro hac vice*)
Fears | Nachawati
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: 214/890-0711
mn@fnlawfirm.com

Attorneys for Plaintiff and the Class

- 16 -

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on January 4, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

                                                       *s/Stuart A. Davidson*
                                                        Stuart A. Davidson