UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number:  0:11-cv-61965-KMW

REGINA GREENE, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL, LLC, and BEAM GLOBAL SPIRITS AND WINE, INC.,

    Defendants.

**DEFENDANTS SKINNY GIRL COCKTAILS, LLC'S AND SGC GLOBAL, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants SKINNY GIRL COCKTAILS, LLC ("Skinny Girl") and SGC GLOBAL, LLC ("SGC"), pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) and S.D. Fla. L.R. 7.1, hereby move to dismiss the Class Action Complaint [D.E.1] ("Complaint" or "Compl.") filed by Plaintiff REGINA GREENE ("Plaintiff" or "Greene") for failure to meet basic pleading requirements and for failure to state claims upon which relief may be granted, and in support state:

## I.   INTRODUCTION

On September 2, 2011, Plaintiff filed her four-count Complaint against Defendants Skinny Girl, SGC and BEAM GLOBAL SPIRITS AND WINE, INC. ("Beam") (collectively, "Defendants") for violation of the Florida Deceptive and Unfair Trade Practices Act (First Cause of Action), Misleading Advertising in violation of Fla. Stat. §§ 817.41, *et seq.* (Second Cause of Action), Breach of Express Warranty (Third Cause of Action) and Unjust Enrichment (Fourth Cause of Action).  Plaintiff purports to assert these claims on behalf of a nationwide class of consumers who allegedly suffered damages as a result of their purchase of the Skinnygirl Margarita beverage.  Plaintiff's Complaint is devoid of any particularized allegations against Skinny Girl and SGC and does not allege well-pleaded facts creating a reasonable inference that

Skinny Girl or SGC had any involvement with the Skinnygirl Margarita beverage at the time of Plaintiff's alleged purchase, and therefore have any liability to Plaintiff.  Instead, Plaintiff conflates the three (3) distinct, separate Defendants in this action into one amorphous defendant group.  As a result, Plaintiff's Complaint fails as to all four alleged causes of action because it improperly lumps together all three (3) Defendants and all unidentified entities and individuals in this action -- in essence alleging that "everyone did everything,"[1] notwithstanding Plaintiff's own admission that Skinny Girl and SGC sold their stake in the business in "early 2011".  Moreover, Plaintiff's Complaint is devoid of any specific factual allegations regarding her actual purchase of the Skinnygirl Margarita beverage.[2]  Instead, Plaintiff's Complaint devotes approximately eleven (11) pages to allegations regarding information her attorneys obtained from the internet, television and various news sources.

Plaintiff's Complaint should be dismissed in its entirety for failure to meet the basic pleading requirements of Fed. R. Civ. P. 8(a).  The Complaint improperly groups all three (3) Defendants together into all four (4) of Plaintiff's alleged causes of action, thereby failing to distinguish what conduct is alleged to be attributable to which Defendant.  Moreover, Plaintiff's Complaint is in essence an impermissible "shotgun pleading."  Plaintiff repeats the same 52 general allegations into each of her four alleged causes of action, making it impossible for Defendant Skinny Girl, Defendant SGC and this Court to ascertain which allegations of fact are intended to support which claims for relief.  For these reasons, the Complaint should be dismissed in its entirety as violative of the basic pleading requirements of Rule 8(a).

---

[1]  *See* Compl. at ¶ 17 ("At all times alleged herein, Defendants Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits and Wine, Inc. (collectively, "SkinnyGirl" or "Defendant") included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees [and] agents representatives.").

[2]  Plaintiff merely alleges that "during the proposed class period, [she] purchased Skinnygirl Margarita in Broward County, Florida." (Compl. at ¶ 13). However, Plaintiff's Complaint fails to define or identify the "proposed class period" and fails to provide any details surrounding her alleged purchase.

