UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC AND BEAM GLOBAL
SPIRITS AND WINE, INC.

      Defendants.
_____/

**BEAM GLOBAL SPIRITS & WINE, LLC.'S STATEMENT OF MATERIAL
FACTS AND EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY</u>**

Defendant BEAM GLOBAL SPIRITS & WINE, LLC ("Beam Global") (f/k/a Beam Global Wine & Spirits, Inc.), through undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and Local Rule 7.5, hereby files its statement of disputed material facts and evidentiary objections in response to the Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment as to Liability (Dkt. No. 40) ("Plaintiff's Statement") and in opposition to the Motion for Partial Summary Judgment as to Liability (Dkt. No. 37) ("Motion"), both dated January 4, 2012) and filed by plaintiff REGINA GREENE ("Plaintiff"), and states:

I. **BEAM GLOBAL'S RESPONSE TO GREENE'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION**

1. Plaintiff's Statement ¶ 1 is disputed, except that Beam Global admits that Bethenny Frankel is a celebrity who appeared on *The Real Housewives of New York City*. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 1 is her own unverified Complaint, which is inadmissible hearsay and is not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan. 2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006).

2. Plaintiff's Statement ¶ 2 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 2 is her own unverified Complaint, which is inadmissible hearsay and is not based on personal knowledge. *See* Fed. R. Evid. 801-804, 802; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Further, Plaintiff's Statement ¶ 2's assertion that "Defendants" undertook certain actions in early 2010 is false; Beam Global had no involvement in marketing or selling Skinnygirl Margarita before March 2011. Declaration of Steve Fechheimer, attached as Exhibit 1 to Beam Global's Opposition to Plaintiff's Motion for Partial Summary Judgment, at ¶ 3.

3. Plaintiff's Statement ¶ 3 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 3 is her own unverified Complaint, which is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Further, Plaintiff's Statement ¶ 3's assertion that "Defendants" undertook certain actions "since

1

2010" is false; Beam Global had no involvement in marketing or selling Skinnygirl Margarita before March 2011. Fechheimer Decl., ¶ 3.

4.  Plaintiff's Statement ¶ 4 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 4, Davidson Decl. Exh. B, a purported on-line report of an interview of Bethenny Frankel with "the New York Enterprise Report," is inadmissible hearsay, and hearsay within hearsay, contains statements not made on personal knowledge, and is not properly authenticated. *See* Fed. R. Evid. Rules 801-805, 602, and 901; Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (*quoting* United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

5.  Plaintiff's Statement ¶ 5 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 5 is her own unverified Complaint, which is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Further, Statement ¶ 5 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described.

6.  Plaintiff's Statement ¶ 6 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 6 is her own unverified Complaint, which is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. Rules 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Further, Statement ¶ 6 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described.

7.  Plaintiff's Statement ¶ 7 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 7 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla.

Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. C is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011). Plaintiff's counsel asserts that the document was printed from a "web.archive.org" web site in December 2011. Plaintiff offers no evidence to show this material was posted on a website by Beam Global or any other defendant, or when or for how long it appeared. Further, Statement ¶ 7 and the cited Complaint paragraph do not differentiate among the defendants, and do not state that Beam Global took the actions described.

8.  Plaintiff's Statement ¶ 8 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 8 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. D, a purported printout of an on-line article, is inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (*quoting* United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

9.  Plaintiff's Statement ¶ 9 is disputed, except that Beam Global admits that its subsidiary, Jim Beam Brands Co. ("Jim Beam"), purchased the Skinnygirl Margarita trademark on March 17, 2011. Fechheimer Decl., ¶ 2. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 9 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602;

3

Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. D, which purports to be a printout of an on-line press article, is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (*quoting* United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

   10. Plaintiff's Statement ¶ 10 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 10 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. E, a purported printout of an on-line article, is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (*quoting* United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

   11. Plaintiff's Statement ¶ 11 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 11 is inadmissible. First, the unverified

Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; <u>Dawley v. N.F. Energy Sav. Corp. of Am.</u>, 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); <u>Wallace v. City of Tarpon Springs</u>, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. E, a purported printout of an on-line press article, is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; <u>St. Luke's Cataract & Laser Institute, P.A. v. Sanderson</u>, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); <u>Sam's Riverside, Inc. v. Intercom Solutions, Inc.</u>, 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); <u>Williams v. Consol. City of Jacksonville</u>, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); <u>Slone v. Judd</u>, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (*quoting* <u>United States v. Baker</u>, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

12.     Plaintiff's Statement ¶ 12 is disputed. Beam Global objects that the statements in ¶ 12 require expert testimony compliant with Fed. R. Evid. 702-703, and Plaintiff has not provided such testimony. The only "evidence" cited in support of Plaintiff's Statement ¶ 12, Davidson Decl. Exhs. G and H, are inadmissible hearsay. *See* Fed. R. Evid. 803(18) (statements in learned treatises, periodicals on scientific matters are hearsay except to the extent addressed by an expert on direct or cross-examination and established as a reliable authority).

