**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case Number:  0:11-cv-61965-KMW**

REGINA GREENE, individually and on behalf
of all others similarly situated,

       Plaintiffs,

vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL
SPIRITS AND WINE, INC.,

       Defendants.

**<u>DEFENDANTS SKINNY GIRL COCKTAILS, LLC'S AND SGC GLOBAL, LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO LIABILITY AND INCORPORATED MEMORANDUM OF LAW</u>**

**Table of Contents**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................. 1 | |
| II. | PROCEDURAL HISTORY................................................................. 3 | |
| III. | FACTUAL BACKGROUND ................................................................ 4 | |
| | A. | Background of the Skinny Girl Brand ................................. 4 |
| | B. | Beam Buys The Skinny Girl Business In March 2011 / SGC Defendants Exit The Skinny Girl Business ............................. 5 |
| | C. | Deficiencies in Plaintiff's Complaint and Motion for Summary Judgment .......... 5 |
| IV. | ARGUMENT ....................................................................................... 6 | |
| | A. | Summary Judgment Standard ............................................ 6 |
| | B. | The Court Should Deny Plaintiff's Motion for Partial Summary Judgment As Premature....................................... 7 |
| | C. | Plaintiff's Motion Fails On Her FDUTPA Claim................................ 11 |
| | D. | Plaintiff's Motion Fails On Her Misleading Advertising Claim ......................... 13 |
| | E. | Plaintiff's Motion Fails As To Her Breach of Warranty Claim Against the SGC Defendants. ................................ 14 |
| | F. | Plaintiff's Motion Must Fail As To Her Unjust Enrichment Claim ..................... 14 |
| V. | CONCLUSION.................................................................................... 15 | |

Case Number:  0:11-cv-61965-KMW

## Federal Cases

*Blumel v. Mylander*,
  919 F.Supp. 423, 429 (M.D.Fla. 1996) ................................................................... 11

*Clark v. Coates & Clark, Inc.*,
  929 F.2d 604 (11th Cir. 1991) ........................................................................... 8, 12

*Cowan v. J.C. Penney Co., Inc.*,
  790 F.2d 1529 (11th Cir. 1986) ............................................................................. 9

*Dean v. Parker*,
  951 F.2d 1210 (11th Cir. 1992) ............................................................................. 9

*Doebele v. Sprint/United Mgmt. Co.*,
  342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ........................................................... 3

*Duldulao v. Sunshine Rest. Merger Sub, LLC*,
  No. 8:11-cv-1412-T-33MAP, 2011 WL 6055954, at *2  (M.D.Fla. Dec. 6, 2011) ................. 10

*Ferguson v. DeStefano*,
  No. 10-80385-CIV, 2010 WL 4810825, **1-3  (S.D.Fla. Sept. 2, 2010) ............................... 10

*Galligan v. Raytheon Co.*,
  No. 8:08-cv-2427-T-33TGW, 2009 WL 2985689, at *2  (M.D.Fla. Sept. 15, 2009) ............. 13

*Gordon v. Watson*,
  622 F.2d 120 (5th Cir. 1980) ........................................................................... 9, 13

*Holtzman v. B/E Aerospace, Inc.*,
  No. 07-80551-CIV, 2008 WL 2705428, *1  (S.D. Fla. July 9, 2008) ................................ 13

*Jones v. City of Columbus, Ga.*,
  120 F.3d 248 (11th Cir. 1997) ....................................................................... 10, 13

*Kaser v. Swann*,
  141 F.R.D 337 (M.D. Fla. 1991) ........................................................................... 16

*Ledford v. Peeples*,
  657 F.3d 1222 (11th Cir. 2011) ............................................................................. 2

*Macuba v. Deboer*,
  193 F.3d 1316 (11th Cir. 1999) ............................................................................. 9

*McCaskill v. Ray*,
  279 Fed. Appx. 913 (11th Cir. 2008) ................................................................. 9, 13

*Pearson v. Su Ok Sin*,
  No. 07-61913-CIV, 2008 WL 938873, *1-*2  (S.D.Fla. Apr. 7, 2008) ................................ 13

*Pop's Pancakes, Inc. v. NuCO2, Inc.*,
  251 F.R.D. 677 (S.D. Fla 2008) ........................................................................... 15

Prohias v. Pfizer,, I
  nc. 485 F. Supp. 2d 1329 (S.D. Fla. 2007) ............................................................. 8

ii

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) ......................................................................... 3

*QBE Ins. Corp. v. Griffin*,
   No. 2:08-cv-949-MEF, 2009 WL 1586599, at *2  (M.D.Ala. June 4, 2009) .......................... 10

*R.W. Cannon, Inc.*,
   2008 WL 2229538 ..................................................................................... 15

*Rajput v. City Trading, LLC*,
   746 F.Supp.2d 1325 (S.D. Fla. 2010) ................................................................. 17

*Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*,
   No. 08-61240-CIV, 2008 WL 4613059, at *2  (S.D.Fla. Oct. 15, 2008) ............................... 13

*Raytheon Co.*,
   2009 WL 298689 ...................................................................................... 15

*Redmond v. Receivables Performance Mgmt., LLC*,
   No. 8:11-cv-692-T-30EAJ, 2011 WL 4715175, at **1-2  (M.D.Fla. Oct. 7, 2011)...................... 10

*Reese v. Herbert*,
   527 F.3d 1253, n.29  (11th Cir. 2008) ................................................................ 8

