**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case Number:  0:11-cv-61965-KMW**

REGINA GREENE, individually and on behalf
of all others similarly situated,

       Plaintiffs,

vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL
SPIRITS AND WINE, INC.,

       Defendants.

<u>**DEFENDANTS SKINNY GIRL COCKTAILS, LLC'S AND
SGC GLOBAL, LLC'S RESPONSE AND OPPOSITION TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS**</u>

Defendants SKINNY GIRL COCKTAILS, LLC ("Skinny Girl") and SGC GLOBAL, LLC ("SGC") (together the "SGC Defendants"), pursuant to S.D. Fla. L.R. 56.1, submit this Response and Opposition to Plaintiff REGINA GREENE's ("Plaintiff" or "Greene") Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment as to Liability:

1.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 1:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she relies upon consists of unverified allegations in the complaint and purported archives of news reports, which are inadmissible hearsay.   *See* concurrently filed Evidentiary Objections, No. 1. SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that Ms. Frankel has appeared on television programs, including the show titled "The Real Housewives of New York City," among others, and that Ms. Frankel is a natural foods chef and has spoken in public regarding natural foods.

2.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 2:**

Disputed.   Skinny Girl began distributing Skinnygirl Margaritas in about September 2009. (David Kanbar Declaration ("Kanbar Decl.") ¶ 4.)

3.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 3:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).   The "evidence" she relies upon consists of the unverified allegations in the complaint, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2).     SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that: (i) Skinny Girl began distributing Skinnygirl Margaritas in about September 2009.  (Kanbar Decl. ¶ 4); (ii) when Skinny Girl was distributing the Skinnygirl Margarita product, the bottle included the words "Blue Agave Tequila," "With Natural Flavors and Caramel Color Added," and "All Natural | Open and Serve." (Kanbar ¶ 3); (iii) Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam Global Spirits & Wine, Inc. ("Beam") (Kanbar Decl. ¶ 5); and (iv) after that sale, the SGC Defendants had no

1

involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product. (Kanbar Decl. ¶ 5.)

4.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 4:**

Disputed. The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b); Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 2.

5.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 5:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b). The "evidence" she relies upon consists of the unverified allegations in the complaint, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2).  SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that: (i) during the period when Skinny Girl was distributing the Skinnygirl Margarita product (2009 to March 2011), the bottle included the words "Blue Agave Tequila," "With Natural Flavors and Caramel Color Added, and "All Natural | Open and Serve."; (ii) Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam.  (Kanbar Decl. ¶¶ 3-4); (iii) after that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product (Kanbar Decl. ¶5); and (iv) the product was designed to address a specific market opportunity, namely women looking for a ready made, low-calorie margarita.  (Kanbar Decl. ¶ 5.)

6.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 6:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2).  SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show: (i) the actual label used on the bottle during the time the product was distributed by SGC Defendants; (ii)

during the period when Skinny Girl was distributing the Skinnygirl Margarita product (2009 to March 2011), the bottle included the words "Blue Agave Tequila," "With Natural Flavors and Caramel Color Added, and "All Natural | Open and Serve."; (iii) Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam (Kanbar Decl. ¶ 5); and (iv) after that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.)

      **7.**     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 7:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint and purported archives (printed in December 2011—months after the SGC Defendants sold the business to Beam and ceased all involvement with the product) of the "Skinny Girl" website from November 2010.  (Kanbar Decl. ¶ 5.) These materials are unauthenticated and inadmissible hearsay.   Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 3.

      **8.**     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 8:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).   The "evidence" she cites consists of the unverified allegations in the complaint and online news reports from March 21, 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 4.   These facts are also disputed based upon the accompanying Kanbar Declaration, which establishes that: (i) Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011 (Kanbar Decl. ¶5); and (ii) after that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that any statements made by Ms. Frankel were not made on behalf of the SGC Defendants.

(Kanbar Decl. ¶ 5.)

**9.    SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 9:**

The SGC Defendants dispute the assertions in this paragraph (including, but not limited to, the assertions about alleged public perceptions) in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b).    The "evidence" she relied upon consists of the unverified allegations in the complaint and online news reports from March 21, 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants and Plaintiff has offered no admissible evidence whatsoever about what the public supposedly "thinks of" when it hears about Skinnygirl Margarita. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2); S.D. Fla. Local Rule 56.1(b); *see also* concurrently filed Evidentiary Objections, No. 4.  These facts are also disputed based upon the accompanying Kanbar Declaration, which established that: (i) Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011 (Kanbar Decl. ¶ 5); and (ii) after that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.)

