UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-61965-WILLIAMS

REGINA GREENE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL, LLC, and BEAM GLOBAL SPIRITS AND WINE, INC.,

    Defendants.
_____/

## ORDER SETTING SCHEDULE, REQUIRING MEDIATION, REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE, AND ESTABLISHING PRE-TRIAL PROCEDURES

This MATTER is set for trial during the Court's two-week trial calendar beginning on **May 20, 2013**. Calendar call will be held at 11:00 a.m. on **May 14, 2013**. No pre-trial conference will be held unless a Party requests one no later than 30 days prior to the calendar call or the Court determines that one is necessary. The Parties shall adhere to the following schedule:

    I.    Schedule.

| | |
|---|---|
| March 7, 2012 | The Parties shall furnish lists with names and addresses of fact witnesses. The Parties are under a continuing obligation to supplement discovery responses with ten (10) days of receipt or other notice of new or revised information. |

1

| | |
|---|---|
| June 18, 2012 | The Parties shall file motions to amend pleadings or join Parties. |
| **May 18, 2012** | The Plaintiff shall file the class certification motion. |
| **June 29, 2012** | Defendants shall file responses to the class certification motion. |
| **July 27, 2012** | Plaintiff shall file a reply in support of class certification. |
| **October 15, 2012** | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Local Rule 16.1(k). |
| **October 15, 2012** | The Defendant shall disclose experts, expert witness summaries and reports, as required by Local Rule 16.1(k). |
| **November 12, 2012** | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Local Rule 16.1(k). |

2

| | |
|---|---|
| **December 7, 2012** | The Parties shall complete all discovery, including expert discovery. |
| **December 14, 2012** | The Parties shall complete mediation and file a mediation report with the Court. |
| **January 11, 2013** | The Parties shall file all dispositive pre-trial motions and memoranda of law. |
| **April 22, 2013** | The Parties shall file a joint pre-trial stipulation, as required by Local Rule 16.1(e) and final proposed jury instructions. Joint proposed jury instructions or conclusions of law (for non-jury trials) shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised. |
| **April 29, 2013** | The Parties shall file witness and exhibit lists and all motions *in limine*. The witness list shall include only those witnesses the Parties actually intend to call at trial and shall include a brief synopsis of their |

testimony. The exhibit lists shall identify each witness that will introduce each exhibit.

II. <u>Mediation.</u>  Within **thirty (30) days of the date of this Order**, the Parties shall: select a mediator certified under Local Rule 16.2(B); schedule a time, date, and place for mediation; and jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2(H).  If the Parties cannot agree on a mediator, they shall notify the Clerk in writing immediately, and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all Parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.

III. <u>Referral.</u>  Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Local Rules, all non-dispositive pre-trial motions are referred to Magistrate Judge Barry S. Seltzer.  Such motions shall include, but are not limited to, motions to appear *pro hac vice*, motions to proceed *in forma pauperis*, discovery-related motions, motions for attorney's fees and costs, motions for sanctions, and motions filed pursuant to Federal Rules of Civil Procedures 12, 13, and 14.  However, this Order does not refer any motion that requests a continuance or an extension of the pre-trial motions deadline or the trial date. The Parties shall comply with any separate procedures on discovery disputes as set out by the Magistrate.

IV.  <u>Motions.</u>  Strict compliance with the Local Rules is expected with regard to motion practice.  *See* Local Rule 7.1.  For example, when filing non-dispositive motions, the moving Party shall submit a proposed order in either Word or WordPerfect format via email to Chambers at Williams@flsd.uscourts.gov.  Local Rule 7.1(a)(2).  Counsel for the moving party must also confer, or make a reasonable effort to confer, before filing certain motions, as required by Local Rule 7.1(a)(3).

Strict compliance with the Local Rules is also expected with regard to motions for summary judgment.  *See* Local Rule 7.5.  For example, the moving Party must contemporaneously file a statement of undisputed material facts, delineating by number each material fact, supported with specific citations to the record (Docket Entry, Exhibit, Page Number(s)).  The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts.  Local Rule 7.5(c).  The opposing Party shall state, based on citations to the record, whether each fact is disputed or undisputed.  If the fact is disputed, the opposing Party shall state why the dispute is a material one.  "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing Party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  Local Rule 7.5(d).  These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

5

The Parties may stipulate to extend the time to answer interrogatories, produce documents and answer requests for admission. The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. See Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(B), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4. The Parties cannot override the requirements of that Rule through a joint protective order.

V.  Jury Instructions. The Parties shall submit their proposed jury instructions jointly, though they need not agree on each or any instruction. If the Parties do not agree on a proposed instruction, that instruction shall be set forth in bold typeface. Instructions proposed only by a plaintiff shall be underlined; instructions proposed only by a defendant shall be italicized. Every instruction must be supported by a citation of authority. The Parties shall use as a guide the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel contained therein. The Parties shall submit their proposed instructions via email to Chambers at Williams@flsd.uscourts.gov.

VI.  <u>Settlement.</u> If the case settles in whole or in part, counsel must inform the Court within two (2) days by calling Chambers at (305) 523-5540 and thereafter filing a joint stipulation of dismissal.

DONE AND ORDERED in Chambers, at Miami, Florida, this ___ day of March, 2012.

> KATHLEEN M. WILLIAMS
> UNITED STATES DISTRICT JUDGE

cc:  The Honorable Barry S. Seltzer
Counsel of Record