UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on
Behalf of All Others Similarly Situated,

                          Plaintiff,

        vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC and BEAM GLOBAL
SPIRITS AND WINE, INC.

                          Defendants.

_____/


**PLAINTIFF'S OMNIBUS REPLY MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT AS TO LIABILITY</u>**

Plaintiff Regina Greene ("Plaintiff") respectfully submits this omnibus reply memorandum of law in support of Plaintiff's motion for partial summary judgment as to liability, which is in response to the filing by Defendants Skinny Girl Cocktails, LLC and SGC Global, LLC (collectively, "SGC"), [Dkt. No. 56], and Beam Global Spirits & Wine, LLC ("Beam," together with SGC, "Defendants"), [Dkt. No. 54].[1]  In support thereof, Plaintiff states as follows:

## I.    INTRODUCTION

Defendants have completely failed to satisfy their burden under Federal Rule of Civil Procedure 56(d), and thus, the Court must grant Plaintiff's motion and enter partial summary judgment as to liability in Plaintiff's favor.  Indeed, Defendants do not directly deny, and have not introduced even a shred of evidence to controvert a single material fact.  Rather than comply with their duty under Rule 56, Defendants merely raise various "boilerplate" objections to Plaintiff's evidence, all of which are meritless.  It goes without saying that Defendants' approach is woefully insufficient to defeat summary judgment.

Defendants' arguments in opposition to summary judgment are nothing more than smoke and mirrors to distract the Court from the uncontroverted and undeniable facts: each Defendant, at some point in time, has sold a bottle of *"all natural"* margarita, which at one point retailed at Whole Foods for over $14 a bottle.  Whole Foods eventually stopped carrying those margaritas when it learned they contained *sodium benzoate* – a chemical that is *manufactured* in a laboratory through a reaction with another "*dangerous chemical*," sodium hydroxide (also known as lye).[2]  Each Defendant has *admitted* that Skinnygirl Margaritas contain sodium benzoate.

---

[1]      Emphasis is added and citations and quotations are omitted unless otherwise noted.

[2]      *See* http://en.wikipedia.org/wiki/Sodium_hydroxide (last visited March 6, 2012).

Thus, Plaintiff's motion for summary judgment does nothing more then present the objective facts and admissions with respect to Defendants' false, deceptive, and misleading marketing of Skinnygirl Margaritas as "all natural" and preservative-free. And, the facts speak for themselves. Indeed, even with every available inference made in favor of Defendants, it is clear that Defendants do not actually dispute or deny any of Plaintiff's facts. To the contrary, Defendants chose simply to argue that the clear, undeniable evidence of Defendants' misconduct, submitted in support of Plaintiff's motion for summary judgment, is not admissible. Wrong. Defendants' boilerplate evidentiary objections are meritless, all of Plaintiff's material facts remain undisputed, and all of the time and discovery in the world will not change the ultimate fact – Defendants are liable. The Court should enter partial summary judgment as to liability, on all counts, in Plaintiff's favor.

## II.    REPLY ARGUMENT

### A.    Defendants Have Failed to Raise a Genuine Issue As to a *Single* Material Fact

Defendants have quite simply failed (indeed, they did not even attempt) to meet their burden to raise a genuine issue as to any material fact.

Defendants have not directly denied (nor presented evidence) that, until Beam modified it, the words "All Natural" appeared on the front label of all Skinnygirl Margarita bottles, both before and after Beam acquired the Skinny Girl brand (the "Acquisition"). Indeed, Beam acknowledges this fact. [*See* Answer, at ¶21 ("admits that the bottle for Skinnygirl Margaritas has included the words "All Natural[.]")]. SGC, likewise, does not deny (or present evidence) that the words "All Natural" appeared on the Skinnygirl label, but merely argues that Plaintiff has not established that the bottle pictured in her Complaint and moving papers is the same bottle she purchased. Of course, this makes no difference. Putting aside the fact that Defendants obviously did not sell (and do not argue that they sold) a different bottle to Plaintiff as they sold to the rest of the country, Plaintiff has

presented evidence that the words "All Natural" appeared on the Margarita label at some point, both before and after the Acquisition. Beam has admitted this, and SGC has failed to present evidence to create a genuine issue regarding the same.

Similarly, Defendants have not directly denied (nor presented evidence) that the Skinny Girl website, at some point in time, both before and after the Acquisition, represented that Defendants' Margaritas are made with "all natural ingredients," "no preservatives," or even "artificial flavors." [*See* Davidson Decl., Ex. C (screenshot of Skinny Girl website predating the Acquisition); *id.* at Ex. K (screenshot of Skinny Girl website post-dating the Acquisition, showing Beam's corrective disclosures indicating that only the Margarita's ***flavoring*** is "natural" and that it does contain preservatives)].

