UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and
on Behalf of All Others Similarly Situated,

                            Plaintiff,

vs.

SKINNY GIRL COCKTAILS, LLC,
SGC GLOBAL, LLC and BEAM GLOBAL
SPIRITS AND WINE, INC.

                            Defendants.
_____/

**PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' EVIDENTIARY OBJECTIONS**

### I. Defendants' Objections Ignore Rule 56(c)(2)

Exhibits B, C, and K-M are documents taken directly from the Defendants' respective websites and are statements made by the Defendants. The Defendants do not argue that the Plaintiff *cannot* authenticate the exhibits, but rather that the Plaintiff *has not* authenticated the exhibits. Under the new Rule 56(c)(2), the Defendants' argument is inadequate because the Plaintiff only has to explain the admissible form of the exhibits that is anticipated at trial, and the Defendants have not disputed the actual authenticity of the exhibits.

In 2010, Rule 56(c)(2) of the Federal Rules of Civil Procedure was amended to state that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The advisory committee notes state that "[t]he objection functions much as an objection at trial," and that "[t]he burden is on the proponent to show that the material is admissible as presented ***or to explain the admissible form that is***

*anticipated*." *Adams v. Austal, USA, LLC*, Case No. 08-0155-KD-N, Dkt. No. 357 at 1 n.1 (S.D. Ala. Mar. 25, 2011). The new rule implicitly limits objections to those that could not be cured at trial. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("expression *unius est eclusio alterius*").

Despite the obvious ability of the Plaintiff to authenticate Exhibits B, C, and K-M, the Defendants object to the authenticity of the exhibits without supporting their objections with a sworn declaration or any testimony stating Exhibits B, C, and K-M are not what the Plaintiff states that they are. If there was an actual factual dispute as to the authenticity of the exhibits, the proper procedure would be for the Defendants to submit a declaration stating that Exhibits B, C, and K-M are not what the Plaintiff claims. Fed. R. Civ. P. 56(c)(1)(b) ("A party asserting that a fact…is genuinely disputed must support the assertion by . . . showing . . . that an adverse party cannot produce admissible evidence to support the fact."). Defendants did not do this.

To be sure, the Defendants are silent with regard to the authenticity of Exhibits B, C, and K-M. Defendants' silence in responding to the Plaintiff's Motion for Summary Judgment with regard to Exhibits B, C and K-M demonstrates the Plaintiff can anticipate authenticating these documents through the Defendants or any other person with access to an Internet connection. Exhibits B, C and K-M are screen-shots of the Defendants' websites at various times between September of 2009 and present day. These screen shots of the Defendants' websites contain statements of the Defendants made by the Defendants, so the Defendants are the means by which the Plaintiff intends to admit Exhibits B, C and K-M into evidence. In their response to the Plaintiff's Motion for Summary Judgment, the Defendants had ample opportunity to deny the authenticity of Exhibits B, C and K-M through sworn declarations, but the Defendants did not. Nonetheless, in the event the Defendants attempt to run a shell game and deny that their websites

contained the material presented in Exhibits B, C and K-M, the Plaintiff could and would produce a private investigator or any other person with access to the Internet that could authenticate Exhibits B, C and K-M.

## II. Defendants' Authentication Objections Are Unfounded

Even if the Plaintiff were unable to authenticate Exhibits B, C and K-M through witness testimony at trial, the Plaintiff would not even have to authenticate those exhibits and in addition Exhibits A, D-F, and J because all of the exhibits are self-authenticating documents. Rule 902(6) of the Federal Rules of Evidence states that "[p]rinted material purporting to be a newspaper[s] or periodical[s] . . . are self-authenticating [and] require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(6). Rule 902(6) extends to newspapers, periodical, and websites taken from the internet. *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1091 (N.D. Cal. 2011) ("most of the articles submitted by Plaintiff contain sufficient indicia of authenticity, including distinctive newspaper and website designs, dates of publication, page numbers, and web addresses . . . Only the internet print-outs of the Daily News articles contained in Exhibits 321-4 and 321-7, which do not contain a web address and lack other identifying characteristics, appear to be insufficiently authenticated. The Court will not consider these two articles, but overrules the objection as to the remainder of the articles"). As such, Exhibits A-F and J-M are authentic and should be considered at trial and in support of the Plaintiff's Motion for Summary Judgment.

