UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-61965-WILLIAMS/SELTZER

REGINA GREENE, individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL SPIRITS
AND WINE, INC.,

      Defendants.
_____/

## ORDER ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment [D.E. 37] and Defendants SGC Global LLC and Skinny Girl Cocktails, LLC's (together the "Skinny Girl Defendants") Motion to Dismiss [D.E. 49].[1]  For the reasons discussed below, the Plaintiff's Motion for Summary Judgment is DENIED (in part as moot and in part without prejudice).  The Skinny Girl Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.  The Plaintiff is ORDERED to file her amended complaint, as detailed below, by **May 16, 2012**.  The Beam Global Defendant may file an amended answer based upon any new information advanced in Plaintiff's amended complaint.  All Defendants are to answer the Amended Complaint by **May 30, 2012**.

---

[1] The Defendants' Motions for Hearing on Plaintiff's Motion for Partial Summary Judgment are DENIED. [D.E.s 71-72].  The Court finds the pleadings to be wholly sufficient to decide the matters at issue.

1

## I. Background[2]

Plaintiff filed her Complaint on September 2, 2011.[3] [D.E. 1]. She alleges four causes of action against all three Defendants: (1) violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), (2) misleading advertising pursuant to Florida law, (3) breach of express warranty, and (4) unjust enrichment (pled in the alternative). *Id.*

In 2009, reality television personality Bethenny Frankel launched the Skinny Girl brand. Compl. ¶ 4. In 2010, the brand began promoting the Skinny Girl Margarita, which was manufactured and sold throughout the United States. *Id.* ¶ 5. In "early 2011," Defendant Beam purchased the Skinny Girl brand from the Skinny Girl Defendants. *Id.* ¶ 7. Plaintiff claims all of the Defendants promoted and marketed the Skinnygirl Margarita as "All Natural," which was in keeping with Ms. Frankel's reported diet philosophy. *Id.* ¶¶ 6-7. The "All Natural" label was displayed on the bottle of Skinny Girl Margaritas. *Id.* ¶ 8. On or about September 1, 2011, the grocery chain Whole Foods stopped selling Skinny Girl Margaritas because it discovered that they were not all natural in that they contained some measure of sodium benzoate. *Id.* ¶ 10.

Plaintiff alleges she relied on the "All Natural" label when purchasing Skinny Girl Margaritas, and that she has been harmed in the amount of the purchase price of the Skinny Girl Margaritas. *Id.* ¶ 12. Plaintiff filed her Complaint on behalf of herself and on behalf of a potential class of people (yet to be certified) who purchased Skinny Girl

---

[2] The facts in this section are drawn from Plaintiff's Complaint and thus are presumed to be true for purposes analyzing Defendant's Motion to Dismiss. The Court makes no determination as to the facts for purposes of analyzing Plaintiff's Motion for Summary Judgment, which (as discussed below), the Court finds premature.

[3] The case was stayed from November 9, 2011 until December 28, 2011 pending decision from the Judicial Panel on Multi-District Litigation on a motion to transfer and consolidate this and other like cases. The Motion was denied and the stay was lifted.

2

Margaritas in reliance on the "All Natural" representation. *See id.* ¶ 31.

## II. Standards of Review

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or others materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

3

(2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dept. of Health and Human Services Ctrs. For Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is impossible;" however, the "[f]actual allegations must be enough to raise a right of relief above the speculative level. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

### III. Analysis

#### A. Summary Judgment

The Court has reviewed the Plaintiff's Motion for Partial Summary Judgment and all related pleadings. The Motion is DENIED AS MOOT as to Claims 2 (misleading advertising) and 4 (unjust enrichment) because the Skinny Girl Defendants' Motion to Dismiss is granted on those claims. Summary judgment is DENIED WITHOUT PREJUDICE as to Claims 1 (violations of FDUTPA) and 3 (breach of express warranty) because the motion is, at best, premature. Drawing all inferences in favor of the Defendants, there are clear issues of material fact at this juncture of the litigation. The

