# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

    vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL SPIRITS
AND WINE, INC.,

                    Defendants.

---

## JOINT MOTION FOR ENTRY OF STIPULATION AND
## CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

Plaintiff Regina Greene ("Plaintiff") and Defendants Skinny Girl Cocktails LLC, SGC Global LLC, and Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits & Wine, Inc. (collectively, "Defendants"), jointly and respectfully request that the Court enter the Stipulation and Consent Protective Order of Confidentiality attached as Exhibit A.  In support of this Motion, the parties state as follows:

### BACKGROUND

1.     On September 2, 2011, Plaintiff filed a putative class action complaint against Defendants in the District Court in the Southern District of Florida ("Complaint") [Dkt. No. 1].

2.     Plaintiff alleges that Defendants have violated Florida statutory and common law by allegedly marketing and selling for a substantial premium "Skinnygirl Margarita" as being "'all natural'" and preservative-free when the product clearly does not meet or warrant this claim.  Defendants vigorously dispute Plaintiff's claims.

3.      The parties have commenced discovery.

4.      Defendants served their written responses and objections to Plaintiff's First Request for Production of Documents on April 25, 2012, and have indicated their intent to produce responsive documents.

5.      In the course of discovery, Defendants anticipate producing commercially-sensitive, proprietary, confidential, and non-public documents and information which, if disclosed to the public, or in certain instances to a co-defendant that is a business competitor, may cause Defendants competitive injury or harm.

6.      Plaintiff is desirous to receive Defendants' document production as soon as possible, particularly in light of the fact that Plaintiff's motion for class certification is required to be filed by May 18, 2012 [Dkt. No. 67 at 2].

7.      The parties have agreed to the entry of an omnibus Stipulation and Consent Protective Order of Confidentiality to govern this action.

8.      Accordingly, the parties respectfully request that the Court enter the Stipulation and Consent Protective Order of Confidentiality, which is attached hereto as Exhibit A.

## ARGUMENT

9.      "In order to preserve the confidentiality of sensitive materials," this Court "may regulate access to the information by issuing a protective order" pursuant to Federal Rule of Civil Procedure 26(c).  *In re: Alexander Grant & Co. Litig*., 820 F.2d 352, 355 (11th Cir. 1987).

10.      Rule 26(c) provides that a Court may, "for good cause . . . issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

2

11.     The Eleventh Circuit has held that "good cause" for a protective order exists where parties seek to protect "documents dealing with confidential financial matters" of corporations and individuals from public disclosure.  *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 90-92 (11th Cir. 1989).

12.     Good cause exists for the Court to enter the parties' proposed Stipulation and Consent Protective Order of Confidentiality in this case.  The *Manual for Complex Litigation, Fourth*, prepared by the Federal Judicial Center, explains that in complex cases involving a large volume of potentially protected information, entry of an "umbrella" protective order, such as the proposed Stipulation and Consent Protective Order of Confidentiality attached to this Motion, is often appropriate and "will expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication."  *See Manual for Complex Litigation, Fourth*, § 11.432 (2004); *see also Alexander Grant*, 820 F.2d at 356.

13.     In this case, Defendants anticipate that their document productions to Plaintiff will include, among other things, commercially-sensitive information reflecting strategic planning and other corporate decision-making, including information concerning the production process, strategic marketing, and distribution plans for Defendants' products.  Defendants believe in good faith that these documents, which are not in the public domain, if disclosed to the public, may cause Defendants competitive injury or harm.  Similarly, because Defendants are business competitors, the disclosure among them of certain highly sensitive business and financial information or documents may cause them competitive injury or harm.

14.     The parties' proposed Stipulation and Consent Protective Order of Confidentiality will facilitate discovery and the full use of documents to prosecute and defend the litigation, while simultaneously providing for a method of guarding Defendants' respective confidential

information.  Further, the proposed Stipulation and Consent Protective Order of Confidentiality, which is reasonable in scope, is a fair means of protecting confidential, non-public, and commercially-sensitive information.

### CERTIFICATE OF CONFERENCE

Counsel for the parties certify that they have conferred and agree to the relief requested in this motion.

WHEREFORE, Plaintiff Regina Greene and Defendants respectfully request that the Court enter the Stipulation and Consent Protective Order of Confidentiality attached hereto as Exhibit A.


DATED:  May 9, 2012                    ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                       STUART A. DAVIDSON
                                       Florida Bar No. 084824
                                       CULLIN A. O'BRIEN
                                       Florida Bar No. 597341
                                       MARK DEARMAN
                                       Florida Bar No. 0982407


                                       _____
                                              /s Mark Dearman
                                              Mark Dearman

                                       120 E. Palmetto Park Road, Suite 500
                                       Boca Raton, FL  33432
                                       Telephone:  561/750-3000
                                       561/750-3364 (fax)
                                       sdavidson@rgrdlaw.com
                                       cobrien@rgrdlaw.com
                                       mdearman@rgrdlaw.com

WALDEN LAW FIRM, PLLC
Richard E. Walden
10121 N. Rodney Parham #5
Little Rock, AR 72227
Telephone:  501.907.7000
Facsimile:  888.220.7933
rwalden@waldenlawfirm.com

FEARS | NACHAWATI LAW FIRM
Nabil Majed Nachawati, II
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: 214/890-0711
214/890-0712 (fax)
mn@fnlawfirm.com

PAYNE MITCHELL LAW GROUP
R. Dean Gresham
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252-1889
dean@paynemitchell.com

***Attorneys for Plaintiff and the Class***

_____ */s Jeffrey Allan Hirsh* _____

DATED:  May 9, 2012                    Jeffrey Allan Hirsh
Florida Bar No. 199850
Kristina Lee Arnsdorff
Florida Bar No. 0040596
GREENBERG TRAURIG
401 East Las Olas Blvd., Suite 200
Ft. Lauderdale, FL  33301
Telephone: 954/765-0500
954/765-1477 (fax)

Robert J. Herrington
*Pro Hac Attorney*
Rick L. Shackelford
*Pro Hac Attorney*
GREENBERG TRAURIG
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone: 310/586-7700

**Attorneys for Defendants Skinny Girl Cocktails
and SGC Global, LLC**

DATED:  May 9, 2012

                                           *s/ Amy Lane Hurwitz*

Benjamine Reid
Amy Lane Hurwitz
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4200
Miami, FL  33131
Telephone: 305/530-0050
305/530-0055

Robin D. Ball
CHADBOURNE & PARKE LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA  90071
Telephone: 213/892-1000
213/892-2045 (fax)

Donald I Strauber
Mary T. Yelenick
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone: 212/408-5100
212/541-5369 (fax)

**Attorneys for Defendant Beam Global Spirits &
Wine LLC, formerly known as Beam Global
Spirits & Wine, Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 9, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 9, 2012.

*s/ Mark Dearman*
MARK DEARMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
E-mail: mdearman@rgrdlaw.com