# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on Behalf of All
Others Similarly Situated,

Plaintiff,

-against-

SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL,
LLC, and BEAM GLOBAL SPIRITS AND WINE,
INC.,

Defendants.       /

_____

## STIPULATION AND CONSENT
## PROTECTIVE ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED by the undersigned, by and through their

respective counsel, that this **Stipulation and Consent Protective Order of Confidentiality** and

its procedures and provisions, as set forth below, shall govern Plaintiff Regina Greene,

individually and on behalf of all others similarly situated, ("Plaintiff"), and Defendants Skinny

Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits & Wine LLC, formerly known

as Beam Global Spirits & Wine, Inc., (collectively "Defendants") for information, documents,

and materials produced in Case No. 11-61965-CIV-WILLIAMS (the "Litigation"), as set forth

below:

   1.      There is good cause under Federal Rule of Civil Procedure 26(c) and Local Rule

26.1(h) for this Protective Order.

2.     This Protective Order shall govern the use and dissemination of all confidential information, documents, or materials designated as Confidential produced by any party or non-party in the Litigation.

**Definitions**

3.     The term **"document,"** as used in this Protective Order, shall have the same meaning as set forth in Federal Rule of Civil Procedure 34(a).

4.     **"Trade Secret"** means documents or information not in the public domain that contain information which a party or non-party believes in good faith is proprietary or competitively sensitive whose disclosure the party or non-party believes in good faith could cause competitive injury.

**Designation of Material as "Confidential"**

5.     The parties and third parties have a strong interest in maintaining strict confidentiality regarding private personal and/or competitively sensitive information. Accordingly, any party or non-party to the Litigation or other person who produces, supplies, or provides access to information, documents or other tangible items for use in the Litigation (hereinafter the **"Designating Party"** or the **"Producing Party"**) may designate as **"Confidential"** any such material that it reasonably and in good faith believes is:

a.     A Trade Secret or other confidential research, development or commercial information, including but not limited to sensitive financial data; technical information; proprietary or nonpublic commercial information; or commercially or competitively sensitive information;

b.     Material or information not appropriate for public disclosure because of personal privacy interests (e.g., Social Security numbers, home addresses, phone

2

numbers, cell phone numbers, personal email addresses, date of birth, et cetera) (**"Sensitive Personal Information"**) or contractual rights of third parties, including but not limited to proprietary information purchased from third parties;

      c.     Material or information that is subject to any Protective Order, sealing order or other order or ruling that prevents or limits the Designating Party from disclosing such document; or

      d.     Protectable under applicable rules, statutes or common law.  If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not Confidential, as defined above, then the party may challenge such designation under the procedures set forth below in <u>paragraph 15</u>.

     6.     A designation of Confidential shall constitute a representation by the Designating Party to the Court that, after careful examination, the discovery materials so designated constitute Confidential material and are (a) reasonably believed to be entitled to protection pursuant to Federal Rule of Civil Procedure 26(c) and this Protective Order, and (b) not otherwise available in the public domain unless made public by improper means or in violation of this or any other Protective Order, confidentiality agreement, or similar order or agreement.

     7.     Documents, information, or other tangible items shall be designated as Confidential by being marked with words that state:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *GREENE V. SKINNY GIRL COCKTAILS, LLC*, DOCKET NO. 0:11-CV-61965 (S.D. FLA.).**

This legend or other identifying Bates numbers shall not be obscured.

**Disclosure of Confidential Information Limited**

8.      Confidential information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to:

       a.      This Court and its personnel.

       b.      A Court reporter and videographer engaged in the Litigation.

       c.      Counsel of record in the Litigation and their staff, Counsel listed on **Exhibit A** (attached hereto), and in-house Counsel for a Defendant.

       d.      Any consultant, investigator, or Expert (collectively, "Expert") who is assisting in the preparation and trial of the Litigation provided that, prior to disclosure, Counsel for the party contemplating disclosure shall determine that disclosure to an Expert of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

       e.      A deponent, but only during the course of his or her deposition or in preparation for that deposition.

       f.      Plaintiff and Defendants in the Litigation.

       g.      Fact witnesses or potential fact witnesses in the Litigation, if disclosure to a potential fact witness of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

       h.      Personnel of outside photocopy or graphics services, e-discovery vendors, or data processing vendors engaged by a party for purposes of the Litigation.

       i.      Any mediator selected by the parties or duly appointed by the Court in the Litigation.

       j.      Former employee, independent contractor, or former consultant of a party

that produced the Confidential information, who authored, received, or was shown the Confidential information during his or her employment with the producing party.

    k.    Any third party who authored, received, or was shown the Confidential information in the course of his or her activities relating to any transaction at issue in the Litigation.

    9.    If a party wishes to disclose any information designated as Confidential to any person not described in paragraph 8 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

    10.    Any person to whom Confidential information may be disclosed pursuant to paragraphs 8(c)-(k) or 9 shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of "Confidentiality Agreement Regarding Confidential Information" attached as **Exhibit B**. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. At the conclusion of the case, counsel will, upon request, provide to Defendants copies of the signed agreements within thirty (30) days.

### Filing of Materials Containing Confidential Information

    11.    To the extent a party wishes to file Confidential information with the Court during this Litigation, that party must make the filing under seal in accordance with S.D. Fla. L.R. 5.4. Thereafter, if the moving party was not the Designating Party, the Designating Party for that Confidential information will have fourteen (14) days to submit its own filing in support of the motion to file the material under seal. If the Court grants the motion to file the material under

seal, the material shall be filed in accordance with S.D. Fla. L.R. 5.4 and bearing a statement substantially in the following form:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *GREENE V. SKINNY GIRL COCKTAILS, LLC*, DOCKET NO. 0:11-CV-61965 (S.D. FLA.).**

12.     If, during a deposition or within twenty-one (21) days thereafter, a Designating Party advises the Court reporter that Confidential information has been disclosed during a deposition, the entire transcript shall be treated as confidential for twenty-one (21) days after receipt of the deposition transcript, within which time Counsel for the Designating Party shall advise the Court reporter of the pages and lines on which Confidential information appears.  At the conclusion of such twenty-one (21)-day period, transcript pages and exhibits in the Litigation containing Confidential information shall continue to be treated as Confidential under this Order, and shall be marked with words that state:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *GREENE V. SKINNY GIRL COCKTAILS, LLC*, DOCKET NO. 0:11-CV-61965 (S.D. FLA.).**

before the transcript is distributed.  The court reporter shall include on the cover page a clear indication that portions of the deposition have been designated Confidential.

### Redaction of Confidential Information

13.     A Designating Party may in good faith redact Sensitive Personal Information, as defined in paragraph 5(b), from any document or material, provided that the Designating Party believes in good faith that such Sensitive Personal Information is not relevant to any claim or defense in the Action.  Copies of such documents shall be maintained by the Designating Party

without redaction of Sensitive Personal Information.

### Challenges to Redaction of Confidential Information

14.    Any party that has a good faith belief that documents, information or tangible items designated by a Designating Party pursuant to this paragraph should not have been redacted may challenge such redaction by identifying such redaction by Bates number and line and then by following the procedures set forth below in paragraph 15.

### Objections to Designation as Confidential

15.    Any party that reasonably and in good faith believes that documents, information or tangible items designated by a Designating Party as Confidential are not Confidential may object to the designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists for any party. The parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation. If such negotiation fails to resolve the dispute, then, within fourteen (14) days following the failure of such negotiations, or in the case of a deposition, within fourteen (14) days after receiving a copy of the transcript excerpt wherein the objection was made, the party challenging the designation of particular information as Confidential information may move the Court for an order terminating the designation as to the particular document. The burden to prove the propriety of the challenged designation shall be on the Designating Party.    Information designated as Confidential information shall retain its Confidential information status until such time as either the parties expressly agree otherwise in writing or the Court orders otherwise.

### Use of Information Containing a Confidential Designation, in Proceedings

16.    No one may attend, or review the Confidential portions of a deposition, or a

transcript of any deposition, other than persons listed in paragraphs 8 and 9 and counsel for the deponent (after counsel has read this Protective Order and signed Confidentiality Agreement Regarding Confidential Information attached as **Exhibit B**).

17.     Any presentation of Confidential information to the Court prior to the trial shall be made only in the presence of a person listed in paragraphs 8 and 9 unless the Court otherwise orders.

18.     Except to the extent expressly authorized in this Protective Order, Confidential information shall not be used or disclosed for any purpose other than the preparation or trial of this case, or appeal therefrom, or in any case listed in **Exhibit C**, provided that a Consent Protective Order of Confidentiality substantially identical to this Protective Order has been entered in each such case. **Exhibit C** may be freely amended at any time during the pendency of the Litigation by written consent of the parties, which consent shall not be unreasonably withheld. Nothing in this Protective Order shall restrict a Designating Party's use of its own documents.

19.     Any notes, summaries, compilations or copies containing Confidential information or electronic images or databases containing Confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

### Inadvertent Production Does Not Constitute Waiver

20.     The inadvertent production by a party of Confidential information, privileged, or work product material, including but not limited to an inadvertent failure to designate as Confidential information, privileged, or work product such material, does not constitute a waiver.

In the case of inadvertently produced Confidential information, privileged, or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned to the party claiming privilege or work product immunity within seven (7) days of receipt of notice of the inadvertent production and any notes made therefrom shall be destroyed.   Notwithstanding the forgoing, to the extent that such documents were produced on production media containing documents not otherwise subject to any claim of privilege or work product, the Producing Party shall produce replacement production media prior to requiring the returning party to return any such documents pursuant to the prior sentence.

21.    A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the confidential, privileged or work product status of those documents.

### Miscellaneous Provisions

22.    This Protective Order does not affect any party's right to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Trade Secrets or Confidential information.

23.    This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court and shall remain in effect until such time as it is modified, amended or set aside by the Court.

24.    This Protective Order is not intended to prohibit the use or admissibility of Confidential information upon trial of the Litigation.   Issues involving the protection of Confidential information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

25.     If the Court, on motion or stipulation, permits the addition of any additional parties, the Party seeking to add such parties agrees, and shall request that the Court order, such addition to be conditioned upon the added parties executing the Confidentiality Agreement Regarding Confidential Information attached as **Exhibit B.**

26.     Within sixty (60) days after the final disposition of the Litigation or the last action listed in **Exhibit C,** whichever is later, all documents and materials containing Confidential information (other than exhibits to the official court record) shall be returned to the Designating Party or be certified as having been destroyed. The attorneys returning documents containing Confidential information may, retain:

> (a) their attorney 'work product' and privileged attorney-client correspondence,
> (b) court-filed documents and litigation-related correspondence, and (c) such other
> documents as may be necessary in their reasonable good judgment to comply with
> ethical or legal obligations and requirements;

provided, that, this exception shall <u>not</u> apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product and such retained documents shall remain subject to the terms of the Protective Order. Counsel for any party or third party receiving Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party. If at the time of the final disposition of the Litigation, any individual counsel of record for Plaintiff in the Litigation is currently counsel of record in any other "Skinnygirl Margarita" - related products liability litigation involving Defendants, then the deadline for that particular counsel to fulfill the obligations in this paragraph shall be sixty (60) days after the final disposition of the final "Skinnygirl Margarita"-related products liability litigation in which he or she is counsel of record; the deadline for all other individuals possessing documents and

materials containing Confidential information pursuant to this Protective Order shall remain sixty (60) days after the final disposition of the Litigation.

27. Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document or for particular testimony given in the Litigation.

28. If another court or administrative agency subpoenas or orders production of Confidential information that a party has obtained under the terms of this Protective Order, such party shall notify the Designating Party of the pendency of the subpoena or order in writing within two (2) days of receiving the subpoena or order, and shall not produce the Confidential information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief. The party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

29. The obligations of this Protective Order shall survive the termination of the Litigation and shall continue to restrict the disclosure and use of discovery material designated as Confidential information by the parties, their counsel, and all who signed a Confidentiality Agreement. Following termination of the Litigation, the Court will retain jurisdiction to enforce the terms of this Protective Order.

## Highly Confidential Information

30. A Designating Party may designate as "Highly Confidential" research, development, or commercial information, which the Designating Party believes in good faith is proprietary or sensitive such that the Designating Party believes in good faith there is a

reasonable likelihood that its disclosure could cause irreparable competitive injury; or other information that is subject to federal or state privacy rights, including private consumer, personal and/or financial information, including without limitation, information pertaining to revenues, profits, losses, compensation, financial projections, tax-related information, and personnel files/information, and any extremely sensitive Confidential information disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.   In the Litigation, the designation "Highly Confidential Information" shall be made by affixing on the document or material containing such information the legend that states:

> **HIGHLY CONFIDENTIAL: ACCESS RESTRICTED BY COURT ORDER IN *GREENE V. SKINNY GIRL COCKTAILS, LLC*, DOCKET NO. 0:11-CV-61965 (S.D. FLA.).**

31.   Highly Confidential information shall not be disclosed other than as expressly authorized in this Order. Highly Confidential information may be disclosed only to persons who satisfy the conditions stated in paragraph 8 and 9, plus these additional requirements:

a.   Any person to whom Highly Confidential information may be disclosed, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the "Confidentiality Agreement Regarding Highly Confidential Information" attached as **Exhibit D**; counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement; and

b.   Highly Confidential information may not be disclosed to any individual who is currently an officer, director, or employee (as further described in Confidentiality Agreement Regarding Highly Confidential Information attached as **Exhibit D**) of any

12

entity that is engaged in the beverage alcohol business or the business of supplying beverage alcohol products or ingredients or machinery used in the manufacture or bottling of beverage alcohol products ("**Competitor**"). Highly Confidential information also may not be disclosed to any individual who is currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, bottling, sale or marketing of beverage alcohol, or any ingredients or machinery used in the manufacture or bottling of beverage alcohol.

      c.     If the Plaintiff believes that the restrictions of this Protective Order relating to disclosure of Highly Confidential information to an Expert inappropriately prejudices the Plaintiff with respect to a particular Expert, the parties agree that Plaintiff shall contact counsel for the Designating Party with the name, affiliation, and current curriculum vitae of the Competitor officer, director, employee, consultant or agent to whom Plaintiff would like to disclose Highly Competitive Information ("**Competitor Expert**"). The parties shall meet and confer concerning this Competitor Expert within fourteen (14) days from the date of receipt of such information. During this meet and confer process, Plaintiff will cooperate by providing the Designating Party sufficient information concerning the Competitor Expert to determine whether the Competitor Expert poses a competitive threat to the Designating Party. If at the conclusion of this meet and confer process, the Designating Party still objects to the disclosure, the Designating Party shall file a motion for protective order no later than fourteen (14) days after the meet and confer process has been completed, unless otherwise agreed to in writing by the parties.

32.     Except as stated in paragraph 31, all other provisions of the Protective Order that

refer to Confidential information shall also apply to Highly Confidential information, except that references to the "Confidentiality Agreement Regarding Confidential Information" shall be replaced by "Confidentiality Agreement Regarding Highly Confidential Information" and the designation used with Highly Confidential information shall be that shown in paragraph 30.

Dated:   May 8, 2012

By  *s/Mark Dearman*
    Stuart A. Davidson
    Florida Bar No.: 084824
    Cullin A. O'Brien
    Florida Bar No.: 597341
    Mark J. Dearman
    Florida Bar No.: 0982407
    ROBBINS GELLER RUDMAN
     & DOWD LLP
    120 E. Palmetto Park Road, Suite 500
    Boca Raton, FL 33432
    Telephone: (561) 750-3000
    Facsimile: (561) 750-3364
    sdavidson@rgrdlaw.com
    cobrien@rgrdlaw.com
    mdearman@rgrdlaw.com

    Richard E. Walden
    WALDEN LAW FIRM, PLLC
    10121 N. Rodney Parham, #5
    Little Rock, AR 72227
    Telephone: (501) 907-7000
    Facsimile: (888) 220-7933
    rwalden@waldenlawfirm.com

    Nabil Majed Nachawati, II
    FEARS | NACHAWATI LAW FIRM
    4925 Greenville Avenue, Suite 715
    Dallas, TX 75206
    Telephone: (214) 890-0711
    Facsimile: (214) 890-0712
    mn@fnlawfirm.com

By  *s/Amy Lane Hurwitz*
    Benjamine Reid
    Florida Bar No.: 183522
    Amy Lane Hurwitz
    Florida Bar No. 0343810
    CARLTON FIELDS, P.A.
    100 S.E. 2nd Street, Suite 4200
    Miami, Florida 33131
    Telephone: (305) 530-0050
    Facsimile: (305) 530-0055
    breid@carltonfields.com
    ahurwitz@carltonfields.com

    Donald I Strauber
    Mary T. Yelenick
    CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
    New York, NY 10112
    Telephone: (212) 408-5100
    Facsimile: (212) 541-5369
    dstrauber@chadbourne.com
    myelenick@chadbourne.com

    *Counsel for Defendant Beam Global*
     *Spirits & Wine LLC*

R. Dean Gresham
PAYNE MITCHELL LAW GROUP,
   LLP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (214) 252-1888
Facsimile: (   )
dean@paynemitchell.com

*Attorneys for Plaintiff and the Class*

By   *s/Jeffrey Allan Hirsch*
     _____
     Jeffrey Allan Hirsch
     Florida Bar No. 199850
     Kristina L. Arnsdorff
     Florida Bar No. 0040596
     GREENBERG TRAURIG, P.A.
     401 East Olas Boulevard, Suite 2000
     Fort Lauderdale, Florida 33301
     Telephone: (954)765-0500
     Facsimile: (954) 765-1477
     hirsch@gtlaw.com
     arnsdorffk@gtlaw.com

     Robert J. Herrington
     Rick L. Shackelford
     GREENBERG TRAURIG, LLP
     1840 Century Park East, Suite 1900
     Los Angeles, CA 90067-2121
     Telephone: (310) 586-7700
     Facsimile: (310) 586-7800
     herringtonr@gtlaw.com
     shackelfordr@gtlaw.com

     *Counsel for Defendants Skinny Girl*
     *   Cocktails, LLC and SGC Global, LLC*

**SO ORDERED.**

May 11 2012
_____
         DATED

~~KATHLEEN M. WILLIAMS, U.S.D.J.~~
Barry S. Seltzer
Chief United States Magistrate Judge

15

**EXHIBIT A**

**COUNSEL**

*Attorneys for Plaintiff*                    *Attorneys for Defendants*

## EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on Behalf of All
Others Similarly Situated,

                        Plaintiff,

          -against-

SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL,
LLC, and BEAM GLOBAL SPIRITS AND WINE,
INC.,

                        Defendants.

_____

## CONFIDENTIALITY AGREEMENT
## REGARDING CONFIDENTIAL INFORMATION

I, _____, hereby declare:

1.     I have read and understand the "Protective Order" to which this Confidentiality

Agreement is attached as **Exhibit B** and I attest to my understanding that access to information

designated "Confidential" may be provided to me and that such access is subject to the terms and

conditions of such Protective Order. I agree to be bound by such terms and conditions. I hereby

submit to the jurisdiction of this Court and to the application of federal law for the purpose of

enforcement of this Confidentiality Agreement and the Protective Order. I have not previously

violated any other confidentiality agreement or protective order.

2.     I shall not use or disclose to others, except in accordance with the Protective

Order, any Confidential information as described or designated in accordance with this

agreement. I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

3.      (Applicable to Counsel of Record or Counsel listed in **Exhibit A** only.)  Should I disclose Confidential information to any employee or agent, I shall take measures to ensure that such employees or agents abide by the terms of this Protective Order.

4.      I have read the foregoing, and pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing declaration is true and correct.


_____        _____
          DATED                          SIGNATURE

                                    _____
                                          PRINTED NAME

                                    _____

                                    _____
                                          ADDRESS

                                    _____
                                    INDIVIDUAL OR ENTITY REPRESENTED

**EXHIBIT C**

1.    *Bonar v. Beam Global Spirits & Wine, Inc. et al.*, No. 3:11-cv-02058-IEG-NLS, in the United States District Court for the Southern District of California;

2.    *Greene v. Skinny Girl Cocktails, LLC et al.*, No. 0:11-cv-61965-KMW, in the United States District Court for the Southern District of Florida;

3.    *Jernigan v. Beam Global Spirits & Wine, Inc. et al.*, No. 3:11-cv-00842-DRH-PMF, in the United States District Court for the Southern District of Illinois;

4.    *Langendorf v. Skinnygirl Cocktails, LLC et al.*, No. 1:11-cv-07060, in the United States District Court for the Northern District of Illinois;

5.    *Rapcinsky et al. v. Skinnygirl Cocktails, L.L.C. et al.*, No. 1:11-cv-06546-JPO, in the United States District Court for the Southern District of New York;

6.    *Roth v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-01023-ACT-RHS, in the United States District Court for the District of New Mexico;

7.    *Sims et al. v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-06403, in the United States District Court for the Northern District of Illinois;

8.    *Stewart et al. v. Beam Global Spirits & Wine, Inc. et al.*, No. 1:11-cv-05149-NLH-KMW, in the United States District Court for the District of New Jersey;

9.    *Von Kaenel v. Skinny Girl Cocktails LLC et al.*, No. 2:11-cv-07305-JAK -PJW, in the United States District Court for the Central District of California; and

10.    *In Re: Skinnygirl Margarita Beverage Marketing and Sales Practices Litigation*, MDL No. 2306, before the United States Judicial Panel on Multidistrict Litigation.

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 11-61965-CIV-WILLIAMS

REGINA GREENE, Individually and on Behalf of All
Others Similarly Situated,

                          Plaintiff,

          -against-

SKINNY GIRL COCKTAILS, LLC, SGC GLOBAL,
LLC, and BEAM GLOBAL SPIRITS AND WINE,
INC.,

                          Defendants.        /
_____

## CONFIDENTIALITY AGREEMENT
## REGARDING HIGHLY CONFIDENTIAL INFORMATION

I, _____, hereby declare:

1.     I have read and understand the "Protective Order" to which this Confidentiality

Agreement is attached as **Exhibit D** and I attest to my understanding that access to information

designated "Confidential" or "Highly Confidential" may be provided to me and that such access

is subject to the terms and conditions of such Protective Order.  I agree to be bound by such

terms and conditions.  I hereby submit to the jurisdiction of this Court and to the application of

federal law for the purpose of enforcement of this Confidentiality Agreement and the Protective

Order.  I have not previously violated any other confidentiality agreement or protective order.

2.     I am not currently an officer, director, or employee (other than in-house or outside

counsel) of any entity that is engaged in the beverage alcohol business or the business of

supplying beverage alcohol products or ingredients or machinery used in the manufacture or bottling of beverage alcohol products ("Competitor"). I am also not currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, bottling, sale or marketing of beverage alcohol, or any ingredients or machinery used in the manufacture or bottling of beverage alcohol. Should such an employment opportunity become available to me, I agree to consult with the Designating Party in an effort to structure the arrangement in a way which will not pose a material risk of unauthorized use or disclosure of Highly Confidential information. As used in this paragraph, a "consultant" of a Competitor is a person who performs outsourced professional services for a Competitor, but who is not an employee.

3.     (Applicable to Counsel of Record or Counsel listed in **Exhibit A** only.) Should I disclose Confidential or Highly Confidential information to any employee or agent, I shall take measures to ensure that such employees or agents abide by the terms of this Protective Order.

4.     I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential or Highly Confidential information as described or designated in accordance with this agreement. I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

5.    I have read the foregoing, and pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing declaration is true and correct.

_____          _____
          DATED                                     SIGNATURE

                                                 _____
                                                      PRINTED NAME

                                                 _____


                                                 _____
                                                      ADDRESS

                                                 _____
                                                 INDIVIDUAL OR ENTITY REPRESENTED