UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-61965-KMW

REGINA GREENE, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiffs,

   vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL
SPIRITS AND WINE, INC.,

                    Defendants.

Jury Trial Demanded

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
JIM BEAM BRANDS CO., BEAM GLOBAL SPIRITS & WINE
LLC, AND BEAM INC. TO THE CORRECTED FIRST AMENDED COMPLAINT**

Defendants, Jim Beam Brands Co. ("Jim Beam"), Beam Global Spirits & Wine LLC

("Beam Global"), and Beam Inc. (collectively, "Beam defendants") hereby file their Answer and

Affirmative Defenses to the First Amended Complaint.

**GENERAL ANSWER**

Beam defendants state that they respond to these allegations only on behalf of themselves

and not on behalf of any other entity.  All allegations are denied unless specifically admitted, and

any factual averment is admitted only as to the specific facts and not as to any conclusions,

characterizations, implications, or speculations contained in the averment or in the First

Amended Complaint as a whole.

The First Amended Complaint improperly mixes factual averments with argumentative

rhetoric so as to make admissions or denials of such averments difficult or impossible.

Accordingly, all allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations that are contained in the averment or in the First Amended Complaint as a whole.

The First Amended Complaint contains numerous quotations, references, and images that purport to be excerpts from various identified and unidentified sources and documents. The sources and documents allegedly referred to in the First Amended Complaint have not been provided by the Plaintiff and Beam defendants are thus unable to challenge the accuracy, veracity or sources of these quotations, references, or images. To the extent that Beam defendants have stated or admitted that a document or other material referenced in the First Amended Complaint speaks for itself or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true or that Plaintiff's characterization of such documents or other material is accurate. To the extent any such documents or other materials referenced in the First Amended Complaint, or Plaintiff's characterization of them, are deemed to be allegations against Beam defendants, they are denied. Beam defendants reserve their right to challenge the accuracy of the quotations, references, and images and to raise any foundation objections as to the sources and documents purportedly quoted or referenced. Beam defendants do not admit the authenticity of any sources or documents from which quotations and images were taken or references were made, and reserve the right to challenge the authenticity of all sources or documents quoted, referenced, or depicted in the First Amended Complaint.

## SPECIFIC ANSWER

1.     Beam defendants admit that Plaintiff purports to bring this action as a class action as alleged in Paragraph 1, but deny that this lawsuit is appropriate for class action treatment or is

manageable as a class action and further deny that Plaintiff is entitled to any relief whatsoever from Beam defendants, and further deny that Beam defendants conducted a false, deceptive, and misleading advertising campaign. Except as expressly admitted and denied, Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.     Beam defendants deny the allegations contained in Paragraph 2.

3.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.     Beam defendants deny the allegations contained in Paragraph 4.

5.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.     Beam defendants deny the allegations contained in Paragraph 6.

7.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.     Beam defendants deny the allegations contained in Paragraph 8 to the extent those allegations are directed to Beam defendants. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.     Beam defendants deny the allegations contained in Paragraph 9.

10.     Beam defendants deny the allegations contained in Paragraph 10 to the extent those allegations are directed to Beam defendants. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11.     Beam defendants deny the allegations contained in Paragraph 11.

12.     The first sentence of Paragraph 12 contains legal conclusions as to which no answer is required.  Beam defendants deny the allegations contained in the second sentence of Paragraph 12, except admit that Plaintiff purports to bring this action as a class action, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 12 that the putative class members are all residents of states other than the state in which all defendants are domiciled, except deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

13.     Paragraph 13 contains legal conclusion to which no answer is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 13, except admit that Jim Beam is authorized to and conducts business in the Southern District of Florida.

14.     Beam defendants deny the allegations contained in Paragraph 14 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

16.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

17.     Beam defendants state that the first sentence of Paragraph 17 does not contain an averment of fact to which an answer is required.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

18.     Beam defendants deny the allegations contained in Paragraph 18, and state that the phrase "at all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Beam Inc. was incorporated under the laws of Delaware with its headquarters and principal place of business at 510 Lake Cook Road, Deerfield, Illinois.

19.     Beam defendants deny the allegations contained in Paragraph 19, and state that the phrase "at all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Beam Global is a limited liability company with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015 and that Beam Global is a wholly owned subsidiary of Beam Inc.

20.     Beam defendants deny the allegations contained in Paragraph 20, and state that the phrase "at all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam is a wholly owned subsidiary of Beam Global.

21.     Beam defendants state that the first sentence of Paragraph 21 does not contain an averment of fact to which an answer is required.  Beam defendants deny the remaining allegations contained in Paragraph 21, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011 and admit that Jim Beam has produced, packaged, and marketed "Skinnygirl Margarita," and has sold "Skinnygirl Margarita" to distributors since on or about March 17, 2011.

22.     Beam defendants state that Paragraph 22 does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23.     Beam defendants deny the allegations contained in Paragraph 23.

24.     Beam defendants deny the allegations contained in Paragraph 24 to the extent those allegations are directed to Beam defendants, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

25.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except admit that Ms. Frankel is a TV personality, author, and entrepreneur.

26.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except admit that Ms. Frankel is a TV personality and entrepreneur.

27.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except admit that Ms. Frankel is a TV personality and entrepreneur.

28.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except admit that Ms. Frankel is an author and entrepreneur.

29.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Beam defendants deny the allegations contained in Paragraph 38 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Beam defendants deny the allegations contained in Paragraph 42 to the extent those allegations suggest that the images contained therein were all part of a marketing campaign by Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43.     Beam defendants deny the allegations contained in Paragraph 43 and footnote 1 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and footnote 1.

44.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Beam defendants deny the allegations contained in Paragraph 45 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and footnote 2.

47.     Beam defendants deny the allegations contained in Paragraph 47.

- 8 -

48.     Beam defendants deny the allegations contained in Paragraph 48 and footnote 3 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and footnote 3.

49.     Beam defendants deny the allegations contained in Paragraph 49.

50.     Beam defendants deny the allegations contained in Paragraph 50 and footnote 4 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and footnote 4.

51.     Beam defendants deny the allegations contained in Paragraph 51 and footnote 5.

52.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and footnote 6.

53.     Beam defendants deny the allegations contained in Paragraph 53 and footnote 7 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and footnote 7.

54.     Beam defendants deny the allegations contained in Paragraph 54 and footnote 8.

55.     Beam defendants deny the allegations contained in Paragraph 55 and footnote 9.

56.     Beam defendants deny the allegations contained in Paragraph 56, except admit that on December 1, 2011 counsel for Beam defendants stated to the U.S. Judicial Panel on Multidistrict Litigation that:  "In response to Judge Furgeson's earlier question, the product indeed contains sodium benzoate.  It contains it in an infinitesimally tiny amount but, yes, it is definitely in there.  We don't contest that."

57.     Beam defendants deny the allegations contained in Paragraph 57 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57.

58.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Beam defendants deny the allegations contained in Paragraph 59, and specifically deny that plaintiff is entitled to any relief whatsoever.

60.     Beam defendants deny the allegations contained in Paragraph 60, except Beam Global admits that it received a letter from counsel for Plaintiff addressed to Beam Global and dated September 2, 2011, but states that the content of that letter speaks for itself.

61.     Beam defendants deny the allegations contained in Paragraph 61, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

62.     Beam defendants deny the allegations contained in Paragraph 62, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

63.     Beam defendants deny the allegations contained in Paragraph 63, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

64.     Beam defendants deny the allegations contained in Paragraph 64, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

65.     Beam defendants deny the allegations contained in Paragraph 65, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

66.     Beam defendants deny the allegations contained in Paragraph 66, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

67.     Beam defendants deny the allegations contained in Paragraph 67, except Beam
defendants lack knowledge or information sufficient to form a belief as to the truth of the
allegations contained therein regarding the experience of Plaintiff's counsel.  Beam defendants
admit that Plaintiff purports to bring this action as a class action and define a putative class, but
deny that this lawsuit is appropriate for class certification.

68.     Beam defendants deny the allegations contained in Paragraph 68, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

69.     Beam defendants deny the allegations contained in Paragraph 69, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

70.     Beam defendants deny the allegations contained in Paragraph 70, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

71.     Beam defendants deny the allegations contained in Paragraph 71, except admit
that Plaintiff purports to bring this action as a class action and define a putative class, but deny
that this lawsuit is appropriate for class action treatment or is manageable as a class action.

72.     Beam defendants deny the allegations contained in Paragraph 72, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification, and further deny that Plaintiff and the putative class members are entitled to any relief whatsoever.

73.     Beam defendants deny the allegations contained in Paragraph 73, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

## FIRST CAUSE OF ACTION

74.     Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.     Fla. Stat. §§ 501.201, *et seq.* speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 75, except admit that Plaintiff purports to bring this action pursuant to Fla. Stat. §§ 501.201, *et seq.*, but deny that Plaintiff is entitled to recovery pursuant to that statute.

76.     Fla. Stat. § 501.203, speaks for itself, and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 76.

77.     Fla. Stat. § 501.204(1) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 77.

78.     Fla. Stat. § 501.204(2) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 78.

79.     Beam defendants deny the allegations contained in Paragraph 79.

80.     Beam defendants deny the allegations contained in Paragraph 80.

81.     Beam defendants deny the allegations contained in Paragraph 81.

82.     Fla. Stat. § 501.211(1) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 82, except admit that Plaintiff and the putative Florida Class seek, pursuant to Fla. Stat. § 501.211(1), the relief described, but deny that Plaintiff or the putative Florida class are entitled to any such recovery.

83.     Fla. Stat. §§ 501.211(2) and 501.2105 speak for themselves and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 83, except admit that Plaintiff and the putative Florida Class seek the relief described, but deny that Plaintiff or the putative Florida Class are entitled to any such recovery.

## SECOND CAUSE OF ACTION

84.     Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85.     Fla. Stat. §§ 817.41, *et seq*. speaks for itself, and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 85, except admit that Plaintiff purports to bring this action pursuant to Fla. Stat. §§ 817.41, *et seq*., but deny that Plaintiff, or the putative Florida class, is entitled to recovery.

86.     Fla. Stat. § 817.40 speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 86.

87.     Beam defendants deny the allegations contained in Paragraph 87.

88.     Beam defendants deny the allegations contained in Paragraph 88.

89.     Beam defendants deny the allegations contained in Paragraph 89.

90.     Beam defendants deny the allegations contained in Paragraph 90.

91.     Beam defendants deny the allegations contained in Paragraph 91.

92.     Beam defendants deny the allegations contained in Paragraph 92.

93.     Fla. Stat. § 817.41(5) speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 93, except admit that Plaintiff and the putative Florida Class seek the relief described, but deny that Plaintiff or the putative Florida Class is entitled to any such recovery.

94.     Beam defendants deny the allegations contained in Paragraph 94.

## THIRD CAUSE OF ACTION

95.     Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96.     Beam defendants deny the allegations contained in Paragraph 96.

97.     Beam defendants deny the allegations contained in Paragraph 97.

98.     Beam defendants deny the allegations contained in Paragraph 98.

99.     Beam defendants deny the allegations contained in Paragraph 99.

AS TO PLAINTIFF'S PRAYER FOR RELIEF Beam defendants deny that Plaintiff is entitled to any of the relief sought under any of the claims she asserts in the First Amended Complaint.

AS TO PLAINTIFF'S DEMAND FOR JURY TRIAL, Beam defendants likewise demand a jury trial in this action for all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims alleged in the First Amended Complaint may not be properly certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention or barred by the primary jurisdiction doctrine, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the Florida Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam defendants (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiff or the putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may not recover under a theory of unjust enrichment because Plaintiff and putative class members have failed to allege any cognizable "enrichment" of Beam defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product by Beam defendants (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled, and sold.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam defendants because Beam defendants did not owe a legal duty to Plaintiff and putative class members or, if Beam defendants owed a legal duty to Plaintiff and putative class members, Beam defendants did not breach that duty.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely

by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam defendants have no control and for which Beam defendants are not legally responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and Beam defendants are not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of Fla. Stat. §§ 501.201, *et seq*., or under any other cause of action in this case.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants if performed at all, were done in good faith and/or were privileged or justified.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam defendants are entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the Florida Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam defendants of procedural and substantive safeguards, including traditional defenses to liability.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, for failure to give timely and proper notice of any claimed defect or breach of warranty with respect to Beam defendants' products.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Beam defendants invoke each and every statutory and common law defense available to it under the laws of each of the other forty-nine states of the United States and the District of Columbia with respect to each of the claims alleged in the First Amended Complaint that is recognized in that jurisdiction.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Beam defendants adopt and incorporate by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam defendants.

## RESERVATION OF DEFENSES

Beam defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Answer to assert any such defense. Beam defendants also reserve their right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Florida. Beam defendants intend to require Plaintiff to carry her burden of proof on every element of Plaintiff's claims. Beam defendants therefore reserve the right to assert by motion or at trial denials as to Plaintiff's ability to prove the required elements of her claims. In the event that any affirmative defense asserted by Beam defendants is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam defendants on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Beam defendants pray that this First Amended Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam defendants; that Beam defendants recover their attorneys' fees and expenses; and that Beam defendants have such other and further relief as this Court deems just and proper.

Dated: May 30, 2012

|  | By   *s/Amy Lane Hurwitz* |
|---|---|

Of Counsel:

Donald I Strauber
Mary T. Yelenick
Garrett S. Kamen
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
dstrauber@chadbourne.com
myelenick@chadbourne.com
gkamen@chadbourne.com

BENJAMINE REID
Florida Bar No.: 183522
AMY LANE HURWITZ
Florida Bar No. 0343810
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ahurwitz@carltonfields.com

*Counsel for Defendants Jim Beam Brands*
*Co., Beam Global Spirits & Wine LLC,*
*and Beam Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Amy Lane Hurwitz*
AMY LANE HURWITZ
Florida Bar No.:  0343810

**SERVICE LIST**
**Regina Greene v. Skinny Girl Cocktails, LLC, et. al.**
**Case No. 11-CV-61965-KMW**
**United States District Court, Southern District of Florida**

ROBBINS GELLER RUDMAN &
DOWD LLP
Stuart A. Davidson
Florida Bar No. 084824
sdavidson@rgrdlaw.com
Cullin A. O'Brien
Florida Bar No. 597341
cobrien@rgrdlaw.com
Mark J. Dearman
Florida Bar No. 982407
mdearman@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:     (561) 750-3000
Facsimile:     (561) 750-3364

WALDEN LAW FIRM, PLLC
rwalden@waldenlawfirm.com
10121 N. Rodney Parham #5
Little Rock, AR 72227
Telephone:     (501) 907-7000
Telefax:        (888) 220-7933

FEARS NACHAWATI LAW FIRM
Nabil Majed Nachwati, II
*Pro Hac Attorney*
mn@fnlawfirm.com
4925 Greenville Avenue, Suite715
Dallas, TX 75206
Telephone:  (214) 890-0711

PAYNE MITCHAELL LAW GROUP, LLP
R. Dean Gresham
*Pro Hac Attorney*
dean@paynemitchell.com
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75230
Telephone:  (214) 252-1888

*Attorneys for Plaintiff and the putative Class Members*

GREENBERG TRAURIG
Jeffrey Allan Hirsch
Florida Bar No. 199850
hirschj@gtlaw.com
Kristina Lee Arnsdorff
Florida Bar No. 0040596
arnsdorffk@gtlaw.com
401 E Las Olas Blvd.
Suite 200
Ft. Lauderdale, FL 33301
Telephone:   (954) 765-0500
Facsimile:     (954) 765-1477

GREENBERG TRAURIG
Robert J. Herrington
*Pro Hac Attorney*
HerringtonR@gtlaw.com
Rick L. Shackelford
*Pro Hac Attorney*
shackelfordr@gtlaw.com
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
Telephone:   (310) 586-7700

*Attorneys for Defendants, Skinny Girl*
*Cocktails and SGC Global, LLC*