**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case Number:  0:11-cv-61965-KMW**

REGINA GREENE, individually and on behalf
of all others similarly situated,

       Plaintiffs,

vs.

SKINNY GIRL COCKTAILS, LLC, SGC
GLOBAL, LLC, and BEAM GLOBAL
SPIRITS AND WINE, INC.,

       Defendants.

**ANSWER AND AFFIRMATIVE
DEFENSES OF SKINNYGIRL
COCKTAILS, L.L.C. AND SGC GLOBAL,
L.L.C. TO FIRST AMENDED
COMPLAINT**

Defendants SKINNY GIRL COCKTAILS, LLC ("Skinny Girl") and SGC GLOBAL,

LLC ("SGC") (collectively "SGC Defendants"), for their answer to the Corrected First Amended

Class Action Claim ("FAC") of plaintiff Regina Greene, allege as follows:

**GENERAL ANSWER**

SGC Defendants state that they are responding to the allegations in the First Amended

Complaint for themselves and for no other defendant.  All factual allegations are denied unless

expressly admitted.   Admissions are limited to specific facts addressed, and not to any

characterizations, conclusions or inferences from those facts, or to the relevance of any

admission or facts relative to the merits to the action or claims purportedly set forth in the First

Amended Complaint.

Much of the First Amended Complaint consists of materials plaintiff and her counsel

have gleaned from unknown places at unknown times.  Such materials go beyond the required

short plain statement of the case to plead what may or may not ultimately prove to be evidence.

At this point SGC Defendants are unable to ascertain the authenticity of much of this content;

that is the purpose of discovery.   Thus, of necessity, SGC Defendants are not in a position

specifically to admit or deny averments based upon unauthenticated documents, and therefore such averments are denied for lack of information and belief.  It goes without saying that plaintiff's inferences and conclusions drawn from those unauthenticated documents are denied. Any acknowledgement that a document speaks for itself is merely a statement of the obvious, and not an admission as to the authenticity of any document, nor an adoption of the contents thereof, nor an admission of any other fact or conclusion averred by plaintiff.

## **SPECIFIC ANSWERS**

1.      Paragraph 1 of the First Amended Complaint is plaintiff's summary of the action to which no further response is required.  To the extent paragraph 1 can be interpreted to make factual averments, SGC Defendants deny those averments.

2.      SGC Defendants admit that prior to March 2011, it manufactured and distributed a low calorie premixed margarita product which at all times was labeled in accordance with applicable regulations, which labels speak for themselves.  Except as expressly admitted, SGC Defendants deny the remaining allegations and averments in paragraph 2.

3.      SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 3, and on that basis deny each such allegation and averment.

4.      SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 4, and on that basis deny each such allegation and averment.

5.      SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 5, and on that basis deny each such allegation and averment.

6.     SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 6, and on that basis deny each such allegation and averment.

7.     SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 7, and on that basis deny each such allegation and averment.

8.     SGC Defendants lack knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 8, and on that basis deny each such allegation and averment.  SGC Defendants specifically deny that prior to March 2011 plaintiff paid any "premium" for Skinnygirl margaritas.

9.     SGC Defendants deny the allegations and averments in paragraph 9.

10.     SGC Defendants are without knowledge or information sufficient to form a belief as to plaintiff's allegations and averments regarding her own beliefs and motivation, and on that basis deny each such allegation and averment.  SGC Defendants specifically deny that they deceived anyone with respect to the labeling or contents of Skinnygirl margarita during the time they owned the brand.

11.     SGC Defendants expressly deny that plaintiff has been damaged in any amount, or at all.

## JURISDICTION AND VENUE

12.     SGC Defendants admit that, as pled, the allegations and averments in the First Amended Complaint are sufficient to invoke this Court's subject matter jurisdiction under the Class Action Fairness Act.  SGC Defendants expressly admit that they are not citizens of Florida

for purposes of assessing diversity of citizenship among the parties.  Except as expressly admitted herein, SGC Defendants deny each such allegation and averment.

13.     SGC Defendants admit that, as pled, the allegations and averments in the First Amended Complaint are sufficient to invoke venue in this Court pursuant to 28 U.S.C. § 1391. Except as expressly admitted herein, SGC Defendants deny each such allegation and averment.

## PARTIES

14.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 14, and on that basis deny each such allegation and averment.

15.     SGC Defendants admit that Skinnygirl Cocktails, L.L.C. is the former name of SGC Global L.L.C., which is a Delaware limited liability company with its principal place of business in New York.  SGC Defendants further admit that David Kanbar is a non-party who acted as chief executive officer of Skinnygirl Cocktails L.L.C.  SGC Defendants admit that the Skinnygirl premixed margarita product was commercialized and began to be distributed for purchase at retail by consumers in 2009.  SGC Defendants admit that certain assets, including the Skinnygirl brand, were sold in a transaction that closed in March 2011, the terms of which are set forth in an asset purchase agreement which speaks for itself.  Except as expressly admitted herein, SGC Defendants deny the allegations and averments in paragraph 15.

16.     SGC Defendants admit that SGC Global, L.L.C. is a Delaware limited liability company with its principal place of business in New York.  SGC Defendants admit that Skinnygirl Cocktails L.L.C. became known as SGC Global L.L.C. following the sale of the Skinnygirl business.

17.     SGC Defendants admit that prior to the sale of the Skinnygirl business in March 2011, they contracted for the manufacturing and beverage of the Skinnygirl premixed margarita product.  SGC Defendants further admit that prior to March 2011, they distributed the product, but deny that they sold the product directly to consumers.  Prior to March 2011, SGC Defendants were responsible for the label on the product, and they undertook certain marketing and promotional activities to build awareness of the product as a low-calorie alternative to existing premixed margarita products.  SGC Defendants' marketing and promotional activities speak for themselves.  Except as expressly admitted herein, SGC Defendants deny the allegations and averments in paragraph 17.

18.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 18, and on that basis deny each such allegation and averment.

19.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments on paragraph 19, and on that basis deny each such allegation and averment.

20.     SGC Defendants are without knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 20, and on that basis deny each such allegation and averment.

21.     SGC Defendants admit that they sold the Skinnygirl business in a transaction that closed in March 2011.  SGC Defendants admit the following the close of that transaction, they no longer manufactured, produced, bottled, labeled, distributed, promoted or marketed Skinnygirl products.  SGC Defendants never sold the Skinnygirl premixed margarita product to consumers.  Except as expressly admitted herein, SGC Defendants are without knowledge or

information sufficient to form a belief as to the allegations in paragraph 21, and on that basis deny each such allegation and averment.

22.     SGC Defendants deny the allegations and averments in paragraph 22.

23.     SGC Defendants deny the allegations and averments in paragraph 23.

24.     SGC Defendants admit that prior to March 2011, they manufactured and distributed the Skinnygirl premixed margarita product was available or purchase by consumers at certain retailers in Florida from time to time prior to March 2011.  Except as expressly admitted, SGC Defendants deny the allegations and averments in paragraph 24.

## ANSWER TO SUBSTANTIVE ALLEGATIONS

25.     SGC Defendants admit that Bethenny Frankel has appeared, from time to time, in certain television programs.  Except as expressly admitted, SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 25, and on that basis deny each such allegation and averment.

26.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 26, and on that basis deny each such allegation and averment.

27.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 27, and on that basis deny each such allegation and averment.

28.     SGC Defendants are informed and believed that Bethenny Frankel, acting on behalf of persons or entities other than SGC Defendants, has published certain books, the contents of which speak for themselves.  SGC Defendants expressly deny that Ms. Frankel has

written or published any books on behalf of SGC Defendants.  Except as expressly admitted herein, SGC Defendants deny the allegations and averments in paragraph 28.

29.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 28, and on that basis deny each such allegation and averment.  SGC Defendants expressly deny that Bethenny Frankel was acting on behalf of SGC Defendants in making any appearance in the *Real Housewives of New York City* television program.

30.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 30, and on that basis deny each such allegation and averment.

31.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 31, and on that basis deny each such allegation and averment.

32.     SGC Defendants lack knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 32, and on that basis deny each such allegation and averment.

33.     SGC Defendants lack knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 33, and on that basis deny each such allegation and averment.

34.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 34, and on that basis deny each such allegation and averment.

35.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 35, and on that basis deny each such allegation and averment.  SGC Defendants expressly deny that Ms. Frankel. was acting on behalf of SGC Defendants with respect to any appearance on the *Bethenny Getting Married?* television program.

36.     SGC Defendants are without knowledge or information sufficient to form a belief as the allegations and averments in paragraph 36, and on that basis deny each such allegation and averment.  SGC Defendants expressly deny that Ms. Frankel was acting on behalf of SGC Defendants in making any of the comments purportedly quoted in paragraph 36, if such comments ever were made.

37.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 37, and on that basis deny each such allegation and averment.

38.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 38, and on that basis deny each such allegation and averment.  SGC Defendants expressly deny that it deceived consumers as to the contents of Skinnygirl premixed margarita product.

39.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 38, and eon that basis deny each such allegation and averment.

40.     SGC Defendants admit that David Kanbar is not a party to this action, and that he is managing member of SGC Global, L.L.C.  SGC Defendants further admit that David Kanbar

acted as chief executive officer of Skinnygirl Cocktails L.L.C.  Except as expressly admitted, SGC Defendants deny the allegations and averments in paragraph 40.

41.    SGC Defendants admit that in or around September 2009, the Skinnygirl premixed margarita product was available in certain retail locations for purchase by consumers. SGC Defendants admit that the Skinnygirl premixed margarita product was promoted as a great tasting, lower calorie alternative to heavily sweetened, high calorie premixed margarita products that were on the market at the time.  SGC Defendants expressly aver that the Skinnygirl premixed margarita product was the only reduced calorie alternative available, such that there were no other comparable products available to consumers.  SGC Defendants further admit that a four-ounce serving of the Skinnygirl premixed margarita product contains approximately 100 calories.   Except as expressly admitted herein, SGC Defendants deny the allegations and averments in paragraph 41.

42.    SGC Defendants deny  the allegations and averments in paragraph 42.

43.    SGC Defendants deny the allegations and averments in paragraph 43, except admit that each bottle of the Skinnygirl premixed margarita product was labeled in conformity with all existing labeling requirements for such products, and that the label speaks for itself.

44.    SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 44, and on that basis deny each such allegation and averment.

45.    SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 45, and on that basis deny each such allegation and averment.  SGC Defendants admit that the Skinnygirl business was sold in a transaction that closed in March 2011.

46.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 46, and on that basis deny each such allegation and averment.  SGC Defendants expressly deny that comments attributed to Ms. Frankel after the Skinnygirl business was sold were made on behalf of SGC Defendants, if they were made at all.

47.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 47, and on that basis deny each such allegation and averment.

48.     SGC Defendants deny the allegations and averments in paragraph 48.  SGC Defendants are without knowledge or information concerning any study showing that any amount of sodium benzoate combines with any amount of ascorbic acid to form any amount of benzoate in a medium that is 12.7 percent alcohol by volume.  SGC Defendants deny that the Skinnygirl premixed margarita product that they manufactured contained any detectable amount of sodium benzoate.

49.     SGC Defendants deny the allegations and averments in paragraph 49.

50.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 50, and on that basis deny each such allegation and averment.

51.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 51, and on that basis deny each such allegation and averment.

52.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 52, and on that basis deny each such allegation and averment.

53.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 53, and on that basis deny each such allegation and averment.

54.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 54, and on that basis deny each such allegation and averment.

55.     SGC Defendants are without knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 55, and on that basis deny each such allegation and averment, except to admit that plaintiff's case is frivolous.

56.     SGC Defendants admit that on or about December 1, 2011, a hearing was held before the Judicial Panel on Multidistrict litigation.  SGC Defendants further admit that an official transcript of the hearing was prepared, which speaks for itself.

57.     SGC Defendants are without knowledge and information sufficient to form a belief as to the allegations and averments in paragraph 57, and on that basis deny each such allegation and averment, except to admit that each bottle distributed by SGC Defendants has a label that complied with all applicable regulations, which label speaks for itself.  SGC Defendants expressly deny deceiving consumers.  SGC Defendants expressly deny that the Skinnygirl premixed margarita product sold for a premium to comparable low calorie premixed margarita products, because there were no comparable products during the time SGC Defendants owned the brand.

58.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 58, and on that basis deny each such allegation and averment.  SGC Defendants affirmatively allege that they did not set or control retail prices changed to consumers at any time.

59.     SGC Defendants admit that paragraph 59 resummarizes plaintiffs contentions. SGC Defendants deny that plaintiff or any other consumer is entitled to relief or has been damaged as alleged, or at all.

60.     SGC Defendants are without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 60, and on that basis deny each such allegation and averment. SGC Defendants affirmatively allege that they had sold the Skinnygirl business prior to September 2, 2011 date alleged in paragraph 60, such that by that date, they were no longer engaged in any conduct vis-à-vis the Skinnygirl premixed margarita product, and therefore, had no conduct to cease.

## ANSWER TO CLASS ALLEGATIONS

61.     SGC Defendants deny the allegations and averments in paragraph 61, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

62.     SGC is without knowledge or information sufficient to form a belief as to the allegations and averments in paragraph 62, and on that basis denies each such allegation and averment.  SGC Defendants affirmatively allege that the deadline for adding parties established by order of the court has passed, and SGC Defendants reserve all objections to any effort to change or add parties or classes.

63.     SGC Defendants deny the allegations and averments in paragraph 63, except admit that plaintiff purports to bring this action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

64.     SGC Defendants deny the allegations and averments in paragraph 64, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

65.     SGC Defendants deny the allegations and averments in paragraph 65, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, as that the case would be manageable as a class action, or that any ascertainable class exists.

66.     SGC Defendants deny the allegations and averments in paragraph 66.

67.     SGC Defendants deny the allegations and averments in paragraph 67, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

68.     SGC Defendants deny the allegations and averments in paragraph 68, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

69.     SGC Defendants deny the allegations and averments in paragraph 69, except admit that plaintiff purports to bring this action as a class action and to define one or more putative classes.  SGC Defendants deny that this case is appropriate for class action treatment, or that the case would be manageable as a class action, or that any ascertainable class exists.

70.     SGC Defendants deny the allegations and averments in paragraph 70.

71.     SGC Defendants deny the allegations and averments in paragraph 71.

72.     SGC Defendants deny the allegations and averments in paragraph 72.  SGC Defendants specifically deny that any consumer who purchased the Skinnygirl premixed margarita product has been damaged in any amount or at all.

73.     SGC Defendants deny the allegations and averments in paragraph 73.

## ANSWER TO FIRST PURPORTED CAUSE OF ACTION

74.     SGC Defendants repeat, reallege and incorporate by reference their general answer and paragraphs 1-73 hereof as if set forth in full.

75.     SGC Defendants admit that plaintiff seeks to state a claim based upon Florida Stat. §§ 501.201 et seq.  SGC Defendants admit that those statutes speak for themselves.

76.     SGC Defendants are without knowledge or information sufficient to form a belief as to whether plaintiff is a consumer, and on that basis denies that allegation.  SGC Defendants admit that the Skinnygirl premixed margarita products are goods within the meaning of the Act.  SGC Defendants deny that they are engaged in commerce within the meaning of the Act.

77.     SGC Defendants admit that Florida Stat. §§ 501.204(1) is a statutory enactment that speaks for itself.

78.      SGC Defendants admit that Florida Stat. §§ 501.204(2) is a statutory enactment that speaks for itself.  SGC Defendants deny the remaining allegations and averments in paragraph 78.

79.     SGC Defendants deny the allegations and averments in paragraph 79.

80.     SGC Defendants deny the allegations and averments in paragraph 80.

81.     SGC Defendants deny the allegations and averments in paragraph 81.  SGC Defendants expressly deny that plaintiff or any other purchaser of the Skinnygirl premixed margarita product has been injured in any amount or at all.

82.     SGC Defendants admit that paragraph 82 describes the relief plaintiff seeks, but denies that plaintiff is entitled to such relief or to any relief at all.

83.     SGC Defendants deny that plaintiff or any class is entitled to damages, or attorney fees, or costs, or any relief at all.

## ANSWER TO SECOND PURPORTED CAUSE OF ACTION

84.     SGC Defendants repeat, reallege and incorporate any reference their general answer and paragraphs 1-83 hereof as if set forth in full.

85.     SGC Defendants admit that plaintiff seeks to state a claim based upon Florida Stat. §§ 817.41 et seq.  SGC Defendants admit that those statutes speak for themselves.

86.     SGC Defendants admit that Florida Stat. §§ 814.40 is a statutory enactment that speaks for itself.

87.     SGC Defendants admit that those statutes speak for themselves.

88.     SGC Defendants deny the allegations and averments in paragraph 88.

89.     SGC Defendants deny the allegations and averments in paragraph 89.

90.     SGC Defendants deny the allegations and averments in paragraph 90.

91.     SGC Defendants deny the allegations and averments in paragraph 91.  SGC Defendants further deny that plaintiff or any other purchaser of the Skinnygirl premixed margarita product has been damaged in any amount or at all.

92.     SGC Defendants deny the allegations and averments in paragraph 92.  SGC Defendants further deny that plaintiff or any other purchaser of the Skinnygirl premixed margarita product has been damaged in any amount or at all.

93.     SGC Defendants admit that paragraph 93 describes the relief plaintiff seeks, but denies that plaintiff is entitled to such relief or to any relief at all.

94.     SGC Defendants deny the allegations and averments in paragraph 94.

### ANSWER TO THIRD PURPORTED CAUSE OF ACTION

95.     SGC Defendants repeat, reallege and incorporate any reference their general answer and paragraphs 1-94 hereof as if set forth in full.

96.     SGC Defendants deny the allegations and averments in paragraph 96.

97.     SGC Defendants deny the allegations and averments in paragraph 97.

98.     SGC Defendants deny the allegations and averments in paragraph 98.

99.     SGC Defendants deny the allegations and averments in paragraph 99.  SGC Defendants further deny that plaintiff or any other purchaser of the Skinnygirl premixed margarita product has been damaged in any amount or at all.

### ANSWER TO PRAYER FOR RELIEF

AS TO PLAINTIFF'S PRAYER FOR RELIEF, SGC Defendants deny that plaintiff is entitled to any of the relief sought under any of the claims asserted in the First Amended Complaint, or at all.

### JURY DEMAND

SGC Defendants demand a jury trial for all claims and defenses that are triable to a jury.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint, and each purported cause of action set forth therein, fails to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Case Number: 0:11-cv-61965-KMW

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of any putative class alleged in the First Amended Complaint, may not be certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members have suffered no actual injury in fact, and therefore lack standing to assert any claim, whether set forth in the First Amended Complaint or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred by the doctrine of preemption, including but not limited to preemption based upon 27 U.S.C. § 205.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred by virtue of the express regulatory approval, such that any relief to plaintiff or class members would be inconsistent with regulatory oversight by bodies to whom congress has delegated such authority in furtherance of regulating interstate consumers.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred in whole, or in part, by the First Amendment to the United States Constitution and the applicable provisions under the Florida Constitution that may apply to this lawsuit and which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any statement by SGC Defendants that is alleged to be false (which SGC Defendants deny) or any omission allegedly made by SGC Defendants (which SGC Defendants deny) were not material

to a reasonable person's purchasing decision, nor detrimentally or justifiably relied upon by plaintiff or putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by applicable statutes of limitation or repose.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred because they have failed to allege a statutory claim for deceptive and unfair trade practices, or misleading advertising, upon which any form of relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' prayer for restitution and disgorgement fail, because the First Amended Complaint fails to allege facts sufficient to invoke any recovery under a theory of unjust enrichment of SGC Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any damages sought are too speculative or remote.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi-estoppel, waiver, ratification or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product distributed by SGC Defendants (including any packaging or labeling of its products)

were in compliance with all applicable governmental regulations at the time such product was distributed, and are labels had been approved in advance of distribution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members'  claims are barred, in whole or in part, as to SGC Defendants because SGC Defendants did not owe a legal duty to Plaintiff and putative class members or, if SGC Defendants owed a legal duty to Plaintiff and putative class members, SGC Defendants did not breach that duty.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with SGC Defendants, including but not limited to, any contractual privity, because plaintiff and putative class members did not buy, and could not have bought any product directly from SGC Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injuries, which injuries are denied, were not proximately caused by SGC Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members' allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely

by acts, wrongs, or omissions of persons, entities, forces, or things over which SGC Defendants had no control and for which Defendants are not legally responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and SGC Defendants are not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by SGC Defendants, if performed at all, were done in good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by SGC Defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or the putative class members are entitled to any relief, SGC Defendants are entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the Florida Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Defendants of procedural and substantive safeguards, including traditional defenses to liability.

### TWENTY -FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law, and/or because such relief is moot as to SGC Defendants by virtue of their sale of the Skinnygirl business in March 2011.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendants invoke each and every statutory and common law defense available to them under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the FAC that is recognized in that jurisdiction.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, for failure to give timely and proper notice of any claimed defect or breach of warranty with respect to SGC Defendants' products.

## **RESERVATION OF DEFENSES**

SGC Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Answer to assert any such defense. SGC Defendants also reserve their right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Florida. SGC Defendants intend to require Plaintiffs to carry their burden of proof on every element of Plaintiffs' claims. SGC Defendants therefore reserve the right to assert by motion or at trial denials as to Plaintiffs' ability to prove the required elements of their claims. In the event that any affirmative defense asserted by Defendant is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to SGC Defendants on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## **PRAYER FOR RELIEF**

WHEREFORE, SGC Defendants respectfully request that Plaintiff take nothing by way of her First Amended Complaint, that Plaintiff's First Amended Complaint be dismissed with prejudice, that judgment be entered in SGC Defendants' favor and that SGC Defendants be awarded their attorneys' fees, costs, and expenses in this Action and such other and further relief that the Court deems just and proper.

Case Number:  0:11-cv-61965-KMW

Respectfully submitted,

| | |
|---|---|
| Co-Counsel: | Counsel for Defendants SKINNY GIRL |
| Robert J. Herrington, Esquire | COCKTAILS, LLC and SGC GLOBAL, |
| California Bar No. 234417 | LLC |
| *Email: herringtonr@gtlaw.com* | |
| Rick L. Shackelford, Esquire | /s/ Jeffrey Allan Hirsch |
| *Email: shackelfordr@gtlaw.com* | Jeffrey Allan Hirsch, Esquire |
| GREENBERG TRAURIG, LLP | Florida Bar No.  199850 |
| 2450 Colorado Avenue | *Email:  hirsch@gtlaw.com* |
| Suite 400E | Kristina L. Arnsdorff, Esquire |
| Santa Monica, CA 90404 | Florida Bar No. 0040596 |
| Telephone:  (310) 586-7700 | *Email:  arnsdorffk@gtlaw.com* |
| (admitted *pro hac vice*) | GREENBERG TRAURIG, P.A. |
| | 401 East Olas Boulevard, Suite 2000 |
| | Fort Lauderdale, Florida  33301 |
| | Telephone:  954-765-0500 |
| | Facsimile:  954-765-1477 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jeffrey Allan Hirsch
JEFFREY ALLAN HIRSCH

Case Number:  0:11-cv-61965-KMW

## SERVICE LIST

***Counsel for Plaintiffs and the Class***
Stuart A. Davidson
Florida Bar No.:  084824
Email:  *sdavidson@rgrdlaw.com*
Cullin A. O'Brien
Florida Bar No. 597341
Email: *cobrien@rgrdlaw.com*
Mark J. Dearman
Florida Bar No. 982407
ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida  33432
Telephone:  561-750-3000
Facsimile:  561-750-3364

WALDEN LAW FIRM, PLLC
Ark. Bar No.  2006069
Email:  *rwalden@waldenlawfirm.com*
10121 N. Rodney Parham #5
Little Rock, AR  72227
Telephone:  501-907-7000
Facsimile:  888-220-7933

Nabil Majed Nachawati , II
Email*: mn@fnlawfirm.com*
FEARS NACHWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: 214-890-0711
*PRO HAC VICE*

R. Dean Gresham
Email: *dgresham@greshampc.com*
GRESHAM PC
2311 Cedar Springs Road,  Suite 200
Dallas, Texas 75201
Telephone: 214-420-9995
*PRO HAC VICE*

***Counsel for Beam Global Spirits and Wine, Inc.***
Benjamine Reid
Florida Bar No. 183522
E-mail*: breid@carltonfields.com*
CARLTON FIELDS, P.A.
100 S.E. Second Street, #4200
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Donald I. Strauber
Email: *dstrauber@chadbourne.com*
Mary T. Yelenick
Email*: myelenick@chadbourne.com*
Garrett S. Kamen
*Email: gkamen@chadbourne.com*
CHADBOURNE & PARKE
30 Rockefeller Plaza
New York, NY 10112
Telephone:  212-408-5100
*PRO HAC VICE*

***Counsel for Beam Global Spirits and Wine, Inc.***
Amy Lane Hurwitz
*Email: ahurwitz@carltonfields.com*
Carlton Fields
100 SE 2nd Street
Suite 4200 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 530-0055

*DEN 97,838,623v2 5-30-12*