Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Dear Mr. Dearman,

Attached is a copy of the Stipulation and Consent Protective Order of Confidentiality. We have corrected a handful a typos and, for that reason, we have also included a blackline comparing this draft to the last version circulated.

We will also have a few comments with regard to the Joint Motion for Entry of the Stipulation and Consent Protective Order of Confidentiality. We will get those to you as soon as possible.

Regards,

Garrett

**Garrett S. Kamen**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5299 | **fax** (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

> **From:** Mark Dearman [mailto:MDearman@rgrdlaw.com]
> **Sent:** Monday, May 07, 2012 3:42 PM
> **To:** Kamen, Garrett; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
> **Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
> **Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order
>
> Garrett, Defendants' revisions to the proposed protective order are acceptable to Plaintiff Greene. With Defendants' permission, I will go ahead and file the Proposed Stipulated Protective Order with the proposed Joint Motion for Entry of Protective Order. Mark
>
> **From:** Kamen, Garrett [mailto:GKamen@chadbourne.com]

**Sent:** Friday, May 04, 2012 7:41 PM
**To:** Stuart Davidson; Mark Dearman; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Dear Mr. Davidson and Mr. Dearman,

Enclosed please find a revised draft of the stipulation and proposed consent protective order. For convenience, we have also included a blackline comparing this draft to the version you circulated.

Regards,

Garrett

**Garrett S. Kamen**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5299 | **fax** (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

> **From:** Stuart Davidson [mailto:sdavidson@rgrdlaw.com]
> **Sent:** Wednesday, May 02, 2012 3:32 PM
> **To:** Kamen, Garrett; Mark Dearman; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
> **Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
> **Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order
>
> Garrett, this isn't a revised anything -- it's a completely new document. Regardless, I tried to work with it. Attached are both a clean and redline showing my changes, none of which should be controversial. My co-counsel, who is also co-counsel in the Von Kaenel case, is receiving these edits on this email, so we should be able to negotiate a similar document for that case at the same time.
>
> I understand that there are a few defendants, but that does not explain why you guys waited until you served your discovery responses to request a protective order. Whether it's called delay or something else, it is what it is.

Depending on how quickly folks on your end turn this back around to us will answer the question of whether a modification of the class certification schedule is necessary in the Greene case.

Regards,

Stu

**From:** Kamen, Garrett [mailto:GKamen@chadbourne.com]
**Sent:** Wednesday, May 02, 2012 12:56 PM
**To:** Mark Dearman; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Mr. Dearman,

A revised draft protective order is attached for your consideration. It remains subject to further comment on our end, but we wanted to provide it for your review as soon as possible.

As you can appreciate, there are a number of parties and clients on our end, and protecting confidential information raises sensitive and complex business issues. We disagree that defendants are responsible for any improper delay here. However, particularly in light of today's order on the motions to dismiss and summary judgment, we think it makes sense to discuss modifying the class certification briefing schedule via stipulation, so long as the revisions are mutually acceptable and not designed to disadvantage any of the parties, as we recently agreed to do in *Von Kaenel*.

Please let us know what you would propose about the schedule.

Regards,

Garrett

Garrett S. Kamen
Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5299 | fax (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

**From:** Mark Dearman [mailto:MDearman@rgrdlaw.com]
**Sent:** Tuesday, May 01, 2012 2:40 PM
**To:** Kamen, Garrett; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Garrett, thanks for the response but if we do not get an order entered this week, we will move to amend the class cert briefing schedule in light of defendants' delay. Regards,

Mark


**From:** Kamen, Garrett [mailto:GKamen@chadbourne.com]
**Sent:** Monday, April 30, 2012 1:48 PM
**To:** Mark Dearman; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Dear Mr. Dearman,

A draft protective order has been circulated to co-defendants, as well as our client, which we are in the process of finalizing. We will forward a copy of that protective order as soon as we have the signoff to do so.

Regards,

Garrett

**Garrett S. Kamen**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5299 | **fax** (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

**From:** Mark Dearman [mailto:MDearman@rgrdlaw.com]
**Sent:** Monday, April 30, 2012 11:54 AM
**To:** Kamen, Garrett; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Garrett, just following up on the email you sent Friday. Do you intend on circulating Defendants' comments and edits today?

> **From:** Kamen, Garrett [mailto:GKamen@chadbourne.com]
> **Sent:** Friday, April 27, 2012 2:03 PM
> **To:** Mark Dearman; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
> **Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
> **Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order
>
> Dear Mr. Dearman,
>
> We are in receipt of the proposed stipulated protective order that you circulated last evening. After we have had an opportunity to review it, we will re-circulate a proposed agreement.

Regards,

Garrett

**Garrett S. Kamen**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5299 | **fax** (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

**From:** Mark Dearman [mailto:MDearman@rgrdlaw.com]
**Sent:** Friday, April 27, 2012 1:47 PM
**To:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Kamen, Garrett; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
**Cc:** Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
**Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order

Counsel -- I have not heard back from any of you (and there are a 9 of you) in response to my email below. Please let me know today whether you have any comments to the joint motion and proposed protective order. Mark

> **From:** Mark Dearman
> **Sent:** Thursday, April 26, 2012 6:49 PM
> **To:** breid@carltonfields.com; ahurwitz@carltonfields.com; dstrauber@chadbourne.com; myelenick@chadbourne.com; gkamen@chadbourne.com; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
> **Cc:** Stuart Davidson; Cullin O'Brien; 'Rich Walden'; 'Dean Gresham'; mn@fnlawfirm.com
> **Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order
>
> Folks:
>
> While I do not understand why you waited until the filing of your responses to inform us that you required a protective order before producing documents, I am

> hopeful we can agree on the attached so we can get it filed and receive any documents early next week. Regards, Mark

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

> This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.
>
> For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

> This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.
>
> For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any

```
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

# EXHIBIT F

| | |
|---|---|
| **From:** | Kamen, Garrett <GKamen@chadbourne.com> |
| **Sent:** | Friday, May 11, 2012 2:00 PM |
| **To:** | Mark Dearman; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com |
| **Cc:** | breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com |
| **Subject:** | RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order |

Dear Mr. Dearman,

Beam intends to start a rolling production in response to plaintiff's documents requests during the week of May 21, 2012.

Regards,

Garrett

**Garrett S. Kamen**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** (212) 408-5299 | **fax** (646) 710-5299
gkamen@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/gkamen.vcf

> **From:** Mark Dearman [mailto:MDearman@rgrdlaw.com]
> **Sent:** Friday, May 11, 2012 10:16 AM
> **To:** Kamen, Garrett; Stuart Davidson; Cullin O'Brien; Rich Walden; Dean Gresham; mn@fnlawfirm.com
> **Cc:** breid@carltonfields.com; ahurwitz@carltonfields.com; Strauber, Donald; Yelenick, Mary T.; Ball, Robin D.; HirschJ@GTLAW.com; gershmanm@gtlaw.com; shackelfordr@gtlaw.com; herringtonr@gtlaw.com
> **Subject:** RE: Greene v. Skinny Girl Cocktails, LLC, et al. - Proposed Motion for Entry of Protective Order and Proposed Protective Order
>
> Garrett, when can we expect Defendants' document production? Regards,
>
> Mark J. Dearman
> Robbins Geller Rudman & Dowd LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
> Tel 561 750 3000 | Fax 561 750 3364
>
> NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and



EXHIBIT F

protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

# EXHIBIT G

From: "Cullin O'Brien" <cobrien@rgrdlaw.com>
Subject: RE: Skinny Girl -- Greene and Von Kaenel -- Good faith conference regarding redactions, marketing documents, and privilege log
Date: July 9, 2012 12:34:25 PM CDT
To: "Samalin, Michael" <MSamalin@chadbourne.com>
Cc: "Stuart Davidson" <sdavidson@rgrdlaw.com>, "Mark Dearman" <MDearman@rgrdlaw.com>, <rwalden@waldenlawfirm.com>, <mn@fnlawfirm.com>, "Dean Gresham" <Dean@paynemitchell.com>, "Ball, Robin D." <RBall@chadbourne.com>, "Yelenick, Mary T." <MYelenick@chadbourne.com>

Mike. We just spoke. This is where I understand we are:

Issue #1. You will completely unredact bates 2218.

Issue #2. You will partially unredact bates 2219, but not the "figure" in the equation. Plaintiff Greene will move to compel that figure forthwith based on, inter alia, what is stated in this email chain.

Issue #3: There appears to be a contract between your client and third party market research providers. The contract appears to govern the production of marketing materials during litigation. You are in the process but have not yet sent notice to the third party providers who conducted market research that your client wishes to produce the market research in this litigation. As of yet, your client has not authorized sending the third party market research providers that contractual notice and has not yet even agreed to produce the market research, although you are counseling your client on the issue. Right now, you won't give me the names of the third party providers who conducted market research so that Plaintiff can serve document and deposition subpoenas on them, independent of the discovery on your client. Right now, you can't promise me that you will produce the market research or give me the names of the third party market research providers. I told you that I am concerned by this, including the lag on giving contractual notice since the requested materials are directly responsive to Plaintiff's 1st RFP # 12, inter alia, which was served way back on March 9, 2012. I explained to you that I believe that your client should have sent the contractual notice a long time ago, as well as explaining the resultant prejudice to Plaintiff by this lag and the non-production, especially since class certification briefing is underway. If, by 5pm today, I don't hear back from you telling me that you will produce the market research by this Friday and give me the names of the third party providers by this Friday, we will file a motion to compel forthwith. You told me you will do your best to moot the motion to compel. Be advised that, given the rapidly-approaching deadlines, the motion to compel will seek emergency relief.

Issue #4: You have agreed to provide a rolling basis privilege log by this Friday.

Regards,

Cullin

**From:** Cullin O'Brien
**Sent:** Friday, July 06, 2012 4:38 PM
**To:** Samalin, Michael
**Cc:** Stuart Davidson; Mark Dearman; rwalden@waldenlawfirm.com; mn@fnlawfirm.com; Dean Gresham; Ball, Robin D.; Yelenick, Mary T.
**Subject:** Re: Skinny Girl -- Greene and Von Kaenel -- Good faith conference regarding redactions, marketing documents, and privilege log

Mike. With all due respect, there is not more to say on this. The log and the market research should have already been produced. You have our position on the bates labelled documents. You were competent enough on the call to both describe the issues with respect to the timing of the development of defendants' log, including production on a rolling basis, and regarding the consumer research data from the third party(ies). Don't feign incompetence now and foist blame on someone else's absence. Your firm is a worldwide law firm. This information you owe us goes directly to class certification issues before the court. Plaintiffs are severely prejudiced by defendants' non production. This isn't rocket science. Defendants are not supposed to sandbag critical information especially with the timing constraints of the cases and the pending class certification briefing. Either you will agree to produce the materials in a week or not. Either you will let me know at 1pm on Monday when I call you or not. And if you don't we will seek emergency relief. Save your form over substance and, frankly, vacuous meet and confer arguments for a response brief to the imminent motion to compel. There is no time for games. Talk to you at 1pm on Monday. Regards, Cullin

On Jul 6, 2012, at 4:13 PM, "Samalin, Michael" <MSamalin@chadbourne.com> wrote:



Cullen,

Your email varies in a number of ways from our conversation yesterday. I will not attempt to catalogue them all here.

We met and conferred yesterday solely on the subject of redactions on two pages of one of Beam's marketing documents.

First, we agreed to produce a revised version of the page Beam_GR_000002219 so that you can see the bulk of the content. That document is attached. The redacted portion is a number that represents a projection of a dollar amount. We did not tell you that it was "projected sales data." We further note that it refers not to projected sales, or even to projected profits, but to the potential impact of sales on market cap. Your arguments that this information is somehow relevant appear to us to be simply mistaken; we are, however, reviewing the case law that you forwarded yesterday.

Second, Beam_GR_000002218 has redacted competitively sensitive information concerning the launch of new products. The material redacted is not relevant to this case, nor reasonably calculated to lead to the discovery of admissible evidence. None of the information on this page speaks to what you refer to as an "'All Natural'/100% Natural vibe." We are currently reviewing that information further to see if it remains competitively sensitive.

On the call, you raised for the first time the issue of a privilege log, and we agreed to get back to you on Monday July 9 with more information about the timing for a log, though we made clear that we might not be able to give you a date Monday, depending upon when we are able to speak to the responsible partner on the topic (who is on vacation until Monday). Yesterday's call was not a meet and confer on the log (nor did you suggest otherwise during the call), and it does not, as you now assert, meet the requirements for a meet and confer under local rules, although we are happy to schedule one with you on that topic. I note that plaintiffs in Greene and Von Kaenel have not produced privilege logs nor made any representations regarding their intentions to produce logs. With all due respect, our desire to discuss the newly raised issue with the responsible partner after her return from the holiday on Monday is entirely appropriate, and we note that you were entirely agreeable to this in our conversation.

On the call, you also raised for the first time the issue of production of consumer research reports. We agreed that would look into the issue and get you the status of those documents on Monday July 9. Again, our call was not a meet and confer on that newly raised issue (nor did you suggest otherwise in our conversation), and would not comply with local rule requirements. We are, however, happy to meet and confer with you about this matter as well.

Regards,

Mike

**Michael Samalin**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1141 | **fax** 646-710-1141
msamalin@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/msamalin.vcf

---

**From:** Cullin O'Brien [mailto:cobrien@rgrdlaw.com]
**Sent:** Thursday, July 05, 2012 5:40 PM
**To:** Ball, Robin D.; Samalin, Michael; Yelenick, Mary T.
**Cc:** Stuart Davidson; Mark Dearman; rwalden@waldenlawfirm.com; mn@fnlawfirm.com; Dean Gresham
**Subject:** Skinny Girl -- Greene and Von Kaenel -- Good faith conference regarding redactions, marketing documents, and privilege log
**Importance:** High

Robin and Mike,

Here is a brief summary of where we are as a result of the call we just had. I am altering you to demands I am making below regarding marketing documents and privilege logs, as plaintiffs will be moving to compel forthwith if these demands are not met. This is the good faith conference under the local rules. Because of the pressing deadlines and because class certification briefing is already underway, we are severely prejudiced without the marketing documents and privilege log having been produced. Obviously, we anticipate conducting substantial other discovery from the marketing documents, and anticipate litigating your privilege log objections. We need sufficient time to be able to do that, and your non production is severely prejudicing us. There should be no further delay if you are going to produce these items. If you are not, we need to take this up with the court immediately. The local rules governing the *Greene* and *Von Kaenel* matters don't require more for us to say to get this issue ripe -- so, respectfully, I know you were citing "meet and confer" obligations on the phone, but I don't want you to respond to this email trying to exalt form over substance. Also, I know that Mary is out of town, but your worldwide law firm is too well-staffed to have any timing issues being blamed on any one person's vacation schedule. Either you are going to produce the items by the time frames demanded below, or we are going to court. And by your response to this email, or lack thereof, we will know which it is going to be by 1pm Monday, July 9, 2012 when I call Mike at 212 408 1141.

**Issue #1:** You will not be unredacting Beam_GR_000002218 because (according to you) the not-yet-to-market products described on the page are privileged.

**My response to Issue #1:** Show me the privilege log by 5pm on Friday, July 13, 2012 because if, among other things, the not-yet-to-market products flow from the "All Natural" / 100% Natural vibe inherent within the margarita product advertising, it is probative of how much of a purchase intent driver this vibe was for the margarita product, and thus, we will litigate the redaction.

**Issue #2:** You will be partially unredacting Beam_GR_000002219, except not for projected sales data because (according to you) this data is irrelevant/privileged.

**My response to Issue #2:** Irrelevancy is not a basis to redact materials. The data is relevant for many reasons. Here are just a few of them: The data is relevant to the punitive damages relief in *Greene* under the False Advertising claim, including motive. The data is relevant to the punitive damages relief in *Von Kaenel* for the CLRA claim, including motive. The data is relevant to the damages relief under FDUTPA and express warranty, under, among other reasons, a "flexibility

theory" of damages. *Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1467 (11th Cir. 1989). The data is relevant to the restitutionary/equitable relief under the CLRA and UCL claim -- see the attached papers from the *Global Vision* litigation.

**Issue #3:** You have marketing data you have not produced. You are having issues with the third party(ies) who apparently was(were) hired to conduct the marketing research, as the third party(ies) apparently question whether there is a contract prohibiting production to us during litigation. You anticipate producing the marketing documents but are not sure. You are going to let me know either way on whether you will produce by 1pm on Monday, July 9, 2012.

**My response to Issue #3:** This is a very, very problematic dilemma. We absolutely need those marketing documents (including so that we can conduct further discovery) and it is crystal clear that it would be relevant to the class certification issues before the court in *Greene* on the False Advertising count and *Von Kaenel* on the CLRA count. If you aren't going to produce the documents, I need to know the name of the third party(ies) by 1pm on Monday July 9, 2012 so that I can both serve subpoenas on the third party(ies) and simultaneously move the Court to force you to produce the documents. If you are going to produce the documents, I also need to know by 1pm on Monday July 9, 2012 and, if so, we need the documents by 5pm on Friday, July 13, 2012. Otherwise, we will move to compel the documents from you, if you do not agree to produce them by 5pm on Friday July 13, 2012. If these marketing documents address issues already raised in our class certification briefs, we already have been severely prejudiced by the selective non-production thus far and require immediate production by 5pm on Friday, July 13, 2012 to prevent further prejudice. As stated above, the marketing documents will likely engender further discovery on the information revealed, including but not limited to discovery on the third party(ies) and key representatives of defendants who interpreted/gathered the marketing information.

**Issue #4:** You have not provided a privilege log. I have asked you to provide one, including immediately on a rolling basis. You are going to let me know by 1pm on Monday, July 9, 2012 about your position on producing a privilege log.

**My response to Issue #4:** This is a very, very problematic dilemma. As evidenced by Issues #1 and 2 above, you may have improperly withheld documents/information in response to valid discovery requests. As evidenced by Issue #3 above, the non-production of a privilege log severely prejudices us regarding any information that pertains to class certification issues before the court and other issues, as the deadlines of this case are fast approaching. In other to prevent further severe prejudice, you must produce a rolling basis privilege log by 5pm on Friday July 13, 2012. Otherwise we will move to compel.

**HERE IS THE BOTTOM LINE:** I will call Mike at 1pm on Monday, July 9, 2012 at 212 408 1141. If, by 1pm on Monday, July 9, 2012, you agree to produce the marketing documents by 5pm on Friday, July 13, 2012, we won't have to litigate that issue. If, by 1pm on Monday July 9, 2012, you agree to produce a rolling basis privilege log by 5pm on Friday, July 13, 2012, we won't have to litigate that issue. Any other position you take will result in immediate, emergency motions to compel.

Regards,
<image001.png>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com
<BEAM_VK_000002219.tif>
<BEAM_GR_000002219.tif>