Plaintiff's Second Cause of Action (Misleading Advertising) should be dismissed for the additional reason that it fails to state a cause of action and fails to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiff's Fourth Cause of Action (Unjust Enrichment) should be dismissed for the additional reason that Plaintiff has asserted an adequate remedy at law for her purported damages and because Plaintiff has failed to adequately plead the requisite elements for such a claim.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that "[s]ince 2010, Defendants have marketed, promoted, and sold its Skinnygirl Margarita." (Compl. at ¶ 20). In early 2011 (on an unspecified date), Defendant Beam purchased the Skinny Girl brand. (Compl. at ¶¶ 7, 26 and 34). Plaintiff alleges that Defendants "through an extensive marketing campaign *via* print, online and in-store advertisements, . . . claim that the Skinnygirl Margaritas are All Natural," even though the presence of a preservative called sodium benzoate renders the beverage "unnatural." (Compl. at ¶¶ 20 and 24). In purported reliance on Defendants' alleged "deceptive and misleading marketing campaign", Plaintiff, and the putative class she seeks to represent, purportedly "purchased Skinnygirl Margaritas and have been harmed . . . in the amount of the purchase price of the Skinnygirl Margarita." (Compl. at ¶ 12).

Notably, absent from Plaintiff's Complaint are any allegations regarding *her* actual purchase(s) of the Skinnygirl Margarita beverage. Plaintiff does not allege *when* she purchased the Skinnygirl Margarita beverage, *where* she purchased it or even *which Defendant* made the allegedly deceptive and misleading marketing statement(s) upon which she bases her claims. Further, Plaintiff fails to allege *when* the allegedly deceptive and misleading statements were made. **In fact, Plaintiff does not allege that she actually saw or relied on any specific**

**advertisement or marketing campaign**. Instead, Plaintiff alleges that she "purchased [Skinnygirl] Margaritas instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients." (Compl. at ¶ 36). In her Complaint, Plaintiff includes a purported picture of a Skinnygirl Margarita label, which contains the words "All Natural," however, Plaintiff does not allege whether this is the same label she purportedly relied upon when she made her alleged purchase. Moreover, Plaintiff does not allege that the label, or the purported "deceptive and misleading marketing campaign," made any representations about there being no preservatives in the Skinnygirl Margarita beverage.

### III.   ARGUMENT AND MEMORANDUM OF LAW

**A.   Applicable Legal Standard**

A complaint should be dismissed if, when accepting the well-pled allegations as true, a plaintiff is unable to state enough *factual content* to establish that it is *plausible* the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968 (2007). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly,* 127 S. Ct. at 1966, n.5 (emphasis added); *see also American Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1289-90 (11th Cir. 2010). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id*. *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1260-1261 (11th Cir. 2009). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible'." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although the Court must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "In evaluating

the sufficiency of a plaintiff's pleadings," the Court makes "reasonable inferences in [a p]laintiff's favor, 'but [is] not required to draw plaintiff's inference'." *Sinaltrainal*, 578 F.3d at 1260-61. Likewise, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *DiPilato v. Rudd & Diamond, P.A.*, Case No. 10-62492-CIV, 2011 WL 4949677, *1 (S.D. Fla. Oct. 18, 2011) (internal quotations and citations omitted). "[A]court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009)).

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "'Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant.'" *George & Co., LLC v. Alibaba.com, Inc.*, Case No. 2:10-cv-719-FtM-29DNF, 2011 WL 6181940, *2 (M.D. Fla. Dec. 13, 2011) (quoting *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273, 2009 WL 112953 at *1 (N.D. Fla. Jan. 15, 2009)). ***Complaints that indiscriminately lump defendants together fail to comply with Fed. R. Civ. P. 8(a)***. *Id*.

Further, fraud-based claims -- including misleading advertising claims under Fla. Stat. § 817.41, *et seq*.-- must be pled with detailed and particularized factual allegations required by Fed. R. Civ. P. 9(b) to survive dismissal. *Simpson v. FWM Laboratories, Inc.*, Case No. 09-61771-CIV, 2010 WL 1257714, *4 (S.D. Fla. Mar. 29, 2010). A complaint fails to satisfy Rule 9(b)

absent setting forth: (1) the *precise* statements, representations or omissions made; (2) the *time and place* of each such statement, representation or omission and the *person responsible* for making same; (3) the *content and manner* in which the statement, representation or omission misled the plaintiff; and (4) *what the Defendants gained* as a consequence of the fraud.  *Id.* (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).  When multiple defendants are alleged to have participated in fraudulent conduct, the Complaint must allege *each defendant's specific conduct* -- it is insufficient to merely group all defendants together.  *Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd.*, Case No. 10–22153–CIV, 2011 WL 4434891, *3 (S.D. Fla. Sept. 23, 2011).

At bottom, Plaintiff's Complaint lacks well-pleaded factual content from which this Court can reasonably conclude that it is plausible that either Defendant Skinny Girl or SGC is liable to Plaintiff for the misconduct alleged and, therefore, the Complaint should be dismissed.

**B.  <u>Plaintiff's Complaint Should Be Dismissed in its Entirety Because it is an Insufficiently Alleged Shotgun Pleading Which Fails to Differentiate Among the Defendants in Violation of Rule 8(a)</u>**

Plaintiff's Complaint fails to allege any factual basis to distinguish the conduct of each of the three (3) Defendants in this action.  Instead, Plaintiff impermissibly and indiscriminately lumps all three (3) Defendants -- which are separate and distinct legal entities -- into one amorphous defendant and then refers to them as "Skinny Girl" or "Defendant"[3] throughout Plaintiff's general allegations and in each of Plaintiff's Four Causes of Action.  Plaintiff's improper grouping of all of the Defendants in this action fails to distinguish Defendant Skinny Girl's and Defendant SGC's particular conduct, fails to put Defendant Skinny Girl and Defendant SGC on adequate notice of the claims asserted against them and thereby fails to meet

---

[3] *See* Compl. at ¶ 17.

the basic pleading requirements of Rule 8.  Simply put, Defendant Skinny Girl and Defendant SGC cannot determine from the face of the Complaint which acts for which Plaintiff seeks to hold each of them liable.  The requirements of Rule 8 are particularly important here since Plaintiff has alleged that Defendant Beam purchased the Skinny Girl brand in "early 2011"[4] and Plaintiff fails to specify when she purchased any Skinnygirl Margarita product.

In *Lane v. Capital Acquisitions and Management Co.*, Judge Marra dismissed the plaintiffs' complaint where the Complaint failed to differentiate among the defendants, made general allegations against all of the named defendants and alleged violations by a collective "defendant," even though there were five (5) separate defendants. Case No. 04-60602 CIV, 2006 WL 4590705, *5 (S.D. Fla. April 14, 2006).  Similarly and recently, in *George & Co., LLC v. Alibaba.com, Inc.*, the Middle District of Florida dismissed the plaintiff's complaint for failing to comply with Rule 8(a) where the complaint "indiscriminatley lump[ed]" the multiple defendants together into each count, asserted that "'defendants' acts' constitute[d] the particular cause of action," and "fail[ed] to distinguish their misconduct."  2011 WL 6181940 at *2; *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissing amended complaint for failing "'to set out which of the defendants made which of the fraudulent statements/conduct'" and alleging only "'everyone did everything' allegations.").

Further, Plaintiff's Complaint amounts to a "shotgun pleading."  Plaintiff's 52 general allegations are incorporated by reference indiscriminately into all four (4) of Plaintiff's Causes of Action, thereby resulting in unnecessary and irrelevant factual allegations and legal conclusions being inserted into each of Plaintiff's Causes of Action.  The Eleventh Circuit is clear that such "shotgun" pleadings are improper and should be dismissed.  *See Popham v. Cobb County,*

---

[4] Compl. at ¶¶ 7, 26 and 34.

*Georgia Government,* 392 Fed.Appx. 677, 681, (11th Cir. 2010) (affirming dismissal of shotgun complaint); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir 2010) ("***This circuit condemns shotgun pleadings***.") (emphasis added); *B.L.E. ex rel. Jefferson v. Georgia*, 335 Fed.Appx. 962, 963, (11th Cir. 2009) (affirming district court's dismissal of shotgun pleading and stating "we have specifically instructed district courts to prohibit, as fatally defective, shotgun pleadings similar to the one filed in this action.").

By indiscriminately lumping all three (3) of the Defendants in this action together in the general allegations and into each of the Plaintiff's four alleged causes of action, and by incorporating all 52 general allegations into each cause of action, Plaintiff's Complaint fails to provide any factual basis to distinguish Defendant Skinny Girl's and Defendant SGC's alleged conduct from any other Defendant's conduct. As a result, Plaintiff's Complaint should be dismissed in its entirety for failure to satisfy the minimum pleading standard of Rule 8.

**C.** **Plaintiff's Second Cause of Action for Misleading Advertising Should Be Dismissed For the Additional Reasons that Plaintiff Has Failed to Plead the Claim With Particularity and Has Failed to Plead the Requisite Elements of the Claim**

Fla. Stat. § 817.41 makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the general public . . . any misleading advertisement." A "misleading advertisement" is "any statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public . . . which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made . . . with the intent or purpose . . . of selling or disposing of real or personal property." Fla. Stat. § 817.40(5).

Misleading advertising is considered a "particularized form of fraud," and, therefore, Florida law requires a plaintiff plead and prove each of the elements of the common law form of

fraud in the inducement,[5] including reliance on the alleged misleading advertising and detriment. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 877 (Fla. 2d DCA 2006); *Point Blank Solutions, Inc. v. Toyobo America, Inc.*, Case No. 09-61166-CIV, 2011 WL 1833366, * 7 (S.D. Fla. May 13, 2011). Moreover, the alleged reliance must be "reasonable and justified under the circumstances." *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992).

Further, because misleading advertising is a form of fraud, the heightened pleading standard of Fed. R. Civ. P. 9(b) applies, which requires a plaintiff set forth "'(1) precisely **what** statements were made, . . . (2) the **time and place** of each such statement and the **person responsible** for making . . . same. . . (3) the **content** of such statements and the **manner** in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Simpson v. FWM Laboratories, Inc.*, Case No. 09-61771-CIV, 2010 WL 1257714, *4 (S.D. Fla. Mar. 29, 2010) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *see Carnival Corp. v. Rolls-Royce PLC,* Case No. 08-23318-CIV, 2009 WL 3861450, * 5 (Under Rule 9(b), a plaintiff must plead the who, what, when, where and how of the allegedly fraudulent statements.). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

---

[5] To state a claim for fraud in the inducement, a plaintiff must plead and prove the following elements: the representor made a misrepresentation of material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation. *James v. Ashley Adams Antiques, Inc.*, 2:05-cv-515-FtM-29DNF, 2006 WL 4990908, *4 (M.D. Fla. June 15, 2006) (citing *Samuels v. King Motor Co. of Ft. Lauderdale,* 782 So. 2d 489 (Fla. 4th DCA 2001)).

Plaintiff's Complaint wholly fails to allege with particularity the who, what, when and how underlying her misleading advertising claim, as required by Rule 9(b). *See FindWhat Investor Group v. FindWhat.com*, 658 F. 3d 1282, 1296 (11th Cir. 2011) ("[T]he [f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint.") (internal quotations omitted). Further, Plaintiff's Complaint fails to adequately plead reliance.

### 1. *Plaintiff Fails to Allege the Time and Place of the Purportedly Misleading Advertising*

Plaintiff's Complaint is completely devoid of any allegations regarding *when* she saw or read and supposedly relied on any alleged false or misleading statements. Plaintiff does not even allege with any particularity when she purportedly purchased the Skinnygirl Margarita beverage.[6] The "when" allegation is particularly important in this case in light of her concession that Defendant Beam purchased the Skinny Girl brand in "early 2011" from Defendants Skinny Girl and SGC. It is also an allegation that is uniquely within Plaintiff's knowledge, rendering any vagueness in pleading seemingly purposeful and completely impermissible in the context of this case given that Plaintiff had asserted a fraud based claim of misleading advertising.

The *only* allegations Plaintiff makes specific to her own alleged purchase of the Skinnygirl Margarita beverage are in paragraphs 13 and 36: "Plaintiff . . ., during the proposed class period, purchased Skinnygirl Margarita in Broward County, Florida. . . . The Plaintiff purchased Margaritas instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients." Plaintiff's vague allegation regarding her alleged purchase somewhere in Broward County when combined with her complete failure to

---

[6] In paragraph 13 of the Complaint, Plaintiff vaguely alleges that she purchased the Skinnygirl Margarita beverage "during the proposed class period", but fails to identify or define the "proposed class period" or exactly where she purchased the beverage.

particularly allege when she purportedly purchased the Skinnygirl Margarita beverage is insufficient under Rule 9(b).

Courts have consistently recognized that a plaintiff's failure to particularly allege the *time and place* of the purported misleading statement is fatal to a misleading advertising claim. *See Weitz v. Celebrity Cruises, Inc.*, Case Nos. 10-20267-CIV and 10-20268-CIV, 2010 WL 1882127, *1 (S.D. Fla. May 11, 2010) (dismissing plaintiffs' misleading advertising claim for failure to plead with particularity the time of the alleged misrepresentations); *see Chamberlain v. Integraclick, Inc.*, Case No. 4:10–CV–00477–SPM–WCS, 2011 WL 2118699, *4 (N.D. Fla. May 25, 2011) (dismissing plaintiffs' fraud in the inducement claim for failure to plead a specific time frame during which the alleged fraud in the inducement occurred); *see Edmunson v. Procter & Gamble Co.*, Case No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, *5 (S.D. Cal. May 17, 2011) (granting motion to dismiss because the "Plaintiff does not allege when during the class period, where, how many, or how many times he purchased Fusion Power cartridges or was exposed to the alleged misrepresentations."). Here, the omission of any specificity as to when and where Plaintiff purchased the Skinnygirl Margarita beverage is a critical omission because without the averment that she purchased before "early 2011" when Defendant Beam acquired the Skinny Girl brand, it cannot be reasonably inferred that Plaintiff purchased a Skinnygirl Margarita beverage from either Defendant Skinny Girl or SGC.

### 2. *Plaintiff Fails to Allege Facts Establishing Who Made the Misleading Advertising*

Plaintiff's Complaint improperly conflates the actions of all three (3) Defendants together and in the process fails to allege, in violation of the particularity requirement of Rule 9, ***which Defendant*** made the allegedly false and misleading statement upon which she purportedly relied in making her purchase(s). Neither Skinny Girl nor SGC is alleged to have specifically made

any representations or statements.  Simply put, Plaintiff's Complaint violates Rule 9(b), and Plaintiff's misleading advertising claim should be dismissed, because Plaintiff fails to distinguish between the various Defendants regarding their role in the alleged fraudulent conduct.  *See Begualg Inv. Management Inc.*, 2011 WL 4434891 at *4 (dismissing plaintiffs' fraudulent inducement claim where plaintiffs' complaint did "not detail[ ] the required who, what, where, when, how of the allegedly false statements and . . . fail[ed] to specify each [d]efendant's participation in the alleged fraud")*; see Groom v. Bank of America,* Case No. 8:08–cv–2567–JDW–EAJ, 2012 WL 50250, * 8 (M.D. Fla. Jan. 9, 2012) (dismissing fraud counts where Plaintiff "simply lump[ed] all Defendants together and, in doing so, accuse[d] every Defendant of identical conduct" thereby "fail[ing] to identify with any specificity 'the who, what, when, where and how of the allegedly false statements'"); *see supra Destfino v. Reiswig*, 630 F.3d at 958 (affirming dismissal of the amended complaint where it failed to satisfy Rule 9(b)'s particularity requirements with "'everyone did everything' allegations").

      The only particularized "who" allegation in Plaintiff's Complaint concerns non-party Bethenny Frankel.  Ms. Frankel is alleged to have "launched the Skinny Girl Brand" and is alleged to have made the statement that "her margarita has only natural ingredients, with no preservatives" during a Wall Street Journal interview on March 21, 2011.  (Compl. at ¶¶ 4 and 25).  Plaintiff's allegations regarding Ms. Frankel's statement, however, miss the mark and are insufficient to survive a motion to dismiss.  Plaintiff does not allege that she ever saw Ms. Frankel's alleged March 21, 2011 statement ***prior*** to making her purchase.  Moreover, any purported statement by Ms. Frankel cannot, on the facts alleged, be attributed to Skinny Girl or SGC, nor form a link in the chain of reliance on such statement by either of these Defendants.

### 3. *Plaintiff Fails to Plead With Particularity the Content and Manner of the Allegedly Misleading Advertising*

Plaintiff's Complaint is replete with generalized and conclusory references to "Defendants' deceptive and misleading marketing campaign" and "misleading advertisements" regarding Skinnygirl Margaritas being "All Natural." Plaintiff fails, however, to allege the specific representations or statements that *she* is claiming constitute the misleading marketing and advertising and that *she* saw/read and relied upon. Nor does Plaintiff allege the manner in which the purportedly misleading representations or statements were made *to her*. Plaintiff's generalized allegations regarding the marketing campaign for Skinnygirl Margarita are insufficient to state a claim for fraud unless Plaintiff can allege the specific statements or representations made by Defendant Skinny Girl or SGC, allege that *she* actually saw or read the specific statements or representations, and allege that she actually relied upon them prior to making her purchase(s) -- which Plaintiff's Complaint has utterly failed to do.

As set forth above, the only allegations Plaintiff makes specific to her own alleged purchase of the Skinnygirl Margarita beverage are in paragraphs 13 and 36: "Plaintiff . . ., during the proposed class period, purchased Skinnygirl Margarita in Broward County, Florida. . . . The Plaintiff purchased Margaritas instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients." However, Plaintiff does not allege what the bottle label specifically stated, as required by Rule 9(b). Nor does Plaintiff allege that the bottle label pictured in paragraph 8 of the Complaint is the same bottle label Plaintiff saw, read and relied upon. Simply put, there are no allegations that the bottle label depicted in the Complaint is from the bottle Plaintiff actually saw or relied upon in making her purchase. Plaintiff's vague allegation regarding an unidentified bottle label -- which is in no way tied to her equally vague alleged purchase -- falls short of the heightened fraud

pleading requirements under Rule 9(b) and is insufficient to support a claim for misleading advertising.  *See Edmunson*, 2011 WL 1897625 at *5 (granting motion to dismiss because Plaintiff did not "allege that the packaging depicted is the packaging Plaintiff saw or relied on").

### *4.   Plaintiff's Complaint Fails to Adequately Plead Reliance*

Plaintiff's Second Cause of Action should be also be dismissed because it fails to sufficiently allege reliance.  Plaintiff's general and conclusory allegation that she purchased Skinnygirl Margaritas "[i]n reliance on Defendants' deceptive and misleading advertising and marketing campaign," [7] being devoid of any particularized allegations, is ineligible for consideration.  *See supra DiPilato v. Rudd & Diamond, P.A.*  Plaintiff simply fails to allege that she actually read or saw any misleading advertising or marketing statements *prior* to purchasing the Skinnygirl Margarita beverage.  Indeed, Plaintiff does not even allege that she saw or read any purported misleading advertising or marketing statements at any time.  Florida law follows the common sense approach that one cannot rely on what one has not seen.  *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 742-43 (11th Cir. 1995) (applying Florida law and dismissing fraudulent inducement claim for lack of reliance because plaintiff did not allege that its employees had actually read the allegedly false statements).  Further, Plaintiff's general allegation that she purchased Skinnygirl Margarita "instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients"[8] is insufficient, as Plaintiff does not allege that she *relied* on the Skinnygirl Margarita bottle label *prior* to making her purchase.  *See Humana, Inc. v. Castillo*, 728 So. 2d 261, 265 (Fla. 2d DCA 1999) ("Florida law . . . requires a party asserting fraud to establish that <u>but for</u> the alleged

---

[7] Compl. at ¶ 12.

[8] Compl. at ¶ 36.

misrepresentation or nondisclosure, the party would not have entered the transaction.") (emphasis added).

Viewed in a light most favorable to Plaintiff, and assuming the truth of the facts as pled, the Complaint is clearly devoid of the required particularized fraud allegations necessary to sustain a claim of misleading advertising as to Defendant Skinny Girl or SGC and, as a result, Plaintiff's Second Cause of Action should be dismissed as to those parties.

### D. **Plaintiff's Unjust Enrichment Claim Fails Because Plaintiff Has an Adequate Remedy at Law and Because Plaintiff Has Failed to Allege the Requisite Elements for the Claim**

In her Fourth Cause of Action, Plaintiff seeks to hold Defendants liable for unjust enrichment. To state a claim for unjust enrichment, Plaintiff must plead the following elements: (1) a benefit directly conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. *Rollins, Inc.* 951 So. 2d at 876; *Nichols v. Wm. Wrigley Jr. Co.,* Case No. 10-80759-CIV, 2011 WL 181458, *5 (S.D. Fla. Jan. 19, 2011). *D.H.G. Properties, LLC v. Ginn Companies, LLC,* Case No. 3:09-cv-735-J-34JRK, 2010 WL 5584464, *10 (M.D. Fla. Sept. 28, 2010). Because a claim for unjust enrichment is equitable in nature, the ***claim is not available when there is an adequate legal remedy***. *Prohias v. Pfizer, Inc.,* 490 F. Supp. 2d 1228, 1237 (S.D. Fla. 2007); *Nichols*, 2011 WL 181458 at *4.

In *Prohias v. Pfizer*, Judge Jordan dismissed the plaintiffs' unjust enrichment claim because the plaintiffs had an adequate remedy at law under their consumer fraud and negligent misrepresentation claims. Similarly, in *Nichols*, Judge Cohn dismissed the plaintiff's unjust enrichment claim, which was pled in the alternative, because the plaintiff had an adequate

remedy at law under his fraud, negligent misrepresentation and warranty claims. Here, like the complaint in *Prohias* and *Nichols*, Plaintiff's unjust enrichment claim seeks recovery for the ***exact same alleged wrongful conduct*** as Plaintiff's FDUTPA (First Cause of Action), Misleading Advertising (Second Cause of Action) and Breach of Express Warranty (Third Cause of Action) claims. Because Plaintiff's First, Second and Third Causes of Action demonstrate that Plaintiff asserts that she has an adequate remedy at law, Plaintiff's unjust enrichment claim fails and should be dismissed.

Plaintiff's unjust enrichment claim should be dismissed for the additional reason that Plaintiff fails to allege the requisite elements for an unjust enrichment claim. Plaintiff does not allege that she ***directly*** conferred a benefit upon Defendant Skinny Girl or SGC -- instead, Plaintiff lumps all three (3) Defendants into her Fourth Cause of Action and generally alleges that she "conferred a benefit upon Defendants." *See Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Florida, N.A.,* 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (dismissing unjust enrichment count with prejudice because plaintiff could not and did not allege that it had directly conferred a benefit on the defendants). Although indirect contact between a defendant and plaintiff does not preclude a finding that the defendant received a direct benefit from the plaintiff, *see Williams v. Wells Fargo Bank N.A.*, No. 11–21233–CIV, 2011 WL 4368980, *10 (S.D. Fla. Sept. 19, 2011), Plaintiff's Complaint ***does not plead any facts*** demonstrating, or from which it could be reasonably inferred, that Plaintiff actually conferred a direct benefit on Skinny Girl or SGC. As set forth above, Plaintiff's Complaint is devoid of any particularized allegations regarding her actual purchase of the Skinnygirl Margarita beverage. Plaintiff's concession that in "early 2011" Defendant Beam purchased the Skinnygirl brand, when coupled with her failure to specify from whom she made her purchase, renders Plaintiff's unjust enrichment claim

untenable against any particular Defendant. Plaintiff's failure to meet this basic pleading requirement to state a claim for unjust enrichment warrants dismissal of Plaintiff's Fourth Cause of Action.

**WHEREFORE**, Defendants, SKINNY GIRL COCKTAILS, LLC and SGC GLOBAL, LLC, respectfully request this Court enter an Order dismissing Plaintiff's Class Action Complaint, awarding Defendants Skinny Girl and SGC their costs and attorneys' fees pursuant to Fla. Stat. §§ 501.2105 and 817.41(6), and granting such other relief as this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| Co-Counsel:<br>Robert J. Herrington, Esquire<br>California Bar No. 234417<br>*Email: herringtonr@gtlaw.com*<br>Rick L. Shackelford, Esquire<br>*Email: shackelfordr@gtlaw.com*<br>GREENBERG TRAURIP, LLP<br>2450 Colorado Avenue<br>Suite 400E<br>Santa Monica, CA 90404<br>Telephone: (310) 586-7700<br>(admitted *pro hac vice*) | Counsel for Defendants SKINNY GIRL COCKTAILS, LLC and SGC GLOBAL, LLC<br><br>*/s/ Jeffrey Allan Hirsch*<br>Jeffrey Allan Hirsch, Esquire<br>Florida Bar No. 199850<br>*Email: hirsch@gtlaw.com*<br>Kristina L. Arnsdorff, Esquire<br>Florida Bar No. 0040596<br>*Email: arnsdorffk@gtlaw.com*<br>GREENBERG TRAURIG, P.A.<br>401 East Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-765-0500<br>Facsimile: 954-765-1477 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of January 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<i>/s/ Jeffrey Allan Hirsch</i><br>
JEFFREY ALLAN HIRSCH

**SERVICE LIST**

*Counsel for Plaintiffs and the Class*
Stuart A. Davidson
Florida Bar No.: 084824
*Email:  sdavidson@rgrdlaw.com*
Cullin A. O'Brien
Florida Bar No. 597341
*Email: cobrien@rgrdlaw.com*
Mark J. Dearman
Florida Bar No. 982407
*Email:  mdearman@rgrdlaw.com*
ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida  33432
Telephone:  561-750-3000
Facsimile:  561-750-3364

WALDEN LAW FIRM, PLLC
Ark. Bar No.  2006069
Email:  *rwalden@waldenlawfirm.com*
10121 N. Rodney Parham #5
Little Rock, AR  72227
Telephone:  501-907-7000
Facsimile:  888-220-7933

Nabil Majed Nachawati , II
*Email: mn@fnlawfirm.com*
FEARS NACHWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: 214-890-0711

R. Dean Gresham
*Email: dgresham@greshampc.com*
GRESHAM PC
2311 Cedar Springs Road,  Suite 200
Dallas, Texas 75201
Telephone: 214-420-9995

*Counsel for Beam Global Spirits and Wine, Inc*.
Benjamine Reid
Florida Bar No. 183522
*E-mail: breid@carltonfields.com*
Amy Lane Hurwitz
*Email: ahurwitz@carltonfields.com*
CARLTON FIELDS, P.A.
100 S.E. Second Street, #4200
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Donald I. Strauber
*Email: dstrauber@chadbourne.com*
Mary T. Yelenick
*Email: myelenick@chadbourne.com*
Garrett S. Kamen
*Email: gkamen@chadbourne.com*
CHADBOURNE & PARKE
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-408-5100

*DEN 97,718,731v1 1-20-12*