13.     Plaintiff's Statement ¶ 13 is disputed. Beam Global objects that the statements in ¶ 13 require expert testimony compliant with Fed. R. Evid. 702-703, and Plaintiff has not provided such testimony. The only "evidence" cited in support of Plaintiff's Statement ¶ 13, the Complaint and Davidson Decl. Exh. I, an online article by "Chris Mercer," are inadmissible hearsay and are not based on personal knowledge. Fed. R. Evid. 801-804 and 602; <u>Dawley v. N.F. Energy Sav. Corp. of Am.</u>, 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); <u>Wallace v. City of Tarpon Springs</u>, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006); *see also* Fed. R. Evid. 803(18) (statements in learned treatises, scientific periodicals are hearsay except to the extent addressed by an expert and established as a reliable authority). In addition, Davidson Decl. Exh. I, is not properly authenticated. *See* Fed. R. Evid. 602 and 901; <u>St. Luke's Cataract & Laser Institute, P.A. v. Sanderson</u>, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); <u>Sam's</u>

5

Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (quoting United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)).

14. Plaintiff's Statement ¶ 14 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 14 is the unverified Complaint, which is inadmissible hearsay and not based on personal knowledge. See Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Further, Statement ¶ 14 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described.

15. Plaintiff's Statement ¶ 15 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 15 is inadmissible. First, her own unverified Complaint, is inadmissible hearsay and not based on personal knowledge. See Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. J, which purports to be a printout of an on-line press article, is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. See Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011); Williams v. Consol. City of Jacksonville, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2008) ("The articles are the creation of newspaper reporters who are not listed as witnesses in this case, and they are rife with inadmissible hearsay, as they would be offered primarily to establish the truth of their contents"); Slone v. Judd, 2011 WL 1124618, at *3 (M.D. Fla. Mar. 25, 2011) ("Newspaper articles are inadmissible hearsay when 'relevant primarily to establish the truth of their contents'") (quoting United States v. Baker, 432 F.3d 1189, 1211-12 (11th Cir. 2005)). Further, nowhere in Davidson Decl. Exh. J is Frankel reported to have said

that prior marketing or labeling statements were inaccurate. Moreover, Plaintiff has made no showing that statements made by Frankel are properly attributable to Beam Global.

16. Plaintiff's Statement ¶ 16 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 16 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. K is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011). Plaintiff's counsel Davidson asserts the document is a "Screenshot of Skinny Girl web site as of September 5, 2011," but does not explain how he knows this, or when or how the "screenshot" was taken. Plaintiff also fails to present any evidence that "Skinny Girl web site" statements as of that date are properly attributable to Beam Global. Statement ¶ 16 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described. Davidson Decl. Exh. K does not, as Statement ¶ 16 suggests, say that Skinnygirl Margarita marketing or labeling were inaccurate, that sodium benzoate in Skinnygirl Margarita functions as a preservative in that product, or that Skinnygirl Margarita contains any "unnatural" ingredient.

17. Plaintiff's Statement ¶ 17 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 17 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Sav. Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. L is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; St. Luke's Cataract & Laser Institute, P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); Sam's Riverside, Inc. v. Intercom Solutions, Inc., 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011). Plaintiff's counsel Davidson asserts that the document is a "Screenshot of Skinny Girl web site as of September 5, 2011," he does not explain how he

knows this, or when or how the "screenshot" was taken. Plaintiff fails to present any evidence that "Skinny Girl web site" statements as of that date are properly attributable to Beam Global. Statement ¶ 17 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described. Davidson Decl. Exh. L does not, as suggested in Statement ¶ 17, state that Skinnygirl Margarita marketing or labeling were inaccurate, or that any "unnatural" ingredient is contained in Skinnygirl Margarita.

18.     Plaintiff's Statement ¶ 18 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 18 is inadmissible. First, the unverified Complaint is inadmissible hearsay and not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; <u>Dawley v. N.F. Energy Sav. Corp. of Am.</u>, 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); <u>Wallace v. City of Tarpon Springs</u>, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006). Second, Davidson Decl. Exh. L is also inadmissible hearsay, contains hearsay within hearsay, is not based on personal knowledge and is not properly authenticated. *See* Fed. R. Evid. 801-804, 602 and 901; <u>St. Luke's Cataract & Laser Institute, P.A. v. Sanderson</u>, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); <u>Sam's Riverside, Inc. v. Intercom Solutions, Inc.</u>, 790 F. Supp. 2d 965, 980-81 (S.D. Iowa 2011). Plaintiff's counsel Davidson asserts that the document is a "Screenshot of Skinny Girl web site as of September 5, 2011," he does not explain how he knows this, or when or how the "screenshot" was taken. Plaintiff also fails to present any evidence that "Skinny Girl web site" statements as of that date are properly attributable to Beam Global. Statement ¶ 17 and the cited portion of the Complaint do not differentiate among the defendants, and do not state that Beam Global took the actions described. Davidson Decl. Exh. M does not, as suggested in Statement ¶ 18, state that Skinnygirl Margarita marketing or labeling were inaccurate, or that any "unnatural" ingredient is contained in Skinnygirl Margarita.

19.     Beam Global admits that Donald Strauber, counsel for Beam Global, made the statement quoted in Statement ¶ 19 at the MDL hearing on December 1, 2011. Beam Global denies that Mr. Strauber is counsel for the other Defendants in this action.

20.     Plaintiff's Statement ¶ 20 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 20 is the unverified Complaint, which is inadmissible hearsay and is not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; <u>Dawley v. N.F. Energy Sav. Corp. of Am.</u>, 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); <u>Wallace v. City of Tarpon Springs</u>, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006).

21.     Plaintiff's Statement ¶ 21 is disputed. Beam Global objects that the only "evidence" cited in support of Plaintiff's Statement ¶ 21 is the unverified Complaint, which is inadmissible hearsay and is not based on personal knowledge. *See* Fed. R. Evid. 801-804 and 602; Dawley v. N.F. Energy Saving Corp. of Am., 2008 Westlaw 53624, *2 (M.D. Fla. Jan.2, 2008); Wallace v. City of Tarpon Springs, 2006 Westlaw 2982852, *1 (M.D. Fla. Oct. 18, 2006).

22.     Beam Global does not dispute that Plaintiff's counsel sent a letter in the form appearing at page 24 of Davidson Decl. Exh. O to Beam Global on or about September 2, 2011.

## II.     BEAM GLOBAL'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GREENE'S MOTION.

23.     Beam Global's subsidiary Jim Beam purchased the Skinnygirl Margarita trademark and certain related rights in a March 17, 2011, asset-purchase agreement with Skinny Girl Cocktails LLC and others. Fechheimer Decl., ¶ 2.

24.     Before March 17, 2011, Beam Global and Jim Beam did not own the Skinnygirl Margarita product, or have any involvement in marketing or selling it. Fechheimer Decl., ¶ 3.

25.     Further, neither Beam Global nor Jim Beam assumed any liability for sales or marketing activities occurring before the March 17, 2011, acquisition. Fechheimer Decl., ¶ 4.

26.     The labels Beam Global used on the Skinnygirl Margarita product, and the formula for that product, were duly submitted to, and approved by, the TTB. Declaration of Jennifer Alexander, attached as Exhibit 3 to Beam Global's Opposition to Plaintiff's Motion for Partial Summary Judgment, at ¶ 2.

27.     Sodium benzoate is the salt of benzoic acid, a naturally occurring substance that is present in numerous everyday foods, including fruits, vegetables and milk. Declaration of Luke Adam, Ph.D, attached as Exhibit 4 to Beam Global's Opposition to Plaintiff's Motion for Partial Summary Judgment, at ¶ 2. Indeed, sodium benzoate is produced naturally by the human body when certain ordinary foods are consumed. *Id.*, ¶ 3.

28.     A minute amount of sodium benzoate is present in flavoring ingredients added to the tequila in Skinnygirl Margarita. Adam Decl., ¶ 4. The amount of sodium benzoate is less than 0.1% of the flavoring ingredients. *Id.*, ¶ 4.

29.     The sodium benzoate in Skinnygirl Margarita does not function as a preservative in that product; indeed the amount of sodium benzoate in Skinnygirl Margarita is too low to be effective as a preservative in that product.  Adam Decl., ¶ 5.

Dated:  February 13, 2012

Respectfully submitted,

BY: s/Amy Lane Hurwitz
BENJAMINE REID
Florida Bar No.: 183522
AMY LANE HURWITZ
Florida Bar No. 0343810
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ahurwitz@carltonfields.com

*Counsel for Defendant Beam Global Spirits & Wine LLC*

Of Counsel:

CHADBOURNE & PARKE LLP
Donald I Strauber
Mary T. Yelenick
Stacy Trimmer
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
dstrauber@chadbourne.com
myelenick@chadbourne.com
strimmer@chadbourne.com

CHADBOURNE & PARKE LLP
Robin D. Ball
Susan St. Denis
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045
rball@chadbourne.com
sst.denis@chadbourne.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/Amy Lane Hurwitz*
AMY LANE HURWITZ

22111384.1