*Rodgers v. Global Prophets, Inc.*,
   No. 09-80753-CIV, 2009 WL 3288130, at **1-2  (S.D.Fla. Aug. 18, 2009).......................... 10

*Sledge v. Goodyear Dunlop Tires of North America*,
   275 F.3d 1014 (11th Cir. 2001) ....................................................................... 9

*Smith v. Mellon Bank*,
   957 F.2d 856 (11th Cir. 1992) ....................................................................... 16

*Smith v. Wm. Wrigley J. Co.*,
   663 F. Supp. 2d 1336 (S.D. Fla. 2009) ............................................................... 14

*Snook v. Trust Co. of Ga.*,
   859 F.2d 865 (11th Cir. 1988) ..................................................................... 9, 11

*Van v. Miami-Dade County*,
   509 F.Supp. 2d 1295 (S.D. Fla. 2007) ......................................................... 12, 16, 17

*Ventrassist Pty Ltd. v. Heartware, Inc.*,
   377 F.Supp.2d 1278 (S.D. Fla. 2005) ................................................................. 11

*WSB-TV v. Lee*,
   842 F.2d 1266 (11th Cir. 1988) ...................................................................... 11

*Zaki Kulaibee Establishment v. McFlicker*,
   788 F. Supp. 2d 1363 (S.D. Fla. 2011) ............................................................... 17

**State Cases**

*General Motors Acceptance Corp. v. Laesser*,
    718 So.2d 276 (Fla. 4th DCA 1998) ............................................................................ 13

*Joseph v. Liberty Nat'l Bank*,
    873 So.2d 384 (Fla. 2d DCA 2004) ............................................................................ 14

**Federal Rules**

Fed. R. Civ. P. 56 ............................................................................................................ 2

Fed. R. Civ. P. 56(c)(2) ............................................................................................. 2, 3

Fed. R. Civ. P. Rules 26 .................................................................................................. 3

Fed. R. Evid. 602 .......................................................................................................... 13

Fed.R.Civ.P. 11 ............................................................................................................ 10

FRCP 56(d) ................................................................................................................... 12

**Local Federal Rules State Regulations**

L.R. 16.1 ............................................................................................................... 4, 5, 6

S.D. Fla. L.R. 56.1 .......................................................................................................... 2

Defendants SKINNY GIRL COCKTAILS, LLC and SGC GLOBAL, LLC (collectively, the "SGC Defendants"), pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, hereby respond in opposition to Plaintiff's Motion for Partial Summary Judgment as to Liability (D.E. 37), and in support state:

## I.    INTRODUCTION

Plaintiff's Motion for Partial Summary Judgment as to Liability ("Motion") is the prematurely filed offshoot of Plaintiff's shotgun Class Action Complaint ("Complaint"). The timing is all the more unfortunate, because Plaintiff's Complaint is so non-specific that the SGC Defendants have filed a Motion to Dismiss under Rule 12(b)(6) (D.E. 49), pointing out, among other deficiencies, that Plaintiff's allegations are so vague and conclusory that the Complaint fails even to state a claim against them.[1]

The standard for summary judgment is high. Plaintiff must come forward with admissible evidence to conclusively prove every element of her claim as against each named defendant in order to prevail on her Motion against that defendant. Measured by proper summary judgment standards, Plaintiff's Motion must be denied. Simply put, her moving papers are inadequate to establish anyone's liability *to her*. To begin with, there is no declaration from the Plaintiff that she ever purchased the Skinny Girl margarita product. Indeed, the only so-called "evidence" proffered at all to support the averments about Plaintiff's own conduct, including her alleged purchase of the product at issue, is disputed, as set forth in the SGC Defendants' accompanying Local Rule 56.1 statement and Fed. R. Civ. P. 56(c)(2) objections.

Without affirmative, admissible evidence of her purchase of the product at issue, her Motion could not possibly be granted as to any defendant.[2] That shortcoming alone prevents

---

[1]  As of the date of this opposition, Plaintiff has not responded to the Motion to Dismiss. For reasons set forth in the Motion to Dismiss, and touched upon again here, Plaintiff's haphazard style of pleading is unhelpful at best, and puts the Court to the needless task of sifting through the kind of who, what, when, where and how allegations that are more appropriately dealt with at the pleading stage as opposed to a summary judgment motion or, worse yet, on appeal. *See Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

[2]  Nor should Plaintiff be permitted to attempt to cure these shortcomings by providing a declaration in support of any reply papers, because the SGC Defendants will not have had an opportunity to address any such declaration. *See, e.g., Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (abuse of discretion to grant summary judgment based upon evidence offered for first time in reply papers); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (party opposing summary judgment must be given opportunity to respond to new

1

Plaintiff from making out a prima facie case on any of her claims and should end any further inquiry by this Court.

The deficiencies in Plaintiff's Motion do not stop with this fundamental failure of proof. As conceded by Plaintiff in her Complaint, "[i]n early 2011, Beam Global Spirits and Wine, Inc. purchased the Skinny Girl Brand…."  [Compl., ¶ 34.]  Based upon this averment, the timing of Plaintiff's purchase of the product (assuming she ever purchased it) is not only a material fact, it is a potentially dispositive fact.  Simply put, if she did not buy the product before the SGC Defendants sold to Beam, ***then she has no claim against the SGC Defendants***.  Obviously, Plaintiff's failure to produce any affirmative evidence on this point means that the Motion as against the SGC Defendants must be denied.

If anything, the "evidence" plaintiff has brought forward is even more deficient than the evidence she has not.  Apparently subscribing to the theory that "if my lawyer found it on the internet, it must be true," Plaintiff's only affirmative evidence is precisely that: printouts of things her lawyer found on the internet.  Federal Rule of Evidence 803 (Hearsay Exceptions) contains no "I found it on the internet and hit print" exception, so the hearsay and authentication problems with Plaintiff's evidence are insurmountable.[3]  And even if Plaintiff's collection of internet printouts were sufficiently authenticated (which they are not), Plaintiff has provided no foundation that would permit any of the purported "internet statements" proffered in support of her Motion to be attributable to the SGC Defendants.  Facially, they took place <u>after</u> Beam purchased the Skinny Girl brand and were all made by persons other than the SGC Defendants. *See* Declaration of David Kanbar ("Kanbar Decl.") at ¶ 5.  Plaintiff has proffered zero admissible evidence with respect to the SGC Defendants.

---

evidence offered for first time in reply).  Of course, that is what discovery is for, and this entire motion should have awaited development of a factual record in discovery.  Although a separate motion is not necessary under prevailing Eleventh Circuit precedent, the SGC Defendants through the undersigned counsel, for the reasons described below, respectfully request that if the Court is inclined to do anything other than deny this Motion outright, that it postpone ruling until the SGC Defendants can conduct discovery once they receive Plaintiff's Initial Disclosures, as contemplated by Fed. R. Civ. P. Rules 26 and 56(d), as to any of Plaintiff's claims remaining after the Court has adjudicated the SGC Defendants' pending Motion to Dismiss.  *See Snook v. Trust Co. of Ga.*, 859 F.2d 865, 869-871 (11th Cir. 1988).

[3]   The SGC Defendants have stated their objections to the "evidence" proffered in support of Plaintiff's Motion in a separate statement of evidentiary objections pursuant to Fed. R. Civ. P. 56(c)(2), filed along with this opposition.

Plaintiff's premature Motion, supported entirely by inadmissible assertions of disputed fact, cannot possibly prevail on this record.  Accordingly, Plaintiff's claims fail on the merits, and Plaintiff's Motion should be denied.

## II.    PROCEDURAL HISTORY

A review of the court's docket in this case helps explain why this case is still in infancy and consideration of Plaintiff's Motion is premature.  The case was filed on September 2, 2011 [D.E. 1.]  On November 14, 2011, the Court granted the SGC Defendants' unopposed motion to stay this case pending a transfer decision by the Judicial Panel on Multi-District Litigation.  [D.E. 23.]  Up to that point, the SGC Defendants' only other involvement had been an unopposed motion to extend the time to respond to the Plaintiff's Complaint, which was granted on October 31, 2011.  [D.E. 20.]

As a result of the Court's stay order, nothing happened until December 23, 2011.  On that date, Plaintiff filed a motion to lift the stay, because the Judicial Panel had declined to establish an MDL proceeding.  [D.E. 26.]  This Court entered its order lifting the stay on Wednesday, December 28, 2011 [D.E. 30], and which was clarified to allow the SGC Defendants to file their Motion to Dismiss on January 3, 2012 [D.E. 34].  Literally on the very next business day after, on January 4, 2012, Plaintiff filed her motion for summary judgment.  [D.E. 37.]  To call the Plaintiff's Motion premature is, if anything, an understatement.  The SGC Defendants did not even file a response to the Complaint until more than 2 weeks later, on January 20, 2012.  As noted above, the SGC Defendants' response was a motion to dismiss the Complaint on the grounds that it was inadequately pled and failed to state a claim against them.  [D.E. 49]. Even more significantly, and as it relates to the inability of the SGC Defendant's to take discovery, Rule 26(d) expressly prevented the SGC Defendants from even seeking discovery (including the deposition of the Plaintiff) before the parties conferred as required by Rule 26(f) and L.R. 16.1.

Thus, the SGC Defendants find themselves responding to a summary judgment motion in a case that is not even at issue as to them and only 17 days after concluding the Rule 26 and L.R.16.1 conference and the filing of the Scheduling Report on January 27, 2012.  [D.E. 50]  At this point, it is uncertain what, if any claims will survive; the likely result of the motion to dismiss is that Plaintiff will amend her Complaint.  As noted, no discovery has been conducted. By agreement of the parties, initial disclosures will be exchanged the day this opposition is filed. The SGC Defendants do not know what Plaintiff's disclosures will say, so at this point it would

be impossible to provide a complete catalogue of additional discovery they would need to fully respond to the motion as part of a Rule 56(d) showing.  However, they can say that, at a minimum, they would want to take the Plaintiff's deposition at a point after receiving Plaintiff's initial disclosure of documents and witnesses.  If she never bought the product before March 2011, it may be a short deposition and short discovery period.  But under the schedule the parties have jointly proposed to the Court, Defendants have until next January to complete fact discovery.  Thus, Plaintiff's motion was filed a year too soon.

### III.    FACTUAL BACKGROUND

**A.    Background of the Skinny Girl Brand**

Inasmuch as there is no evidence about Plaintiff before the Court, this section will be short, and will focus primarily on the period of time from development of the Skinny Girl margarita product until the business was acquired by Beam.  The product was developed as a low-calorie alternative to existing pre-mixed margarita products on the market.  (Kanbar Decl. at ¶ 2.)  Each serving contained only about 100 calories – a fraction of the calories contained in other pre-mixed, ready to serve margarita products.  (*Id.*)  Hence the name "Skinny Girl."

Skinny Girl Cocktails, LLC ("Skinny Girl") was formed in February 2009, founded by David Kanbar, Bethenny Frankel and others.  (Kanbar Decl. ¶2.)  The company's first product was the Skinny Girl Margarita.  Skinny Girl developed its margarita product with the help of Comax Flavors, a flavor technology company based in Melville, New York.  (*See id.* at ¶ 3).  All of the ingredients and flavors used by Comax to make the Skinny Girl Margarita were represented and labeled as "natural."  (*See id.*)  During the time that the SGC Defendants owned Skinny Girl (February 2009 to March 2011), they did not add (or ask Comax to add) any substance as a synthetic preservative.  (*See id.*)

The formula they developed with Comax was manufactured and bottled by a company called Mason Des Futailles in Quebec, Canada.  (Kanbar Decl. ¶ 3.)  Again, at no time during the SGC Defendants' ownership of the company did they add, or ask Des Futailles to add, any substance as a synthetic preservative.  (*See id.*)  After the product was manufactured and bottled by Mason Des Futailles, Skinny Girl arranged for distribution, which started in about September 2009.  (*Id.* ¶ 4.)

**B.      Beam Buys The Skinny Girl Business In March 2011 / SGC Defendants Exit The Skinny Girl Business**

After about a year, the SGC Defendants were approached by Defendant Beam Global Spirits and Wine, Inc. ("Beam"), which purchased the Skinny Girl brand and business by way of an asset purchase agreement that closed on March 17, 2011. (Kanbar Decl. ¶¶ 1, 5.)  As part of the acquisition, Skinny Girl changed its name to SGC Global LLC and after the acquisition the SGC Defendants had no further involvement with Skinny Girl Margaritas or any other Skinny Girl branded product; Beam was solely responsible for the contents of the product, the bottle label, and all advertising, marketing, production and distribution of the product.  (*See id*.)  The SGC Defendants had nothing to do with any statement, website, advertising or anything else regarding Skinny Girl products after March 17, 2011.  (*See id*.).

During the period of time before Beam bought the Skinny Girl business, the product never used anything other than natural ingredients. (Kanbar Decl. ¶3.)  Ingredients were identified on each bottle as required by applicable labeling laws.  Thus, when Mr. Kanbar learned about a report in September 2011 that a Whole Foods Store in Michigan stopped selling the product, purportedly on the ground that it contained sodium benzoate as a preservative, he was surprised. (*See id*. ¶ 3.)  He was even more surprised when this and other lawsuits started popping up around the country.

**C.      Deficiencies in Plaintiff's Complaint and Motion for Summary Judgment.**

This case was filed as merely one of several throughout the country, as the announcement by Whole Foods acted like a starter's pistol, setting off the veritable race to the courthouse.  In all of the other cases, the plaintiffs have been content to get their complaints on file, start sorting out the facts, and conducting discovery in order to assemble admissible evidence to support (or not) those facts.

Only this case is different.  For some inexplicable reason, this Plaintiff thought she could short circuit discovery and the assembly of admissible evidence and make the case purely about what happened after Beam acquired the brand from the SGC Defendants, and after the Whole Foods announcement.  She simply slapped together a complaint and referred to "Defendants" generically, without regard for any distinctions between legal entities or their roles.

Plaintiff has offered no admissible evidence to speak to what the SGC Defendants said or did before Beam acquired the brand.  To make out a claim against the SGC Defendants, Plaintiff

must point to statements the SGC Defendants made that caused her to buy the product, and then produce evidence that is admissible against the SGC Defendants to establish that the statements were false when applied to that product.  Without those two basic elements covered, this Motion never even gets to the remaining elements of the claims.

The SGC Defendants do not believe Plaintiff's showing is sufficient to permit her Motion to be granted as against any defendant.  Plaintiff has submitted no admissible evidence demonstrating that she ever bought the Skinny Girl Margarita product or whether any purchase was made before or after the Beam acquisition.  Given the lack of information about the timing of her alleged purchase(s), Plaintiff has no basis for suing the SGC Defendants.  To make matters worse, there is zero evidence before the Court regarding the causation element of her prima facie case for "liability."  We also do not know whether Plaintiff has stopped buying the product altogether.  If not, she has no claim at all, because a party who continues to buy a product even after learning about allegedly "deceptive" practices has no cognizable claim.  *Prohias v. Pfizer, Inc.* 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007).

We do know one thing for certain.  Plaintiff has produced no evidence whatsoever that she purchased any product distributed by the SGC Defendants that had any amount of sodium benzoate in it.[4]  This is the linchpin to all of her claims.  Without such evidence, her claims necessarily fail against the SGC Defendants.

## IV.   ARGUMENT

### A.   Summary Judgment Standard

The standard for summary judgment is well-established, but bears repeating here, in part to emphasize how unorthodox Plaintiff's Motion is.  As explained by the Eleventh Circuit:

> The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Thus, in reviewing a motion for summary judgment, the issue that must be addressed "in the first instance" is whether

---

[4] The SGC Defendants believe Plaintiff's claims would be problematic even if she had affirmative evidence that the product contained sodium benzoate.

the moving party's papers are sufficient of themselves to carry that party's initial burden on summary judgment.  *Id*. at 608-09.

Obviously, the effect of a summary judgment motion, if granted, is to dispose of the need for a trial.  For that reason, the proof standards are rather exacting.  The moving party must come forward with admissible evidence on every material fact that would have to be established at trial, and show that there are no genuine issues as to those facts.  *Id.* at 608.  Inadmissible hearsay, such as the stack of internet screen shots and unverified assertions in a complaint, cannot be considered on a motion for summary judgment.  *Reese v. Herbert*, 527 F.3d 1253, 1271, n.29 (11th Cir. 2008) (inadmissible hearsay may not be considered on summary judgment), *quoting Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *McCaskill v. Ray*, 279 Fed. Appx. 913, 915 (11th Cir. 2008) ("Unsworn statements … should not be 'consider[ed] in determining the propriety of summary judgment.'"), *quoting Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).  Moreover, every inference is given in favor of the party opposing summary judgment, and all reasonable doubts must be resolved in favor of the party opposing summary judgment. *Sledge v. Goodyear Dunlop Tires of North America*, 275 F.3d 1014, 1019 (11th Cir. 2001).

**B.**     **The Court Should Deny Plaintiff's Motion for Partial Summary Judgment As Premature.**

Because of these exacting evidentiary standards, summary judgment motions are most often reserved until a case has matured and a factual record has been developed.  As the Eleventh Circuit has frequently noted, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."  *Dean v. Parker*, 951 F.2d 1210, 1213 (11th Cir. 1992), *quoting Snook v. Trust Co. of Ga.*, 859 F.2d 865, 870 (11th Cir. 1988).  As the *Snook* court pointed out, the "common denominator" of cases in which summary judgment can be granted and upheld is "an adequate record."  859 F.2d at 870.   Thus, "generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests."  *Id. citing Cowan v. J.C. Penney Co., Inc.,* 790 F.2d 1529, 1532 (11th Cir. 1986).

Based upon these standards, Plaintiff's Motion cannot be granted and should be denied entirely as premature.  "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."  *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir.

1997); s*ee Rodgers v. Global Prophets, Inc*., No. 09-80753-CIV, 2009 WL 3288130, at **1-2 (S.D.Fla. Aug. 18, 2009) (denying motion for summary judgment as premature because it was filed "[w]ithout the completion, or at least a significant undertaking, of discovery."); *Duldulao v. Sunshine Rest. Merger Sub, LLC*, No. 8:11-cv-1412-T-33MAP, 2011 WL 6055954, at *2 (M.D.Fla. Dec. 6, 2011) (denying as premature motion for summary judgment filed before parties had engaged in meaningful discovery); *Ferguson v. DeStefano*, No. 10-80385-CIV, 2010 WL 4810825, **1-3 (S.D.Fla. Sept. 2, 2010) (recommending denial of summary judgment motion filed prior to expiration of adequate discovery period on the grounds that "there does not exist, and most likely could not exist, a record sufficient to allow [the non-movant] to respond to the quickly-filed summary judgment motion or for this Court to resolve [the] summary judgment motion on its merits." ); *Redmond v. Receivables Performance Mgmt., LLC*, No. 8:11-cv-692-T-30EAJ, 2011 WL 4715175, at **1-2 (M.D.Fla. Oct. 7, 2011) (denying motion for summary judgment as premature where discovery was still ongoing, and the non-movant had not yet received responses to its discovery requests, rendering the record "incomplete, or inadequate."); *QBE Ins. Corp. v. Griffin*, No. 2:08-cv-949-MEF, 2009 WL 1586599, at *2 (M.D.Ala. June 4, 2009) (denying motion for summary judgment as premature).

According to Federal Rule of Civil Procedure 56(c), summary judgment is granted only where the materials offered in support of the motion show that a material fact cannot be genuinely disputed. As noted above, the only "materials in the record" concerning the SGC Defendants are (i) an unopposed motion to extend time to respond to the Complaint; and (ii) a motion to dismiss.  That is not an adequate record upon which to grant summary judgment. "Rule 56, therefore, presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact."  *Ventrassist Pty Ltd. v. Heartware, Inc*., 377 F.Supp.2d 1278, 1287-88 (S.D. Fla. 2005).  As the Eleventh Circuit has noted, the Supreme Court's seminal summary judgment opinions caution that summary judgment is only appropriate where an adequate record has developed.  *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (consideration of summary judgment motion in six-months old action where no discovery had been taken constituted reversible error); *see also  Snook*, 859 F.2d at 870 (an "adequate record" must exist before summary judgment motion may be entertained).

In *Blumel v. Mylander*, the plaintiff filed a motion for summary judgment "when discovery just began." 919 F.Supp. 423, 429 (M.D.Fla. 1996). The court denied the motion as "blatantly premature," finding that "there has been inadequate time for discovery." *Id.* The court explained: "If the Court were to rule on the merits of [the plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate. Indeed, as the Eleventh Circuit has stressed, fairness to non-movants requires that they have ample opportunity to understand what facts can be genuinely disputed." *Id.* The court also warned:

> By bringing his motion so prematurely, [the plaintiff] not only disregards [the defendants'] discovery rights, but also wastes the Court's time.... [T]he Eleventh Circuit's position regarding when to bring a summary judgment motion is clear. In fact, [the plaintiff's] premature motion borders on violating Fed.R.Civ.P. 11 because it appears to be unwarranted by existing law or brought for an improper purpose.

*Id.*

Similarly, in *Ventrassist*, the court denied the defendant's motion for summary judgment as premature where the motion was predicated on declarations submitted on behalf of individuals that the plaintiff had not deposed. 377 F. Supp. 2d at 1288. The court explained that the non-moving party is entitled to conduct discovery to determine whether there exists a basis to challenge the averments at issue because such discovery "may ultimately reveal facts conflicting with those stated in the declarations." *Id.*

As noted above, Plaintiff has moved for summary judgment before the pleadings have been settled as to the SGC Defendants. Based upon the deficiencies in the complaint, the SGC Defendants do not yet know the facts alleged against them, and have not had an opportunity to explore them in discovery. Indeed, the parties just recently filed their Joint Scheduling Report (D.E. 50) on January 27, 2012 and have yet to even exchange Rule 26 Disclosures. As *Snook* makes clear, at a minimum, the SGC Defendants should be given the chance to depose Plaintiff on any claims remaining after the Court's adjudication of their pending Motion to Dismiss before summary judgment could be appropriate. Assuming a claim survives the Motion To Dismiss, once Plaintiff provides the required Initial Disclosures, Defendant can then conduct fundamental discovery of Plaintiff via deposition based upon the fundamental information relating to her claim mandated to be supplied pursuant to the Initial Disclosures.

Plaintiff cannot sidestep these principles by presenting inadequate moving papers that do not include any testimony from her at all. Nor can she lean on the allegations in her Complaint

as admissible "evidence" establishing the elements of her prima facie case, and therefore shift the burden to the SGC Defendants to come forward with evidence to show a disputed fact issues on matters Plaintiff would have to prove at trial.  That is what the Eleventh Circuit held in *Coates & Clark*: simply, the moving party's showing must be adequate to entitle her to judgment before the opposing party is held to **any** burden.  *See Coats & Clark, Inc.*, supra, 929 F.2d at 608 ("The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."); *see also Van v. Miami-Dade County*, 509 F.Supp. 2d 1295, 1299 (S.D. Fla. 2007) ("[T]he party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. … The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever." (citations omitted)).

Although Plaintiff submits a declaration from her attorney purporting to authenticate a pile of printouts from the internet, only the bare allegations from the Complaint are offered as "evidence" for reliance, causation, and damages.  Such untested allegations cannot form the basis of liability, let alone do so at the summary judgment stage.  *See, e.g., McCaskill*, supra, 279 Fed. Appx. at 915 ("Unsworn statements … should not be 'consider[ed] in determining the propriety of summary judgment.'"), *quoting Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).  The SGC Defendants are entitled to depose Plaintiff to determine, among other things, when and under what circumstances she saw Defendants' alleged misrepresentations regarding Skinnygirl margaritas, whether she actually relied on the alleged misrepresentations, whether the alleged reliance was reasonable, whether she purchased the margaritas based on their low caloric value, how and to what extent she was damaged, whether the money she paid for the margaritas was conferred upon the SGC Defendants, and to ascertain Plaintiff's credibility on these issues.  *See Galligan v. Raytheon Co.*, No. 8:08-cv-2427-T-33TGW, 2009 WL 2985689, at *2 (M.D.Fla. Sept. 15, 2009) (denying the plaintiff's motion for summary judgment as premature where

"[t]here has been no discovery into any of the necessary elements of plaintiff's claim for liability – including whether she suffered any injury…").[5]

The SGC Defendants have not had any opportunity to pursue discovery in the case. "Where there has not yet been any discovery, let alone an 'adequate opportunity for discovery,' summary judgment is simply not appropriate or warranted." *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2008 WL 4613059, at *2 (S.D.Fla. Oct. 15, 2008) (citing *Snook*, 859 F.2d at 870).[6]

## C.   Plaintiff's Motion Fails On Her FDUTPA Claim.

Plaintiff's moving papers correctly state the elements of a prima facie claim for a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") namely; (i) a deceptive act or unfair trade practice; (ii) causation; and (iii) actual damages. *See Smith v. Wm. Wrigley J. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009). But Plaintiff's Motion fails to apply those elements correctly. Based upon the legal theory to which Plaintiff has staked herself, her claim against the SGC Defendants depends upon whether (i) Beam's purported statements about a product it distributed can be attributed to the SGC Defendants and (ii) whether those statements establish a deceptive act or unfair trade practice as a matter of law. The answer to both questions is an unequivocal "no."

Hearsay statements made by Beam representatives speaking to a product distributed by Beam cannot prove up a claim against the SGC Defendants—particularly given the evidence that

---

[5] To the extent Plaintiff may attempt to argue that the SGC Defendants do not need any discovery, "it is not Plaintiff's decision as to what information Defendants do or do not need to respond to the motion." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2705428, *1 (S.D. Fla. July 9, 2008). "Defendants are entitled to reasonable discovery to oppose Plaintiff's Motion. Failure to provide a party with reasonable opportunities for full discovery is reversible error." *Id.; accord Jones*, 120 F.3d at 250-51, 253 (the district court abused its discretion by granting summary judgment before the non-movant took the depositions of the witnesses whose affidavits formed the basis of the motion for summary judgment); *Williams v. R.W. Cannon, Inc.*, No. 08-60168-CIV, 2008 WL 2229538, *3 (S.D.Fla. May 28, 2008) (denying the plaintiff's motion for summary judgment to allow defendants an opportunity to conduct discovery, including to take the plaintiff's deposition).

[6] Not only is the denial of Plaintiff's Motion warranted, but the Court may also outright strike Plaintiff's Motion based on its prematurity. *See Pearson v. Su Ok Sin*, No. 07-61913-CIV, 2008 WL 938873, *1-*2 (S.D.Fla. Apr. 7, 2008) (striking as premature a summary judgment motion that was filed prior to the completion of discovery). In the alternative, and at the very least, the Court may defer its consideration of summary judgment briefing pursuant to FRCP 56(d).

the product distributed by the SGC Defendants was made with natural ingredients and did not use any substance as a synthetic preservative.  (Kanbar Decl.  ¶ 3.)  The SGC Defendants offer no opinion on the bona fides of Plaintiff's arguments against Beam, but the simple fact is that the SGC Defendants and Beam are separate legal entities.  They owned the business at different times.  (Kanbar Decl. ¶ 5.)  The SGC Defendants and their representatives do not speak for Beam.  More importantly for purposes of this Motion, Beam and its representatives – including its legal counsel – do not speak for the SGC Defendants.  Accordingly, it does not matter how high a stack of unauthenticated screen shots Plaintiff's counsel might stack; these do not – and cannot – address the issue of whether anything the SGC Defendants said about the product when they controlled the Skinny Girl brand was false or deceptive or somehow unfair.  Thus, Plaintiff has failed to carry her burden as to even the first element of her FDUTPA claim against the SGC Defendants.

Plaintiff has offered no evidence at all on the second element of causation.  "To be actionable, an unfair or deceptive trade practice must be the cause of loss or damage to the consumer."  *General Motors Acceptance Corp. v. Laesser*, 718 So.2d 276, 277 (Fla. 4th DCA 1998).  The only declaration proffered is that of Plaintiff's attorney, Stuart A. Davidson.  Mr. Davidson cannot provide admissible testimony about what his client purchased and when.  Fed. R. Evid. 602 (requirement for personal knowledge).  For that matter, Mr. Davidson does not even try.  The Davidson declaration cannot close the loop between Beam's alleged statements and what the Plaintiff saw or did, and certainly cannot link Plaintiff's actions to conduct by the SGC Defendants, of which there is no evidence offered whatsoever.  In any normal case, the SGC Defendants would be entitled to depose Plaintiff's "declarant" about the contents of his declaration and its connection to Plaintiff.  Here, however, such a deposition would no doubt be a fruitless and frustrating affair littered with privilege and work product objections.  The point in making these observations at all is simply to demonstrate further how misguided this premature motion is.

Also central to the causation issue is whether Plaintiff had knowledge of the alleged misstatement and purchased the product despite such knowledge.  *See Pop's Pancakes, Inc. v. NuCO2, Inc*., 251 F.R.D. 677, 685 (S.D. Fla 2008) (rejecting certification of FDUTPA claim because some class members who knew of the allegedly deceptive inclusion of an administrative fee in invoices for property taxes could not reasonably assert that they were likely to be deceived

by the invoice).  Although Plaintiff asserts in her Motion that she "purchased Skinnygirl Margaritas relying on Defendants' false representation that the Margaritas contained only All Natural ingredients" (Mtn. at 9), this allegation is, as shown, unsupported by any undisputed or admissible evidence and does not end the inquiry in any event; Defendants have the right to probe Plaintiff's allegations regarding reliance through a deposition.  *See Raytheon Co.*, 2009 WL 298689 at *2; *R.W. Cannon, Inc.*, 2008 WL 2229538, at *3.

It hardly need be said that Plaintiff's stack of screen shots from web pages satisfies none of the other essential elements.  Again, based upon the vagueness of the Complaint, and what is asserted to support it,  there is no reason to believe this Plaintiff ever purchased the product while the SGC Defendants owned the brand.  For purposes of this motion, it is sufficient to note that plaintiff has provided no admissible evidence that she bought the product at all, much less when or why.  For those reasons, her motion fails.

**D.** **Plaintiff's Motion Fails On Her Misleading Advertising Claim.**

The same collection of deficiencies dooms Plaintiff's misleading advertising claim against the SGC Defendants.  She has presented no form of "advertising" attributable to the SGC Defendants and she has pointed to no evidence to show that any statement was untrue as to the SGC Defendants' product.

Being essentially a claim for fraud, one seeking to assert a claim for misleading advertising must "prove each of the elements of common law fraud in the inducement, including reliance and detriment, in order to recover damages."  *Joseph v. Liberty Nat'l Bank*, 873 So.2d 384, 388 (Fla. 2d DCA 2004); *see also Kaser v. Swann*, 141 F.R.D 337, 341 (M.D. Fla. 1991) (plaintiff alleging claim for misleading advertising must prove each element of common law fraud, and is not entitled to presumption of fraud).  To recover on a claim for fraud in the inducement, a plaintiff must prove that: (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation."  *Liberty Nat'l Bank*, 873 So.2d at 388.  "The law is clear that reliance by a party claiming fraud [in the context of a misleading advertising claim] must be reasonable and justified under the circumstances."  *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992) (plaintiff who failed to engage in any inquiry

13

beyond "blind reliance" on statement on credit card jacket could not demonstrate requisite reasonable or justifiable reliance in support of misleading advertising claim).

Plaintiff's Motion fails to establish even one of these elements as to the SGC Defendants. The Motion, like her claim, is based entirely upon statements allegedly made by Beam representatives and attributed generically to "Defendants."  Plaintiff's case doubtless would be simpler if she could ignore all those legal technicalities like: (i) the differences between the SGC Defendants and Beam as distinct legal entities; (ii) rules of evidence regarding hearsay; and (iii) the requirement that she be able to prove the elements of her claim against each defendants she chose to sue.  Based upon the record, Plaintiff has presented no admissible evidence to support her claim against the SGC Defendants, and her Motion should therefore be denied.  *See, e.g., Van*, 509 F.Supp. 2d at 1299.

**E.**     **Plaintiff's Motion Fails As To Her Breach of Warranty Claim Against the SGC Defendants.**

Once again, Plaintiff's lack of evidence as to the SGC Defendants means her summary judgment motion on her claim for breach of express warranty claim must fail.  Plaintiff cites no authority for the proposition that a Plaintiff can assert a claim for breach of express warranty against a manufacturer without first establishing that she ***bought a product made by that manufacturer***.  Even if Plaintiff could clear that hurdle (and on the evidence before the Court she has not), she would still have to establish what the terms of the warranty were and that the SGC Defendants' product breached that warranty.  On that issue, Plaintiff has no evidence, and her Motion must be denied.  *See, e.g., Van*, 509 F.Supp. 2d at 1299.

**F.**     **Plaintiff's Motion Must Fail As To Her Unjust Enrichment Claim.**

Plaintiff's Motion fails as to her unjust enrichment claim for all of the reasons stated above.  *See Rajput v. City Trading, LLC*, 746 F.Supp.2d 1325, 1333 (S.D. Fla. 2010) (dismissing unjust enrichment claim because the plaintiffs did "not tie the funds received by Defendants" to the funds the plaintiffs invested); *Zaki Kulaibee Establishment v. McFlicker*, 788 F. Supp. 2d 1363, 1376-77 (S.D. Fla. 2011) (denying summary judgment on unjust enrichment claim because whether defendant received a direct benefit from plaintiff was a question of fact).

## V.   CONCLUSION

There is no question based upon the record before the Court, Plaintiff has not carried her burden on any of the claims at issue in her Motion.  For all of the foregoing reasons, Plaintiff's, premature Motion should be denied at all respects as to the SGC Defendants.

Respectfully submitted,

Co-Counsel:
Rick L. Shackelford, Esquire
*Email: shackelfordr@gtlaw.com*
Robert J. Herrington, Esquire
California Bar No. 234417
*Email: herringtonr@gtlaw.com*
GREENBERG TRAURIG, LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
Telephone:  (310) 586-7700
(admitted *pro hac vice*)

Counsel for Defendants SKINNY GIRL COCKTAILS, LLC and SGC GLOBAL, LLC

/s/ Jeffrey Allan Hirsch
Jeffrey Allan Hirsch, Esquire
Florida Bar No.  199850
*Email:  hirsch@gtlaw.com*
Kristina L. Arnsdorff, Esquire
Florida Bar No. 0040596
*Email:  arnsdorffk@gtlaw.com*
GREENBERG TRAURIG, P.A.
401 East Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:  954-765-0500
Facsimile:  954-765-1477

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jeffrey Allan Hirsch
JEFFREY ALLAN HIRSCH

Case Number:  0:11-cv-61965-KMW

## SERVICE LIST

**_Counsel for Plaintiffs and the Class_**
Stuart A. Davidson
Florida Bar No.:  084824
Email:  *sdavidson@rgrdlaw.com*
Cullin A. O'Brien
Florida Bar No. 597341
Email: *cobrien@rgrdlaw.com*
Mark J. Dearman
Florida Bar No. 982407
ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida  33432
Telephone:  561-750-3000
Facsimile:  561-750-3364

WALDEN LAW FIRM, PLLC
Ark. Bar No.  2006069
Email:  *rwalden@waldenlawfirm.com*
10121 N. Rodney Parham #5
Little Rock, AR  72227
Telephone:  501-907-7000
Facsimile:  888-220-7933

Nabil Majed Nachawati , II
Email*: mn@fnlawfirm.com*
FEARS NACHWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: 214-890-0711
*PRO HAC VICE*

R. Dean Gresham
Email: *dgresham@greshampc.com*
GRESHAM PC
2311 Cedar Springs Road,  Suite 200
Dallas, Texas 75201
Telephone: 214-420-9995
*PRO HAC VICE*

**_Counsel for Beam Global Spirits and Wine, Inc._**
Benjamine Reid
Florida Bar No. 183522
E-mail*: breid@carltonfields.com*
CARLTON FIELDS, P.A.
100 S.E. Second Street, #4200
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Donald I. Strauber
Email: *dstrauber@chadbourne.com*
Mary T. Yelenick
Email*: myelenick@chadbourne.com*
Garrett S. Kamen
*Email: gkamen@chadbourne.com*
CHADBOURNE & PARKE
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-408-5100
*PRO HAC VICE*

**_Counsel for Beam Global Spirits and Wine, Inc._**
Amy Lane Hurwitz
*Email: ahurwitz@carltonfields.com*
Carlton Fields
100 SE 2nd Street
Suite 4200 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 530-0055

DEN 97,740,227v7 135474.010100