**10.   SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 10:**

The SGC Defendants dispute all assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry that burden. S.D. Fla. Local Rule 56.1(b).  The "evidence" she relies upon consists of the unverified allegations in the complaint and online news reports from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.   Plaintiffs have offered no basis or foundation for Whole Foods's out-of-court statements, and these materials are inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 5.  SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that on or about September 1, 2011, Whole Foods announced that it would not sell Skinnygirl Margarita.  The SGC Defendants learned of this announcement after the fact.  (Kanbar Decl. ¶ 6.)  All of this was months after the SGC Defendants had sold the business and ceased all involvement with the product.  (Kanbar

Decl. ¶ 5.)

**11.    SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
**FACT NO. 11:**

Disputed.  The SGC Defendants did not do anything "in response" to Whole Foods's decision because they were no longer involved. Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) During the time Skinny Girl was distributing Skinnygirl Margaritas, the ingredients were natural.  (Kanbar Decl. ¶ 3.)  The SGC Defendants also dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she relies upon consists of the unverified allegations in the complaint and an online news report from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay.   Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 6.

**12.    SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
**FACT NO. 12:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint and online scientific "reports."   These allegations and reports are  inadmissible hearsay and are the subject for expert testimony.  Fed. R. Evid. 701, 702, 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, Nos. 7, 8.

**13.    SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
**FACT NO. 13:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b). The "evidence" she cites consists of the unverified allegations in the complaint and online news reports, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 9.

14.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
        **FACT NO. 14:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b). The "evidence" she cites consists of the unverified allegations in the complaint, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2). Plaintiff has submitted no admissible evidence to show she ever bought the Skinny Girl margarita product or why, or that she bought anything distributed by the SGC Defendants.

15.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
        **FACT NO. 15:**

The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b). The "evidence" she cites consists of the unverified allegations in the complaint and online news reports from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants and Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product (2009 to March 2011).  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 10.  Further, Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) SGC Defendants expect that the evidence adduced through discovery at the appropriate time will show that, at the time this alleged statement was made, it was not made on behalf of the SGC Defendants. (Kanbar Decl. ¶ 5.)

16.     **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
        **FACT NO. 16:**

Disputed.  Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product. (Kanbar Decl. ¶ 5.)  The quoted statements did not appear on the

Skinny Girl website during the time Skinny Girl was distributing the product, and the SGC Defendants had no role in making these statements.  (Kanbar Decl. ¶ 5.)  The SGC Defendants also dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b).   The "evidence" she cites consists of the unverified allegations in the complaint and unauthenticated website printouts from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 11.   Further, Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product. During that time, the ingredients were natural.  (Kanbar Decl. ¶ 3.)

**17.   SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 17:**

Disputed.  Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) The quoted statements did not appear on the Skinny Girl website during the time Skinny Girl was distributing the product.   The SGC Defendants had no role in making these statements.  (Kanbar Decl. ¶ 5.)  The SGC Defendants also dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b).   The "evidence" she relies upon consists of the unverified allegations in the complaint and unauthenticated website printouts from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 12.  Further, Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product (2009 to March 2011). During that time, the ingredients were natural. (Kanbar Decl. ¶ 3.)

18.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
       **FACT NO. 18:**

Disputed.  Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) The quoted statements did not appear on the Skinny Girl website during the time Skinny Girl was distributing the product. The SGC Defendants had no role in making these statements.  (Kanbar Decl. ¶ 5.) The SGC Defendants also dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden. S.D. Fla. Local Rule 56.1(b).    The "evidence" she cites consists of the unverified allegations in the complaint and unauthenticated website printouts from September 2011, after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2), (4); *see also* concurrently filed Evidentiary Objections, No. 13.

19.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL**
       **FACT NO. 19:**

Disputed.  Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam on March 17, 2011.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product.  (Kanbar Decl. ¶ 5.) The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint and statements by *Beam's* counsel in December 2011, long after the SGC Defendants sold the business to Beam and ceased all involvement with the product.  These materials are irrelevant and inadmissible hearsay as to the SGC Defendants.  Fed. R. Evid. 401, 802; Fed. R. Civ. Proc. 56(c)(2), (4);  *see also* concurrently filed Evidentiary Objections, No. 14.  Further, Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product (2009 to March 2011). During that time, the ingredients were natural.  (Kanbar Decl. ¶ 3.)

20.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 20:**

Disputed.  The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint, which are inadmissible hearsay.    Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2).  Plaintiff has submitted no admissible evidence to show she ever bought the Skinnygirl margarita product or why, or that she bought anything distributed by the SGC Defendants.

21.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 21:**

Disputed.  The SGC Defendants dispute the assertions in this paragraph in that Plaintiff has the burden of proof and has submitted no admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  The "evidence" she cites consists of the unverified allegations in the complaint, which are inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(c)(2).  Plaintiff has submitted no admissible evidence to show she or any putative class member ever bought the Skinny Girl Margarita product or why, or that any individual bought anything distributed by the SGC Defendants.

22.    **SGC DEFENDANTS' RESPONSE TO PLAINTIFF MATERIAL FACT NO. 22:**

The SGC Defendants dispute all allegations in this paragraph in that Plaintiff has the burden and has failed to submit any admissible evidence to carry her burden.  S.D. Fla. Local Rule 56.1(b).  As shown, Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product (2009 to March 2011), the content of the advertising or marketing during this time, or that she ever purchased anything from the SGC Defendants.  The SGC Defendants do not dispute that a letter was sent to Skinny Girl Cocktails LLC on or about September 2, 2011, long after the brand was sold to Beam, making allegations similar to those asserted in the Complaint, but the contents of such letters are inadmissible for the truth of the matters asserted therein.   Fed. R. Evid. 801, 802; *see also* concurrently filed Evidentiary Objections, No. 15.

**Pursuant to LR 56.1, the SGC Defendants file their Additional Statement of Material Facts in support of their Response in Opposition to Plaintiff's Motion for Summary Judgment:**

23.     Skinny Girl stopped distributing Skinnygirl-branded products in March 2011 after selling the business to Beam.  (Kanbar Decl. ¶ 5.)  After that sale, the SGC Defendants had no involvement in manufacturing, marketing, distributing or selling any Skinnygirl-branded product, including margaritas.  (Kanbar Decl. ¶ 5.)

24.     Plaintiff has submitted no evidence whatsoever showing the content of Skinnygirl Margaritas during the time Skinny Girl was distributing the product (2009 to March 2011). During that period, the ingredients were natural.  (Kanbar Decl. ¶ 3.)

Respectfully submitted,

Co-Counsel:
Rick L. Shackelford, Esquire
*Email: shackelfordr@gtlaw.com*
Robert J. Herrington, Esquire
California Bar No. 234417
*Email: herringtonr@gtlaw.com*
GREENBERG TRAURIG, LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
Telephone:  (310) 586-7700
(admitted *pro hac vice*)

Counsel for Defendants SKINNY GIRL
COCKTAILS, LLC and SGC GLOBAL,
LLC
*/s/ Jeffrey Allan Hirsch*
Jeffrey Allan Hirsch, Esquire
Florida Bar No.  199850
*Email:  hirsch@gtlaw.com*
Kristina L. Arnsdorff, Esquire
Florida Bar No. 0040596
*Email:  arnsdorffk@gtlaw.com*
GREENBERG TRAURIG, P.A.
401 East Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:  954-765-0500
Facsimile:  954-765-1477

10

DEN 97,725,499_5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of February 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey Allan Hirsch*
JEFFREY ALLAN HIRSCH

1

## SERVICE LIST

***Counsel for Plaintiffs and the Class***

Stuart A. Davidson
Florida Bar No.:  084824
*Email:  sdavidson@rgrdlaw.com*
Cullin A. O'Brien
Florida Bar No. 597341
*Email: cobrien@rgrdlaw.com*
Mark J. Dearman
Florida Bar No. 982407
*Email:  mdearman@rgrdlaw.com*
ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida  33432
Telephone:  561-750-3000
Facsimile:  561-750-3364

WALDEN LAW FIRM, PLLC
Ark. Bar No.  2006069
Email:  *rwalden@waldenlawfirm.com*
10121 N. Rodney Parham #5
Little Rock, AR  72227
Telephone:  501-907-7000
Facsimile:  888-220-7933

Nabil Majed Nachawati , II
*Email: mn@fnlawfirm.com*
FEARS NACHWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: 214-890-0711

R. Dean Gresham
*Email: dgresham@greshampc.com*
GRESHAM PC
2311 Cedar Springs Road,  Suite 200
Dallas, Texas 75201
Telephone: 214-420-9995

***Counsel for Beam Global Spirits and Wine, Inc.***

Benjamine Reid
Florida Bar No. 183522
*E-mail: breid@carltonfields.com*
Amy Lane Hurwitz
*Email: ahurwitz@carltonfields.com*
CARLTON FIELDS, P.A.
100 S.E. Second Street, #4200
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Donald I. Strauber
*Email: dstrauber@chadbourne.com*
Mary T. Yelenick
*Email: myelenick@chadbourne.com*
Garrett S. Kamen
*Email: gkamen@chadbourne.com*
CHADBOURNE & PARKE
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-408-5100

2