Again, Defendants did not even attempt to argue, let alone introduce evidence, that Plaintiff's Exhibits are not accurate depictions of Defendants' respective websites on the indicated dates. Instead, Defendants argue (incorrectly) that the Court should disregard Defendants' own public admissions due to various evidentiary objections, none of which have merit. [*See* Plaintiff's Omnibus Response in Opposition to Defendants' Evidentiary Objections (the "Evidentiary Reply"), filed herewith]. The truth is, Plaintiff has demonstrated that both Defendants represented, on the label as well as on their respective websites, that their Margaritas are "***All*** Natural" and contain no preservatives, and ***Defendants have not denied this*** nor introduce any evidence that their respective websites ***did not*** contain those representations on those dates. Tellingly, evidence of this sort would not only be extremely helpful to Defendants' position, but would be easy for Defendants to compile and produce, if it existed. At bottom, Defendants' evidentiary objections, is simply insufficient to create a genuine issue as to their various misrepresentations.

- 3 -

Plaintiff also presented evidence that Defendants' representations that their Margaritas are all natural and preservative-free were actually false. That is, Plaintiff has established, and Defendants concede, that Skinny Girl Margaritas, both before and after the Acquisition, contained the chemical sodium benzoate. While SGC denies that the Margaritas contained any sort of preservative prior to the Acquisition, Beam flat out admitted on its website (after Defendants' conduct became public) that "the product contains an incredibly small amount of a very commonly used FDA-approved beverage ***preservative***." [Davidson Decl., at Ex. K]. But this statement does not negate the fact that Defendants' claims of "***All*** Natural" and preservative-free were false.

Plaintiff has also established, and Defendants have failed to dispute with probative evidence, that the presence of sodium benzoate renders Defendants' representation that Skinnygirl Margaritas are "***All*** Natural" false, deceptive, and misleading. Specifically, Plaintiff has introduced evidence that "[s]odium benzoate is produced by the neutralization of benzoic acid with sodium hydroxide." [Davidson Decl., at Ex. G, at p. 8, Sec. 4.2.2]. Sodium hydroxide, of course, is also known as lye, a "dangerous chemical . . . that causes chemical burns and scarring when it contacts the skin." *Moore v. P & G-Clairol, Inc.*, 781 F. Supp. 2d 694, 703 (N.D. Ill. 2011). Moreover, Plaintiff presented evidence, which Defendants have not even addressed, that sodium benzoate becomes carcinogenic when mixed with Vitamin C. [Davidson Decl., at Ex. I].

Beam's argument that "[s]odium benzoate is produced naturally by the human body when certain ordinary foods are consumed[,]" [Defendant's Exhibit 4, ¶3], is a *non sequitur*. Because sodium benzoate may be found in nature, it doesn't mean that Defendants' claim of "***All*** Natural" is somehow true. SGC, on the other hand, does not even address the fact that sodium benzoate is a chemical contained in its Margaritas. Thus, neither Defendant has raised a genuine issue as to the fact that Skinnygirl Margaritas contain sodium benzoate.

In an attempt to escape this reality, Beam argues[3] that the term "natural" is open to different interpretations and that consumers expect different things from different foods labeled as "natural." First, assuming, *arguendo,* that Beam is correct, no matter the type of food or the particular consumer, it is simply absurd to argue that any individual would expect a product labeled as ***"all natural"*** (or even "natural," for that matter) and retailing at Whole Foods for over $14 a bottle to contain any chemicals, let alone a chemical like sodium benzoate.

Indeed, as Plaintiff has shown, even Whole Foods was surprised to discover the true contents of Defendants' Margaritas, prompting the retailer to discontinue the product. [Davidson Decl., at Ex. E]. Thus, Plaintiff has established that the presence of the chemical, sodium benzoate, renders Defendants' "All Natural" representations false, deceptive, and misleading. Indeed, based on the evidence as it stands, no reasonable juror could possibly reach a different conclusion.

Another obvious hole in Beam's argument is that it equates the phrase "natural," as used by the Tobacco Tax and Trade Bureau ("TTB"), with the phrase "*All* Natural" that Defendants printed on the label of their Margaritas – two very different implications, even by the TTB's own standards. To be sure, Beam argues that its Margarita's contain less than 0.1% of sodium benzoate, and as such, are "natural for alcoholic beverage labeling purposes." [Dkt. No. 54, at. p. 9.]. This argument, however, completely misses the point, and in fact, buttresses Plaintiff's ultimate argument that Defendants' claims are false, deceptive, and misleading. Indeed, as Defendants have shown, the TTB created ***four*** flavor categories for labeling purposes: (1) ***All*** natural; (2) Natural and artificial containing not more than 0.1% artificial topnote; (3) Natural and artificial containing greater than

---

[3]     SGC advances no argument and presents no evidence that the presence of sodium benzoate in Skinnygirl Margaritas renders its "All Natural" representations false, deceptive, and misleading. Thus they have failed to raise a genuine issue as to this fact.

0.1% artificial topnote; and (4) All artificial.  [Dkt. No. 54, at Ex. A to Ex. 2 (Industry Circular No. 89-3)].

Assuming that Skinnygirl Margaritas do, as Beam contends, contain less than 0.1% of sodium benzoate – an "artificial topnote" – they fall into ***category number 2***: "natural and artificial containing not more than 0.1% artificial topnote."  [Dkt. No. 54, at Ex. A to Ex. 2 (Industry Circular No. 89-3)].  The TTB, however, provides that "[f]lavors categorized as 1 or 2 are ***natural*** for alcohol beverage labeling purposes."  [*Id.*].  So while Defendants may be correct that the TTB permits them to market Skinnygirl Margaritas – a category number 2 product – as "natural," the TTB categories themselves clearly demonstrate that "natural" is not the same "***All*** Natural."   Thus, Defendants' conduct is false and deceptive even according to the TTB's standards.

Defendants can argue that that the term "natural" is ambiguous all they want, but the fact of the matter is that Defendants are well aware that the TTB has a category for products that are considered "all natural" and Defendants are well aware that their product, Skinnygirl Margaritas, does not meet the requirements of that category as it contains a certain amount of "artificial topnote." Defendants have not only failed to raise a genuine issue as to whether Defendants' claims are false and misleading, but Beam has produced evidence to support the claim that the Skinnygirl Margaritas are not "All Natural," under any standard as Defendants represented.

Plaintiff has also presented evidence establishing all the other procedural elements of her claims.  Defendants, however, simply take issue with Plaintiff's citation to allegations in the Complaint to support certain issues, such as Plaintiff's exposure to Defendants' misrepresentation ***on the product's label***.  Again, not only do Defendants offer no evidence of their own to rebut the allegations Plaintiff cites to, but Rule 56 explicitly provides that pleadings are to be considered when ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(c) (providing that summary

judgment is proper "if the ***pleadings***, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ."); *see also Dawley v. NF Energy Saving Corp. of Am.*, No. 607CV-872-ORL-19DAB, 2008 WL 53624, at *1 (M.D. Fla. Jan. 2, 2008)[4] (noting that "[a]lthough a plaintiff may move for summary judgment without supporting affidavits, he must still demonstrate that there is no genuine issue of material fact.").[5]

At bottom, Defendants have failed to meet their burden to defeat summary judgment. And the reason Defendants have not produced a ***shred*** of evidence to directly deny any of Plaintiff's facts is simply that no such evidence exists to dispute the clear-cut facts that Plaintiff has presented. Defendants have not raised a genuine issue as to ***any*** material fact, and thus, partial summary judgment in Plaintiff's favor is appropriate.

### B. All of the Time and Discovery in the World Will Not Uncover Evidence to Rebut Plaintiff's Facts

Defendants' "Hail Mary" argument is that Plaintiff's Motion should be denied as premature because Defendants have not yet conducted discovery in this case. Defendants correctly note the ***general*** rule that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989). This "general rule," however, is certainly not a blanket rule. *See id.* (holding that "[w]e cannot, however, adopt the blanket prohibition on the granting of

---

[4]     *Dawley* involved a breach of contract claim. It appears, however, that the plaintiff provided ***no*** evidence of a valid contract or a breach, thus, the court did not allow the plaintiff to rely on ***only*** the Complaint.

[5]     Defendants cite to *McCaskill v. Ray*, 279 F. App'x 913 (11th Cir. 2008), for the proposition that the Court may not consider "unsworn" statements like the allegations in Plaintiff's Complaint. That case, however is distinguishable in that the movant did not file any sworn statement in support of summary judgment but attempted to rely solely on the complaint. Here, Plaintiff has submitted various admissible exhibits through the sworn Declaration of Stuart A. Davidson.

summary judgment motions before discovery that appellant now urges on us.").  Indeed, Beam concedes as much.  [*See* Dkt. No. 54, at p.19 ("Although ***it is not always necessary to await completion of discovery*** before ruling on summary judgment, the Court 'must ensure that the parties have an adequate opportunity for discovery' before granting a motion.")].

To be sure, the Eleventh Circuit has held "it would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge." *Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990).

A nonmovant proceeding under Rule 56(d)[6] may not, however, "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Grimsley v. Hammack*, 256 F. App'x 271, 275 (11th Cir. 2007).

Here, Defendants have failed to meet the specificity required by Rule 56(d), and thus, the court should enter partial summary judgment in Plaintiff's favor.  Indeed, Defendants offer nothing more than vague assertions that additional discovery will produce needed, but unspecified, facts.  [*See*, *e.g.*, Dkt. No. 54, at p.18 (arguing the need to "take discovery of Plaintiff or third parties concerning her alleged purchase and related allegations."); *Id.* (arguing that "Beam is still developing appropriate expert and scientific evidence to address a number of aspects of Plaintiff's

---

[6]     Certain amendments to the Federal Rules of Civil Procedure took effect on December 1, 2010. Among those revisions were changes to Rule 56, including a renumbering of the former Rule 56(f) as Rule 56(d), along with minor changes to that subsection. The Court will apply the new Rule 56(d); however, much of the case law construing the former Rule 56(f) applies with equal force to the current iteration of the rule.  *Vision Bank v. Merritt*, CIV.A. 10-0301-W, 2010 WL 5474161, at *2 n.2 (S.D. Ala. Dec. 8, 2010).

claim."); Dkt. No. 56, at p.9 (citing the need to "explore" the facts alleged against SGC)].  Such vague assertions do not meet the specificity required by Rule 56(d), and thus, Defendants' argument that Plaintiff's Motion is "premature" should be disregarded.

    The only specific information that SGC argues it must "explore" in discovery is immaterial. For example, SGC argues that it is entitled to depose Plaintiff to determine (1) under what circumstances she saw Defendants' misrepresentations; (2) whether she relied on Defendants' misrepresentations; (3) whether Plaintiff's reliance was reasonable; (4) whether she purchased the Margaritas based on their low caloric value; (5) how and to what extent she was damaged; (6) whether the money she paid was conferred upon SGC or Beam; and (7) to ascertain Plaintiff's credibility on these issues.  [Dkt. No. 56, at p.10].  SGC is wrong for several reasons.  First, SGC cannot wish into existence a disputed issue of what the circumstances were when she saw the misrepresentations.  Plaintiff, like all Skinnygirl Margaritas purchasers were exposed to the "All Natural" messaging by virtue of their purchases of the product.  Defendants have no ability to deny the existence of this labeling and should not be allowed to create an imaginary dispute of Plaintiff's exposure to this undeniable "All Natural" marketing campaign.  *See, e.g.*, *Torrech-Hernandez v. General Elec. Co.*, 519 F.3d 41, 47 (1st Cir. 2008) ("While it is true that in the summary judgment context all reasonable inferences must be drawn in favor of the non-moving party, ***the District Court is not obliged to accept as true or to deem as a disputed material fact, each and every unsupported, subjective, conclusory, or imaginative statement made to the Court by a party***.").

    Second, through her moving papers, Plaintiff has already established the elements SGC seeks to "explore" in discovery, thus, discovery on these issues would be "pointless" at this stage.  *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (holding that "[a] district court may grant summary judgment in the early stages of discovery only if further discovery would be

pointless.").[7]  Indeed, Plaintiff has established that she "purchased Skinnygirl Margaritas based upon Defendants' specific representations that the Margaritas contained All Natural ingredients." [SOMF, at ¶14; *see also Id.* at ¶20 ("Plaintiff purchased Skinnygirl Margaritas because the product's label and marketing deceived her into thinking that the Margaritas contained All Natural ingredients and no preservatives.")].  Thus, the current facts, which are uncontroverted by Defendants, are that Plaintiff, at the very least, saw and relied upon the Margarita label and purchased Defendants' Margaritas, not because of their low caloric value; but because she was deceived into believing they contained "*All* Natural" ingredients and no preservatives.  Further, Plaintiff has established that she was damaged by virtue of the premium she conferred upon both Defendants at various times during the class period.  [*See* Dkt. No. 1, ¶38].  Defendants have simply elected to not dispute these facts arguing they do not have sufficient evidence to do so.  But no matter how many depositions Defendants take, however, the facts will still be the facts.

### C.    Defendants Have Failed to Create a Genuine Issue as to Any Element of Plaintiff's Misleading Advertising Claim

Plaintiff has presented facts, which Defendants have not denied, that establish all the elements of her misleading advertising claim, thus, partial summary judgment in her favor is proper.

To be sure, as explained above, Plaintiff has introduced uncontroverted evidence that both Defendants marketed Skinnygirl Margaritas as "All Natural."  Plaintiff has presented evidence, which Defendants have not disputed, that Defendants' Margaritas contain sodium benzoate.  Beam

---

[7]     SGC correctly argues that "it is not Plaintiff's decision as to what information Defendants do or do not need to respond to the motion." [Dkt. No. 56, at p.11 (citing *Holtzman v. B/E Aerospace, Inc.*, 07-80551-CIV-MARRA, 2008 WL 2705428, at *1 (S.D. Fla. July 9, 2008)].  Indeed, as the *Holtzman* court noted, "Defendants are entitled to ***reasonable discovery*** to oppose Plaintiff's motion." 2008 WL 2705428, at *1.  However, as no amount of discovery will uncover evidence that will controvert the clear facts Plaintiff has presented, ***any*** discovery would be "pointless," and thus, unreasonable.

has introduced evidence, with which Plaintiff agrees, showing that according to the TTB's standards, Skinnygirl Margaritas are not "*All* Natural," but, at best, only "natural," by virtue of the sodium benzoate contained in them.  Thus, the facts are that Defendants have made a misrepresentation, and Defendants have not introduced any evidence, let alone probative evidence, to contradict this fact.

Defendants mistakenly argue that Plaintiff presented no evidence that she saw or relied on any of Defendant's statements.  Putting aside the reality that, as Defendants concede, the words "All Natural" appeared on the front of the bottle in bright purple font, Plaintiff presented evidence that she purchased the Margaritas "instead of other beverages because the label deceived her into thinking that the Margaritas contained All Natural ingredients." [SOMF, at ¶14; *see also id.* at ¶20]. This allegation is very different than the allegation of the plaintiff in *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331 (S.D. Fla. 2011), to which Beam cites.  There, the plaintiff simply alleged that "Plaintiff purchased [the product]." *Id.* at 1339.  The *Jovine* court stated that "the allegation that Plaintiff purchased [the product] does not support the inference that Plaintiff purchased [the product] because of information he read on the product's label." *Id.*  This is obviously different that Plaintiff's allegation.

Likewise, Plaintiff has presented evidence that she was injured by her reliance on Defendants' misrepresentations.  Specifically, as discussed above, Plaintiff has presented evidence that she was deceived into purchasing Defendants' Margaritas, and that she paid a premium for the Margaritas, [Compl. at ¶38, Answer at ¶38].  Defendants have simply not denied any of the facts with respect to Plaintiff's misleading advertising claim, and simply rely on their evidentiary objections to oppose summary judgment.  As explained, this is insufficient to satisfy Defendants' burden, and thus, partial summary judgment as to liability on Plaintiff's Misleading Advertising claim in Plaintiff's favor is appropriate.

**D.      Defendants Have Not Raised a Genuine Issue of Fact With Respect to Plaintiff's FDUTPA Claim**

Plaintiff has also established all the elements of her FDUTPA claim.  Specifically, Plaintiff has established, and Defendants have failed to raise dispute, that Defendants engaged in a deceptive act or unfair practice, namely, selling a product containing sodium benzoate and labeling it as "*All Natural.*"  Further, Plaintiff's Complaint clearly alleges that a reasonable person would be deceived by Defendants' conduct.[8]  Finally, Plaintiff has established that she suffered actual damages, that is, that she paid a premium for Skinnygirl Margaritas as compared to other Margarita beverages that are not labeled as "all natural."  As Defendants have not introduced any evidence, or even advanced an argument to directly controvert any of Plaintiff's facts, the facts establishing liability under FDUTPA remain uncontroverted, and Plaintiff is entitled to judgment as a matter of law.

Indeed, rather than introduce evidence showing that Defendants' respective misrepresentations were not made by a specific Defendant, Defendants believe it is sufficient to "hide the ball" and simply argue that Plaintiff has not attributed any statement to either Defendant.  This is an absurd argument.  Both Defendants obviously represented, at one point or another, that Skinnygirl Margaritas were "All Natural" and contained no preservatives.  That is an undisputed fact.  Defendants' tactic, is merely more smoke and mirrors and is insufficient to oppose summary judgment.  The bottom line is that Plaintiff has clearly established that both Defendants made the challenged representations, and neither Defendant has even attempted to deny this fact.

---

[8]      Beam incorrectly argues that reliance is a necessary element of a FDUTPA claim.  This issue was decided by the Eleventh Circuit just last year in *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011), where the Court explicitly held that "a plaintiff need not prove reliance on the allegedly false statement to recover damages under FDUTPA, but rather a plaintiff must simply prove that an objective reasonable person would have been deceived."  *Id.* at 1283.

Defendants again argue that Plaintiff has not established that Defendant's representations are deceptive, that is, that the presence of less than 0.1% of sodium benzoate would be inconsistent with the reasonable consumer interpretation of "natural." Again, as explained above, Defendants' Margaritas are not labeled as "natural," but rather, "*All* Natural." As the TTB's flavor categories establish: natural is not the same as "*All* Natural." Thus, even by Defendants' own "standard," its Margarita labels are false and deceptive.

Defendants again ignore their burden to dispute Plaintiff's facts and argue that there is no evidence that Plaintiff purchased the Margaritas from Beam as opposed to SGC. Again, this sort of "hide the ball" tactic does not help Defendants. Indeed, first, Plaintiff has presented evidence that she purchased the Margaritas from both Defendants, and Defendants have not denied this, but merely state (incorrectly) that Plaintiff has not met her burden. All the evidence in the world, however, would not change the uncontroverted fact that both Defendants sold a deceptively labeled Margarita and some point during the class period.

Defendants also misread and misunderstand Plaintiff's evidence and allegations in arguing that Plaintiff has not proven that she was exposed to Defendants' statements prior to her purchase or that those statements caused her purchase. As explained above, Plaintiff clearly presented evidence that she purchased Defendants' Margaritas because she relied on Defendants' representations and that those representations deceived her into purchasing Skinnygirl Margaritas. The fact that Plaintiff was "deceived" clearly implies that she saw a representation and relied on it.[9]

---

[9]     SGC argues that an issue is whether Plaintiff had knowledge that the Margaritas contained sodium benzoate and purchased them anyway. This is more smoke and mirrors. Plaintiff has presented more than enough evidence to establish that she is suing Defendants because she was deceived by their statements *i.e.* she did not know the "all natural" Margaritas actually contained sodium benzoate.

Finally, Defendants incorrectly argue that Plaintiff has not provided evidence that she suffered an actual loss as a result of Defendants' misrepresentations.   Again, Defendants are incorrect.   Plaintiff has clearly established that she purchased Skinnygirl Margaritas due to Defendants' deception.   Further, Plaintiff has established that a bottle of Skinnygirl Margaritas labeled as "all natural" costs $14.99, whereas a comparable bottle of Jose Cuervo Margarita, not labeled "all natural" costs $12.69.   Thus, Plaintiff has clearly established actual damages – at a minimum, the $2.30 premium she paid for each bottle of Skinnygirl Margarita.

Plaintiff has established all the elements of her FDUTPA claim, and because Defendants have failed to raise a genuine issue as to any of those facts, partial summary judgment in Plaintiff's favor is appropriate.

### E.      Beam Misapplies FDUTPA's Safe Harbor Protection

Beam makes a final argument that its deceptive statements fall into the "safe harbor" provision of the FDUTPA.   Beam's argument is that the TTB approval process is designed to assure that the label is not "false or untrue" or "misleading," and as Beam's label was allegedly approved by the TTB, its labels are "activities permitted by federal law."

Beam's argument is flawed for several reasons.   First, there is no support for Beam's contention that TTB approval process is designed to assure that the label is not "false or untrue" or "misleading."   Second, as explained above, Defendants' labels *do not even comply with the TTB's labeling standards*.   Indeed, Beam's argument might be persuasive if it labeled its Margaritas as "natural" (which it has since done), however, Defendants' labeled their product as "*All* Natural" – something the TTB does not permit for products containing any "artificial topnote," such as sodium benzoate.   Accordingly, Defendants' activities are not "permitted by federal law," as Beam suggests, and thus, the FDUTPA safe harbor provision offers Beam zero protection.   Partial summary judgment should be entered in Plaintiff's favor.

**F.     Defendants Have Not Raised a Genuine Issue of Material Fact With Respect to Plaintiff's Breach of Express Warranty Claim**

Defendants argue that Plaintiff has presented no admissible evidence to establish the elements of her express warranty claims.  Again, Defendants are incorrect and have failed to raise a genuine issue as to any of the elements of her claim, and thus, partial summary judgment should be granted in Plaintiff's favor on her Breach of express warranty claim.  Indeed, it is undisputed that both Defendants sold "goods" – Margaritas.  Plaintiff has presented evidence that she purchased Margaritas from both Defendants at various times throughout the class period.  Further, Plaintiff has presented evidence establishing that Defendants warranted their Margaritas as "*All* Natural."

Plaintiff has also presented evidence that Defendants expressly warranted their Margaritas as "*All* Natural."  To be sure, an express warranty is created by "(a) any affirmation of fact or promise made by the seller which relates to the goods . . .[;] and (b) Any description of the goods which is made part of the basis of the bargain[.]"  U.C.C. §2-313.  Plaintiff has presented evidence of Defendants' Margarita bottle displaying the words "All Natural."  Either as an affirmation of a fact or a description of the Margarita, the words, "All Natural" create an express warranty that the Margarita will in fact be "All Natural."  As if this were not enough, Plaintiff has also presented various other similar representations on Defendants' respective websites, as well as statements by Bethenney Frankel describing the Margaritas as "All Natural."  There is no question that Defendants warranted their Margarita as "All Natural."

Plaintiff also established that Defendants breached that warranty by selling a Margarita that was not "All Natural," by the TTB's standards or by reasonable consumer expectations, as the Margaritas contained sodium benzoate.  Defendants, on the other hand, have produce *zero* evidence that a product warranted as "All Natural" may contain an artificial topnote, such as sodium benzoate.  Indeed, no such evidence exists.  Thus there is no genuine dispute as to this fact.  Finally, as

explained above, Plaintiff has presented evidence that she suffered an injury, that is, she paid a $2.30 premium for Defendants' Margaritas. As Defendants have introduced no evidence to raise a genuine issue as to any material fact, partial summary judgment in Plaintiff's favor is proper.

Defendants attempt to distract from their failure to controvert a single fact by arguing (incorrectly) that Plaintiff must establish privity with Defendants in order to succeed on her warranty claim. The law, however, is clear: no privity is required in Plaintiff's breach of express warranty case. To be sure, in *Smith v. Wm. Wrigley Jr. Co.*, this Court denied a motion to dismiss an express warranty claim despite a lack of privity. 663 F. Supp. 2d 1336, 1343 (S.D. Fla. 2009) (Cohn, J.). Specifically, the *Smith* Court reasoned that:

> First, this case is not similar to *T.W.M.* or *Stearman*. In each of those cases, whether it be a doctor installing an implant or a computer salesman, it could be assumed that the end-purchaser might expect the seller or "middle man" to have relevant knowledge, or even expertise, regarding the manufacturer's product. Here, it defies common sense to argue that purchasers of Eclipse gum presumed that the cashier at the local convenience store is familiar with the scientific properties of MBE. Second, it is significant that the express warranty the manufacturer allegedly breached is contained on the packaging of Eclipse gum. Moreover, the Complaint alleges that Plaintiff relied on the warranty when purchasing the gum.

*Id.* Likewise, in the instant case, "it defies common sense" to argue that Plaintiff presumed that the cashier where she purchased Skinnygirl Margaritas was familiar with the ingredients contained in the Margaritas. Also like *Smith*, the express "All Natural" warranty appears right on the bottle of Skinnygirl Margaritas, and Plaintiff has established that she relied on that warranty when purchasing Defendants' Margaritas. As such, like in *Smith*, no privity is required in order for Plaintiff to prevail on her express warranty claim.

### G.    Defendants Have not Raised a Genuine Issue as to Any Fact With Respect to Plaintiff's Unjust Enrichment Claim

Finally, Plaintiff has established all the necessary elements, and thus, is entitled to partial summary judgment on her unjust enrichment claim. To be sure, Plaintiff has presented evidence that

she conferred a benefit – money – upon both Defendants, who obviously appreciated that benefit, when she purchased Skinnygirl Margaritas various times throughout the class period.  Plaintiff also presented evidence, supported by Beam's evidence, that under the circumstances, Defendants' acceptance and retention of that benefit makes it inequitable for Defendants to keep the benefit.  That is, as explained above, (1) the TTB has a flavor category titled "all natural"; (2) Defendants' Margaritas are not "all natural" under the TTB standards, but only "natural," due to the presence of less than 0.1% of an artificial topnote – sodium benzoate; and (3) despite this fact, Defendants marketed and sold their Margaritas as "All Natural," *something it clearly is not*.  Thus, under these circumstance – falsely labeling a product as *"all natural"* when, as Beam's own evidence establishes, is *only* natural at best, in order to charge a premium for the product – it would be inequitable for Defendants to retain the benefit Plaintiff conferred upon them.  Indeed, no matter how one looks at it, putting aside the formulaic elements of various causes of actions and the attendant rules of procedure that our legal system offers to aggrieved parties, Defendants' conduct is just plain wrong; individuals and corporations simply cannot be allowed to blatantly lie to consumers in order to charge more money for their products.

Defendants cannot, and have not, raised a genuine issue as to any of these facts.  Instead, Defendants present another meritless argument to distract the Court from Defendants' failure to meet their burden: Plaintiff has an adequate legal remedy such that it requires dismissal of her unjust enrichment claim.

Defendants cite several cases for this erroneous position.  In *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007), the unjust enrichment claim was dismissed because the plaintiffs "obtained the benefit of their bargain." But that is not the case here. Plaintiff specifically establishes that she did not receive the benefit of her bargain.  Likewise, the court in *Jovine v. Abbott*

- 17 -

*Labs., Inc.*, 795 F. Supp. 2d 1331, 1342 (S.D. Fla. 2011), dismissed an unjust enrichment claim because "if Plaintiff cannot prevail with his available legal remedies, he cannot prevail on his unjust enrichment claim." Here, as Defendants argue, there are elements to Plaintiff's legal claims that may theoretically be difficult to establish. Plaintiff will still, however, be able to proceed under her unjust enrichment claim as Defendants are clearly enriching themselves through inequitable means. Finally, in *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009), the court did not appear to consider the unjust enrichment claims as an alternate count. Here, Plaintiff's unjust enrichment claim is pled in the alternative,  [Dkt. No. 1, ¶80], which is clearly proper. *Thunderwave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562 (S.D. Fla. 1997).

Thus, should the Court decline to grant summary judgment on Plaintiff's legal claims, Plaintiff respectfully requests that the court alternatively enter partial summary judgment as to liability in Plaintiff's favor on her unjust enrichment count.

## III.   CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court to enter partial summary judgment as to liability in her favor and against Defendants and to grant any further relief this Court deems just and proper.  Moreover, Plaintiff alternatively requests an order under Rule 56(g) stating that the following facts are not genuinely in dispute: 1) Skinnygirl Margaritas contain sodium benzonate; 2) The bottles in which Skinnygirl Margaritas have been sold have had the words "All Natural" on the label; and 3) The marketing and advertising for Skinnygirl Margaritas has contended that the product made with "all natural ingredients," "no preservatives," and no "artificial flavors."

DATED:  March 8, 2012                    ROBBINS GELLER RUDMAN & DOWD LLP
                                         STUART A. DAVIDSON
                                         Florida Bar No. 084824
                                         CULLIN A. O'BRIEN
                                         Florida Bar No. 597341
                                         MARK DEARMAN
                                         Florida Bar No. 0982407


                                                    *s/Stuart A. Davidson*
                                         _____
                                              STUART A. DAVIDSON

                                         120 E. Palmetto Park Road, Suite 500
                                         Boca Raton, FL  33432
                                         Telephone: 561/750-3000
                                         Facsimile:  561/750-3364
                                         sdavidson@rgrdlaw.com
                                         cobrien@rgrdlaw.com
                                         mdearman@rgrdlaw.com

                                         Richard E. Walden
                                         Walden Law Firm, PLLC
                                         10121 N. Rodney Parham, #5
                                         Little Rock, AR  72227
                                         Telephone: 501/907-7000
                                         Facsimile:  888/220-7933
                                         rwalden@waldenlawfirm.com

                                         R. Dean Gresham (admitted *pro hac vice*)
                                         GRESHAM pc
                                         2311 Cedar Springs Road, Suite 200
                                         Dallas, TX  75201
                                         Telephone: 214/420-9995
                                         Facsimile:  214/526-5525
                                         dgresham@greshampc.com

                                         Nabil Majed Nachawati, II (admitted *pro hac vice*)
                                         Fears ׀ Nachawati
                                         4925 Greenville Avenue, Suite 715
                                         Dallas, TX  75206
                                         Telephone: 214/890-0711
                                         mn@fnlawfirm.com

                                         Attorneys for Plaintiff and the Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 8, 2012.

s/ Stuart A. Davidson
STUART A. DAVIDSON
ROBBINS GELLER RUDMAN & DOWD LLP
E-mail: sdavidson@rgrdlaw.com