Rule 901 of the Federal Rules of Evidence requires that exhibits by properly authenticated by a "competent witness with personal knowledge [of the documents'] authenticity." *Las Vegas Sands, LLC v. Nehme,* 632 F.3d 526, 533 (9th Cir. 2011). Authentication is a "condition precedent to admissibility." *Orr v. Bank of Am., NT & SA*, 285

F.3d 764, 773 (9th Cir. 2002). "[T]his condition is satisfied by evidence sufficient to support finding that the matter in question is what its proponent claims.'" *Id*. (quoting Fed. R. Evid. 901(a)). The threshold for the court's determination of authenticity is not high. *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994) ("the standard for authentication and hence for admissibility, is one of reasonable likelihood"); *United States v. Coohey*, 11 F.3d 97, 99 (8th Cir. 1993) ("[T]he proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be[.]").

Plaintiff has provided testimony sufficient to authenticate all documents with which it relies in her Motion for Summary Judgment through the Declaration of Stuart A. Davidson (the "Davidson Declaration"). Exhibits A-J attached to the Davidson Declaration all state the place, time, and method by which the proponent obtained the documents. The Davidson Declaration is sufficient to authenticate the exhibits attached to the declaration.

Notwithstanding the contention that the Davidson Declaration is sufficient to authenticate Exhibits A-O, "[w]here documents are otherwise submitted to the court, and where the personal knowledge is not relied upon to authenticate the document, the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4). *Orr*, 285 F.3d at 777-78. Under Rule 901(b)(4), "documents . . . could be authenticated by review of their contents if they appear to be sufficiently genuine." *Orr*, 285 F.3d at 78 n.24 (noting that district courts have authenticated letters by "linkage between the dates of postmarks and defendant's location on the days [the] letters [were] mailed" and a diary "by reviewing its contents").

Here, Exhibits A-O attached to the Davidson Declaration are authentic versions of what they state they are. However, if the Court is so inclined it may review the authenticity of all the Exhibits excluding Exhibits K-O by visiting the web addresses included in the Davidson

Declaration.  It is important to delineate between what the Defendants have objected to with regard to the authenticity of the exhibits submitted by the Plaintiff.  Defendants do not object to the actual authenticity of the exhibits attached to the Davidson Declaration by submitting declarations opposing the authenticity of the documents attached to the Davidson Declaration.  Defendants could not object to the actual authenticity.  Instead, Defendants simply object to means by which the documents have been authenticated in efforts to prolong the litigation because they simply cannot dispute what they have stated and admitted on their very own website and to the news media.

### III.  Defendants' Objection to Personal Knowledge of Documents Is Improper

Rule 602 states that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Nevertheless, the Defendants object to the admissibility of all documents except Exhibit O attached to the Davidson Declaration because of a purported lack of personal knowledge pursuant to Rule 602.  To be sure, Davidson does have knowledge of when, where, and how he obtained the exhibits attached to the Davidson Declaration.  Yet, the Defendants object to this without submitting any declarations refuting the Davidson Declaration and/or demonstrating that Exhibits A-O are not authentic.  The Davidson Declaration is proper, based upon Davidson's personal knowledge, and attaches exhibits that the Defendants have not and cannot refute, particularly the documents that were taken from the Defendants' own website.  Accordingly, the Defendants' objections to consideration of Exhibits A-O attached to the Davidson Declaration should be overruled.

## IV. More than Five of the Challenged Documents Are Admissible as Admissions of a Party-Opponent

Defendants contend that their own statements and the statements of their agents are inadmissible hearsay. However, an admission by a party-opponent is not hearsay. Fed. R. Evid. 801(d)(1)(A). Rule 801(d)(2)(A) provides that a statement is not hearsay if it "is offered against a party and is . . . the party's own statement, in either an individual or representative capacity." Rule 801(d)(2)(D) provides that admissions of a party opponent include "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Thus, the Defendants' statements and the statements of their agents are admissions of a party-opponent; they are not hearsay.

Exhibits B, C, J, K, L, and M are postings on the Defendants' website created by the Defendants' employees in the course of their employment and are thus indisputably admissions made by the Defendants. *See United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000) (e-mail messages sent by defendant were admissions by a party under Rule 801(d)(2)(A)); *Shields v. BCI Coca-Cola Bottling Co.*, No. C 04-928 JLR, 2005 U.S. Dist. LEXIS 33626, at *7 (W.D. Wash. Sept. 12, 2005) ("The court rejects Defendant's characterization of this e-mail as a communication beyond the scope of the manager's employment, and thus the e-mail contains the admissions of a party opponent and is excepted from the rule against hearsay."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) ("emails written by a party are admissions of a party opponent and admissible as non-hearsay under Fed. R. Evid. 801(d)(2)").

The Defendants argue that Exhibit C is inadmissible hearsay as it is a "purported third-party archive of the Skinny Girl website." [Dkt. #58-1, ¶3]. The Defendants are flat wrong. In *Telewizja Polska USA, Inc., v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 WL 2367740 (N.D.

6

Ill. 2004), the Defendant sought to introduce into evidence various internet archive captures of what the Plaintiff's website looked like on various dates. The Plaintiff sought, unsuccessfully, to exclude the archive captures of the Plaintiff's website by arguing that the website archive captures were double hearsay. The court held that "[t]o the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all — and thus fall outside the ambit of the hearsay rule." *Id*. at *5 (quoting *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) (noting that the printouts of the website are admissible pursuant to the best evidence rule.)). The court also found that, the contents of the Plaintiff's website may be considered an admission of a party-opponent, and are not barred by the hearsay rule. *See also Van Westrienen v. Americontinental Collection Corp.,* 94 F. Supp. 2d 1087, 1109 (D. Or. 2000) ("Furthermore, the representations made by defendants on the website are admissible as admissions of the party-opponent under FRE 801(d)(2)(A)").

Exhibit C is an archive of the Defendants' website stating the exact opposite of what Defendant Beam now admits, namely that the Defendants' "All-Natural" margaritas are not all natural as the margaritas contain the synthetic preservative sodium benzoate. [Dkt. No. 14, ¶28]. This exhibit is an admission by the Defendants and should be considered by the court when deciding the Plaintiff's Motion for Summary Judgment as to liability.

The captures of the Skinny Girl website during the time that the SGC Defendants operated the website and during the time that Defendant Beam operated the website are also admissions by a party opponent pursuant to Rule 801(d)(2)(D) as "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." The Defendants seem to argue that since each of the Defendants either only recently sold Skinny Girl and/or recently acquired Skinny Girl, the

statements made on the Skinny Girl website cannot be an admission by a party opponent. Not so, as Exhibits D and B clearly demonstrate that some sort of agency relationship exists between the Defendants. [Dkt. No. 39, Exs. D and B]. For example, the screen capture of a website operated by the SGC Defendants continued to market Skinny Girl Margaritas after the time that Defendant Beam purchased Skinny Girl. Further, Exhibit D is a screen capture of the Skinny Girl website subsequent to Defendant Beam's purchase of Skinny Girl and subsequent to the filing of the Plaintiff's Complaint, and the Defendants' website specifically acknowledges the agency relationship when it states among other things: "Setting the Record Straight on Skinnygirl Margarita: *Joint Statement of Bethenny Frankel and Beam Global Spirits & Wine*."[1] [Dkt. No. 38, ¶18]. As such Exhibits B, C, K, and L are non-hearsay admission by a party opponent. *See, e.g., Movie 1 & 2 v. United Artist Commc'ns, Inc.*, 909 F.2d 1245, 1249 (9th Cir. 1990) (statement of employee admissible against employer in antitrust action). Accordingly, all of the Skinny Girl Defendants and Defendant Beam's website postings constitute an admission by the Defendants concerning a matter within the scope of the agency under Fed. R. Evid. 801(d)(2)(D).

Finally, several of the statements are admissible as adoptive admissions under Fed. R. Evid. 801(d)(2)(B), which recognizes that an admission may be made by acquiescing in the statement of another. Rule 801(d)(2)(B) provides a statement is not hearsay if the statement is offered against a party and is "a statement of which the party has manifested an adoption or belief in its truth." Adoption may be "manifested by any appropriate means, such as language, conduct or silence." *United States v. Junadu*, 98 F.3d 239, 244 (6th Cir. 1996). To constitute an adoptive admission, the statement must be such that a person who does not adopt it would

---

[1] Exhibits K, L, and M all contain evidence that both Defendants were operating the Skinny Girl website as all of these screen captures use quotes from Bethenny Frankel the principal of Skinny Girl Cocktails, LLC and SGC Global, LLC, at the time that Defendant Beam allegedly owned the Skinny Girl brand.

normally be induced to respond, and there must be sufficient foundational facts from which the trier of fact could infer that the person heard, understood and acquiesced in the statement. *See United States v. Joshi*, 896 F.2d 1303 (11th Cir. 1990).

Exhibits B, C, J, K, L, and M are admissible as adoptive admissions. For example, Exhibits B and C consist of screenshots of the Skinny Girl website and the founder of Skinny Girl, Bethenny Frankel's website, prior to Defendant Beam's acquisition of Skinny Girl in March of 2011. These exhibits are statements which support the allegations that the Defendants marketed and sold Skinny Girl Margaritas as being "All Natural" and containing "no preservatives." Despite these statements prior to Defendant Beam's purchase of the Skinny Girl line and Defendant Beam's acquisition of the knowledge that Skinny Girl Margaritas contained sodium benzoate an unnatural preservative, Defendant Beam did not denounce these admissions. Rather, as demonstrated by the admission in Exhibits K, L, and M, the Defendants jointly admit that the product contains sodium benzoate an unnatural preservative. Thus, the statements in B, C, K, L, and M constitute adoptive admissions and should be considered in finding that the Plaintiff is entitled to summary judgment against the Defendants.

**V. The Media Articles Are Not Hearsay Because They Are Not Offered to Prove the Truth of the Matter Asserted**

In order to constitute hearsay, a statement must be "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Of course, evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement." *Anderson v. United States*, 417 U.S. 211, 221 n.8, 94 S. Ct. 2253 (1974). Hearsay is not an issue when "testimony [has] been used to prove merely that [a] statement has been made. The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on

the proof of fact through extrajudicial statements." *Dutton v. Evans*, 400 U.S. 74, 88, 91 S. Ct. 210 (1970).

Here, Plaintiff has offered media articles to show that the Defendants made the statements contained therein and that the statements reached consumers – not for the truth of the matter asserted.[2] Thus, the analyst reports and media articles are non-hearsay.[3]

Similarly, where a statement is introduced to prove that the matter asserted is false, it is not hearsay.[4] The Supreme Court addressed this issue in *Anderson*:

> We think it is plain [that the statements] were not [hearsay]. Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted. The election contest testimony . . . , however, was not admitted into evidence . . . to prove the truth of anything asserted therein. Quite the contrary, the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false.

*Id.* at 219-20.

Here, as in *Anderson*, Plaintiff has offered the Defendants' statements contained in media articles and websites merely to have the court compare the Defendants' false public statements with "other admissible evidence" to prove the inconsistency. Accordingly, the statements in the

---

[2] The media articles and websites challenged by the Defendants consist of Exhibits A, B, D, E, and F to the Declaration of Stuart Davidson. [Dkt. No. 39].

[3] *See Jauch v. Corley*, 830 F.2d 47, 52 (5th Cir. 1987) (media report of statement admissible to prove statements made); *Williams v. Valdosta*, 689 F.2d 964, 972 n.5 (11th Cir. 1982) (same); *Kirby v. Cullinet Software, Inc.*, 721 F. Supp. 1444, 1447 (D. Mass. 1989) ("[T]he analysts' reports of the meeting . . . may not be hearsay because they are offered only to prove that Cullinet officials made particular statements and not to prove that those statements were true.").

[4] *See United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) ("Most of the alleged hearsay statements are false representations that were made to potential investors. These representations are not hearsay because their probative value is independent of their truth."); *United States v. Gillespie*, No. 99-50171, 2000 U.S. App. LEXIS 12304, at *7 (9th Cir. June 1, 2000) ("This 'proof of falsity' theory for the admissibility of evidence is clearly supported by case law.").

media articles and on websites are not hearsay. *See United States v. Fried*, 576 F.2d 787, 792-93 (9th Cir. 1978) ("In this case, it is clear from the record that the post-arrest statements of DiRodio and Guglielmini were offered not for their truth, but because the government believed they were obviously false. The statements were therefore not within the definition of hearsay at all.").

## VI. The Warranty Demand Letters Are Not Offered For the Truth of the Matter Asserted

Plaintiff attaches the warranty demand letters as Exhibit O to the Davidson Declaration in support of the Plaintiff's Motion for Summary Judgment. Defendants object to the admission of Exhibit O for consideration because they claim that the demand letters are hearsay. Not so. Plaintiff does not offer the demand letters into evidence to prove the truth of the matter asserted, but to prove that the letters were sent to and received by the Defendants. *Adonai Commc'ns, LTD v. Awstin Invs., LLC*, Case No. 3:10-CV-2642-L, 2011 WL 4712246, at *11 (N.D. Tex. Oct. 7, 2011) ("Defendants object that any reference to the demand letter is inadmissible hearsay and that even if not hearsay, the document itself is generally the only admissible evidence of its contents. The reference to the demand letter is made, however, to show that a letter was sent to MidCoast Credit, not to prove the matter asserted in it. The reference is therefore not hearsay and production of the letter itself is not required"). Here, Plaintiff offers the demand letters to show that she sent them to the Defendants, not for the truth of the matter asserted. As such, the demand letters are not hearsay and should be considered.

## VII. Plaintiff Does Not Need a Transcript to Prove Admission

Even if for some reason the Court finds that it should not consider the representations and admissions of the Defendants' attorney at a hearing in this matter, the Plaintiff submits that she does not need the transcript to prove that sodium benzoate is an ingredient in Skinny Girl

11

Margaritas.  First of all, Defendant Beam admitted sodium benzoate is contained in Skinny Girl Margaritas in its Answer.  [Dkt. No. 14, ¶28].  Second, Defendant Beam has now submitted sworn declarations admitting the same, that "sodium benzoate is present in flavoring ingredients added to the tequila in Skinnygirl Margarita."  [Dkt. No. 54-4, ¶4].  Accordingly, while the Plaintiff disputes the evidentiary objections submitted regarding Exhibit N, the matter asserted with Exhibit N has been admitted by the Defendants.

DATED:  March 8, 2012					ROBBINS GELLER RUDMAN & DOWD LLP
							STUART A. DAVIDSON
							Florida Bar No. 084824
							CULLIN A. O'BRIEN
							Florida Bar No. 597341
							MARK J. DEARMAN
							Florida Bar No. 0982407


							     *s/Stuart A. Davidson*
							    STUART A. DAVIDSON

							120 E. Palmetto Park Road, Suite 500
							Boca Raton, FL  33432
							Telephone: 561/750-3000
							Facsimile:  561/750-3364
							sdavidson@rgrdlaw.com
							cobrien@rgrdlaw.com
							mdearman@rgrdlaw.com

							Richard E. Walden
							Walden Law Firm, PLLC
							10121 N. Rodney Parham, #5
							Little Rock, AR  72227
							Telephone: 501/907-7000
							Facsimile:  888/220-7933
							rwalden@waldenlawfirm.com

12

       R. Dean Gresham (admitted *pro hac vice*)
       GRESHAM pc
       2311 Cedar Springs Road, Suite 200
       Dallas, TX  75201
       Telephone: 214/420-9995
       Facsimile:  214/526-5525
       dgresham@greshampc.com

       Nabil Majed Nachawati, II (admitted *pro hac vice*)
       Fears ׀ Nachawati
       4925 Greenville Avenue, Suite 715
       Dallas, TX  75206
       Telephone: 214/890-0711
       mn@fnlawfirm.com

       Attorneys for Plaintiff and the Class

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 8, 2012.

          s/ Stuart A. Davidson
          STUART A. DAVIDSON

         ROBBINS GELLER RUDMAN & DOWD LLP
         E-mail: sdavidson@rgrdlaw.com