4

Skinny Girl Defendants have yet to even answer the Complaint, and discovery is in its infancy. In fact, in attempting to defeat the Skinny Girl Defendants' Motion to Dismiss, Plaintiff recognizes the potential factual disputes that arise in this case: "[t]he place for Defendants to take issue with the facts as pled is to answer them. . .," and "Defendants can present their factual disputes about their respective responsibility in their answer or through discovery." Response to Motion to Dismiss at 4, 13 [D.E. 62]. Thus, as Plaintiff herself seems to acknowledge, the Motion is inappropriate at this time. *See* Fed. R. Civ. P. 56(d); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1988) (stating that premature summary judgment motions may be "adequately dealt with under Rule 56(f),[4] which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery."). Plaintiff may renew her Motion after discovery has closed.

### B. Motion to Dismiss

#### 1. Notice

The Skinny Girl Defendants argue that Plaintiff's Complaint is an impermissible shotgun pleading that fails to give sufficient notice to each Defendant pursuant to Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

The Skinny Girl Defendants assert that the Complaint does not differentiate

---

[4] Rule 56(f) was the predecessor to the current rule, Rule 56(d).

between the Defendants and, thus, sufficient notice has not been provided to each as to their alleged misconduct. They claim that, particularly considering the sale of the business to Defendant Beam in 2011 as alleged in Plaintiff's Complaint, the Defendants must be differentiated. The Court agrees with the Skinny Girl Defendants (as discussed below) that Plaintiff must plead her misleading advertising claim with more specificity and include the time period(s) in which she purchased the product. This information will necessarily address timing questions as to the other counts.

As to the Plaintiff's FDUTPA and breach of express warranty counts, however, the pleading as it currently stands is sufficient to withstand a motion to dismiss. The Plaintiff alleges the same misconduct against each of the Defendants. A complaint against multiple defendants may be read as making the same allegation against each Defendant individually; the allegations must give each defendant fair notice of the claim against them and the basis for such claim. *George & Co., LLC v. Alibaba.com, Inc.*, 2011 WL 6181940 (M.D. Fla. 2011). The Plaintiff has included a lengthy factual section in her Complaint laying out the circumstances giving rise to her allegations against the Defendants. The Parties appear to agree that what differentiates the Defendants (and their potential liabilities) is when Plaintiff bought Defendants' Margarita[5] – i.e., did Plaintiff make her purchase while the Skinny Girl Defendants owned and marketed the Skinny Girl Margarita, while the Beam Defendant owned and marketed the product, or during both periods – and not the nature of the product statements themselves. Plaintiff's specific purchase information is required to go forward on her fraud claim and will cure any notice deficiencies for that and other claims. However, each Defendant is

---

[5] The Court is not making a finding as to the potential liabilities of the Parties and whether those fall strictly along the timing of the sale, but merely noting the focus of the pleadings.

sufficiently on notice regarding Plaintiff's factual contentions as to the alleged misleading statements about how "natural" their product was.

### 2. Fraud

Plaintiff alleges a count of misleading advertising. Under Florida law,

> [i]t shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses. Fla. Stat. § 817.41.

A claim under the misleading advertising statute is, in essence, one for fraudulent inducement. *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992). "Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement." *Id.* Claims of fraud are subject to the heightened pleading standard of Federal Rule 9(b), which requires that such claims be pled with "particularity." Fed. R. Civ. P. 9(b).

The requirements of Rule 9(b) are to notify defendants of the "precise misconduct with which they are charged." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotations omitted)). In *Ziemba*, the Eleventh Circuit found that Rule 9(b) was satisfied when the complaint states "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (quoting *Brooks v.*

*Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). The Plaintiff has sufficiently identified the statements that were made (press releases, statements on the bottles) and has pled that she relied upon such statements. However, she simply states that she purchased Skinny Girl Margaritas, and read and relied on the misleading statements, "during the proposed class period." Compl. ¶ 13. First, there is no proposed class period. And, as Defendants point out, Plaintiff acknowledges that the business was sold in 2011, which makes material the time period in which Plaintiff relied on the statements and purchased the beverage. Second, by not specifically stating the time period in which she purchased the beverages, she has not properly identified the person/entity responsible for making the statement (which would presumably depend at least in part on which company owned Skinny Girl Margaritas at the time that Plaintiff relied on the "All Natural" statement on the bottle) and what the defendant obtained as a consequence of the fraud (i.e. which company obtained the profit at the time of Plaintiff's purchase). Consequently, to sufficiently plead a cause of action under Florida's misleading advertising statute, Plaintiff must state in her Complaint with additional specificity (adequate to give Defendants notice of whether the purchase was before or after the sale of the business) the particular time(s) of her purchase/reliance on the Defendant's statements. The Defendant's Motion to Dismiss the Plaintiff's misleading advertising claim is therefore GRANTED.

### 3. Unjust enrichment

Unjust enrichment is an equitable remedy. To state a claim for unjust enrichment, a plaintiff must plead that (1) the plaintiff conferred a benefit directly upon a defendant; (2) the defendant accepts and keeps the benefit; and (3) the circumstances

8

demonstrate that it would be inequitable for the defendant to keep the benefit without paying for it. *Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 899 So.2d 1222, 1227 (Fla. Dist. Ct. App. 2005). Precedent in this district directs that the Court should dismiss Plaintiff's claim of unjust enrichment because she has an adequate legal remedy. *See Prohias v. Pfizer, Inc.*, 490 F.Supp.2d 1228, 1236 (S.D. Fla. 2007) (citing *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F.Supp.2d 1170, 1178 (M.D. Fla. 2005); *see also, Jovine v. Abbott Laboratories, Inc.*, 795 F.Supp.2d 1331, 1341 (S.D. Fla. 2011); *Nichols v. WM. Wrigley Jr. Co.*, 2011 WL 181458 (S.D. Fla. Jan. 19, 2011). Here, like in *Prohias*, *Jovine* and *Nichols*, Plaintiff seeks to recover on her unjust enrichment claim for the exact same conduct alleged in her other claims. "Thus, if Defendant[s] misrepresented the nature of its product, and Plaintiff relied on that misrepresentation to [her] detriment, then Plaintiff has a remedy at law as a properly pled claim under Florida law." *Nichols*, 2011 WL 181458 at *5.

Plaintiff's attempts to distinguish herself from the parties in *Prohias* and *Nichols* are unavailing. Plaintiff claims that Judge Jordan dismissed the unjust enrichment claim in *Prohias* because he found that the plaintiffs there received the benefit of their bargain. While Judge Jordan did find the plaintiffs received a benefit, he gave an additional reason for dismissal of the unjust enrichment claim – that plaintiffs had an adequate remedy at law. *Id.* Plaintiff argues that *Nichols* recognized the "black letter law" that Plaintiff may maintain her unjust enrichment claim in the alternative. In fact, the plaintiff in *Nichols* pled his unjust enrichment claim in the alternative, and Judge Cohn found that "although a plaintiff *ordinarily* may plead in the alternative, here, if Plaintiff cannot prevail with his available legal remedies, he cannot prevail on his unjust

9

enrichment claim." *Nichols*, 2011 WL 181458 at *5. The critical common factor in the dismissal of the claims in the above cases was that the plaintiffs pled the exact same conduct for their legal claims as well as their unjust enrichment claims. As such, the plaintiffs could not assert that they had no adequate legal remedy. Here, if Defendants misrepresented the nature of their product and plaintiff was injured by her reliance on that misrepresentation, or if the Defendants employed an unfair or deceptive trade practice causing Plaintiff injury, then "Plaintiff has a remedy at law as a properly pled claim under Florida law." *Jovine*, 795 F.Supp.2d at 1342. Thus, the Motion to Dismiss Plaintiff's unjust enrichment claim is GRANTED.

Accordingly, the Plaintiff's Motion for Summary Judgment is DENIED in part as moot and in part without prejudice to renew at a later point in the litigation. The Skinny Girl Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Plaintiff is ORDERED to file her amended complaint by **May 16, 2012**. The Beam Global Defendant may file an amended answer based upon any new information in Plaintiff's amended complaint.

**DONE AND ORDERED** in Chambers at Miami-Dade County, this 2nd day of May, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE